# EXHIBIT 1

23-1 1 8 0 1 5 CC 05

IN THE COUNTY COURT IN AND FOR THE 11TH JUDICIAL CIRCUIT   IN AND FOR
MIAMI-DADE COUNTY

JOHN MONTFORD,

               Plaintiff,

VS.

) Violations of the Florida Constitution

) under article one (1) section two (2) &

) nine (9) and 42 U.S.C. 1983 and 1985

U. S. 11th CIRCUIT JUDGES: William PRYOR, R. Lanier ANDERSON, Gerald TJOFLAT, Rosemary BARKETT, Stanley BIRCH, Edward CARNES, Joel DUBINA, James EDMONDSON, Joseph FARINA, Frank HULL, Charles WILSON, William ZLOCH; & CIRCUIT CLERK James CARUSO and David SMITH in their individual and official capacity; U. S. 11th Circuit DISTRICT COURT JUDGES: Federico MORENO, Marcia COOKE, Joan LENARD and Jose MARTINEZ; MAGISTRATES: Robert DUBE; and Ted BANDSTRA in their individual and official capacity; MIAMI-DADE COUNTY; MIAMI-DADE POLICE DEPARTMENT; the CITY OF CORAL GABLES; CORAL GABLES POLICE DEPARTMENT; American Arbitration Assoc.; Magnetic Resonance Institute; SEN. MARCO RUBIO; CONGRESSWOMAN FREDERICA WILSON; et al.

               Defendant(s)

**COMPLAINT**

1.    This complaint is against the most evil court crime of all time. Truly abominable.

2.    This is to get the Case Proving evidence or the *GUILTY VERDICTS* that the LAW required to be disclosed 30 years ago if not for this LYING, LAW Breaking Conspiracy used by these Racist Judges.

3.    To this concern, our Florida Constitution under Article one (1) section two (2) and nine (9) holds: "LYING Judges that break LAWS to fix cases shall have no places in our judicial branch".

4.    Judges refuse to obey the Superior Court Discovery and Fact Finding Orders in U.S. 11th Circuit "Mandate" no. 98-5186 and thereby the LAWS required by every related complaint **("Mandate").**

5.    These judges robbed Plaintiff from obtaining an attorney with the GUILTY Verdicts in hand.

6.    The Mandate required GUILTY Verdicts to be issued against: (a) Dade for responding to a Subpoena Order by refusing/failing to disclose what it argued to make clear was the Exculpatory/Case Proving Evidence; and (b) the Judges for taking part in Continuing this Fraudulent Concealment by most illegally LYING and refusing to obey seven (7) Motions to Compel **("the LAW")** and then this Mandate.

7.    **As further proven on 5/24/23, same as every prior judge, on 1/19/22 Judge Pryor broke more LAWS with his LYING review of the Mandate and then with the most uncivilized/evil nerve he agreed in the boldest, bragging fashion that they are encouraged/allowed to be *RACIST* and FIX CASES.**

8.    This is a suit in equity authorized/instituted in how these Judges have made trash out of these Superior Court Orders; the Laws; Judicial Oath; and thereby our Constitution that governs them.

*JURISDICTION*  9.    Jurisdiction of this Court is invoked by the Florida Constitution under Article I Section two (2) and nine (9), respectively, that holds: no person shall be deprived of Life, Liberty or Property without due process of LAW;

due process of LAW; and/or subjected to *RACISM; and* by refusing to obey the Mandate and LYING these defendants are GUILTY of this and so many more criminal acts to infinity.

*VENUE*

10.     This action properly Lies in the Southern District of Florida pursuant to Florida Statute 47.011 because the Court Crimes committed through-out this LYING Spree of a Court Conspiracy started in the Miami District of the U. S. 11th Circuit Courts.

*IRREFUTABLE PROOF THAT THESE ARE LYING, LAW BREAKING JUDGES*

11.     To this concern and for sake of brevity, exhibit(s) **("ex.")** are jointly filed and referenced.

12.     Notwithstanding the evidence, when what is highlighted on pages 3-5 of the Mandate at exhibit one (1) is subjected to mandatory application of the LAWS required by rule one (1); 8(b)(6); and 37(b)(2)(A)(i) of the Federal Rules of Civil Procedure **("FRCP"),** this irrefutably proves that:

    a)     the employee attendance records turned on proving Plaintiff's entire lawsuit;

    b)     a Subpoena Order required these records to be disclosed without exception;

    c)     Dade and CMI through Anderson[1] , respectively, and Sevier[2] responded to the Discovery Orders by Fraudulently Concealing the Employee Attendance records **("the Concealment");**

    d)     Fact Finding was ordered to determine Retaliation and basically every charge in the first Lawsuit (11th Circuit case number 93-2335 **(Montford 1 ("M1"))** based upon the Concealment;

    e)     legal formulas were explained and ordered to be applied to the determined facts; and

    f)     the closing statement to the Mandate is: **"this appears to at least state a claim under 1985, enough to justify remand and possible further discovery and a required response from the defendants".**

13.     The above; seven (7) Motions to Compel (below); related complaints; and jointly filed exhibits **("the Mandate"), required GUILTY Verdicts to be issued as a must with no exception.**

---

[1] Carol Ann Anderson **("Anderson")**: is a White female who is charged individually and as Defense attorney for Dade County through-out the first LAWSUIT number 93-2335 **(Montford 1 ("M1")).**

[2] Dwayne Sevier **("Sevier"):** is a White male who is charged individually and as Manager/Director with CMI.

14.    Same as every prior Judge, on 9/28/18, Judge Pryor[3] issued his Judicial Misconduct Order that LIES by ignoring all of the above as is proven by the highlighted section of his Dismissal Order at exhibit five (5) on page two (2).

15.    By LAW, under FRCP rule one (1), Pryor's Dismissal Order is an INTENTIONAL LIE and does break LAWS because:

   (a) Mandates are not subjects for interpretation but must be fulfilled for what is expressed and implied and not after more orders are issued to do so;

   (b) these Superior Court Orders supersede all reasons ever used for dismissal; and

   (c) these Superior Court Orders are the sole reasons that justify the filing of the second lawsuit and every complaint thereafter.

16.    Each Judge most illegally worked with attorneys by LYING and breaking LAWS ("Cover-Up tactic") to the extent they helped Dade escape prosecution for the most obvious Racism and GUILT.

17.    Notwithstanding the Mandate that proves every Criminal Conspiracy charge to infinity, the Cover-Up tactics do as well because they result in not one (1) of the sworn charges ever being denied.

*GENERAL ALLEGATION*

18.    Plaintiff John Montford[4] Pro Se is a Black Man that was hired to work for Dade County[5] as a Clerk II through Miami Dade Water and Sewer in or around January 1984;

19.    Plaintiff was promoted to work under supervisor Mike Cole[6] as an Inventory Clerk from October 6, 1988 till around April 1990;

---

[3] Judge William Pryor (**"Pryor"**): is a White male who is charged individually and as Circuit Court Judge.
[4] Plaintiff, John Montford Pro Se is a Black American citizen whom at the time of the allegations was: a) Inventory Clerk during the Battery Issues; (b) Deputy Sheriff/Court Service Officer 1 during remaining employment; and (c) pro se litigant during Court Issues.
[5] Miami-Dade County Government (**"Dade"**): Since at least 1960 till present has been and still is a Government agency doing business in the state of Florida, County of Dade, by serving the general public and has continuously employed more than 25 employees. Dade also does business as the Miami-Dade Police Department ("**MDPD**").
[6] Mr. Mike Cole is a White male who at the time of these allegations held the position of Supervisor with Dade.

20.     Around December 1988, Plaintiff filed a Police report against Cole for BATTERY and Grieved this as well as deprivation of: break time; full pay; and other Racist treatment **("acts of battery")**;

21.     The Grievances and official Police Report Plaintiff filed with Dade to address the acts of Battery were handled by Fred "**Taylor**"; Kathy "**Patterson**"; Everett "**Abernathy**"; and Vicki "**Todaro**"[7];

22.     Each of the individuals stated above basically said they could not do anything about the battery because the witnesses they spoke with did not confirm the charges;

23.     On April 15, 1990, Plaintiff was promoted to Court Service Officer wherein he was injured in an on the job car accident due to one (1) of Dade's malfunctioning red lights on or around August 1990;

24.     November 1990 or thereabouts, Plaintiff hired a Workers Compensation Attorney to help with his deprived medical needs and a Worker's Compensation Lawsuit was filed in or around January 1991;

25.     February 1991 or thereabouts, Coral Gables Police Department **("CGPD")**[8] arrested Plaintiff for allegedly cashing a forged check during his MDPD scheduled work hours, via an order from D. Colbert[9];

26.     Respectively, Standard Operating Procedure for CGPD and MDPD required them to include findings from Plaintiff's time sheets for the day in question prior to making any arrest or termination;

27.     The above was further emphasized by the Bank and State Attorney saying no charges against Plaintiff were being pursued because the identification policy was not fully fulfilled wherefore it was uncertain who actually cashed the check;

28.     According to Commander Linda Blue[10] **("Blue")**, Plaintiff was restricted to office duties until investigation of this alleged crime was done;

---

[7] Each of these individuals that claim to have taken part in the Battery Investigation is White.
[8] City of Coral Gables, since at least 1960 till present has been and still is a Government agency doing business in the state of Florida, County of Dade, by serving the general public and has continuously employed more than 25 employees.  Coral Gables also does business as the Coral Gables Police Department **("CGPD")**.
[9] Dennis Colbert **("Colbert")**: is a white male ex-MDPD officer who is charged individually and as Police Officer with CGPD.
[10] Commander Linda Blue **("Blue")** is a White female who is charged individually and as Commander in charge over Plaintiff.

29.     August 1991 or thereabout, Plaintiff filed an E.E.O.C. charge against Dade for Racist treatment;

30.     February 11, 1992, Dade terminates Plaintiff saying based upon their investigation they feel he cashed the forged check at 4:30 p.m. on October 15, 1990 ("alleged Crime");

31.     Weeks prior to the termination Dade through Jimenez[11] and Conover[12] responded to two (2) of several unresolved Grievances by agreeing to disclose the time sheets in question and give answer to the ostracism charges but these and other  grievances were left in permanent pending status;

32.     May 1, 1992 or thereabouts, at the Unemployment Appeal's hearing Attorney Mark Deutsch ("Deutsch")[13] argued that Plaintiff was terminated for threatening an employee as grounds to deny Unemployment Compensation and the Compensation was further delayed until October 1992;

33.     At the heart of the above charge was the still pending Grievance Plaintiff filed for being told he was ostracized by management and anyone caught talking to him would lose their job.  Thereafter, he was suspended for allegedly threatening the same employee that told him about the ostracism.

34.     Around July 1992 the employment termination hearing was held before American Arbitration Association[14] Hearing Officer, Leslie Langbein ("Langbein")[15], wherein upon Plaintiff's arrival she told Plaintiff they had just gotten started and basically said nothing at all;

35.     November 1993, Plaintiff timely files case no. 93-2335 (Montford 1 ("M1")) after receipt of the EEOC right to Sue letter and Judge Moreno[16] is hand selected by the Clerk as the Presiding Judge;

36.     During M1, Dade responded to: a Scheduling Order; three Subpoenas; and Court Subpoena Order; by refusing to disclose the time sheets for the date in question among other material evidence;

---

[11] Dorothy Jimenez ("Jimenez") is a white female who is charged individually and Plaintiff's supervisor for MDPD.
[12] Richard Conover ("Conover") is a white male who is charged individually and as Sargent/Supervisor over Plaintiff.
[13] Mark Deutsch ("Deutsch") is a white male who is charged individually and as attorney for Dade.
[14] American Arbitration Association ("AAA") is the company Dade used in this case to decide the termination grievance.
[15] Leslie "Langbein" is a white female from AAA who is charged individually and as judge/mediator for the appeal hearing.
[16] Judge Federico A. Moreno: is a white male district Judge for the Southern District of Florida, Miami Division, who presided over M1 and replaced Lenard to preside over M2 even though there is no documentation showing the reasons for it.

37.   During M1, CMI/MRI[17] responded to: a Court Subpoena Order; and a Subpoena by refusing to disclose all records of communication with Dade County concerning the Medical appointment Plaintiff missed the day of the alleged crime;

38.   Moreno responded to seven (7) Motions to Compel by failing and thereby refusing to apply the Discovery rules of LAW whereby he helped to continue concealment of the most material evidence;

39.   February 7, 1996, Moreno responds to Plaintiffs' second Motion to halt proceedings; Compel Disclosure; allow an Amended Complaint based upon that Disclosure; and/or Order Contempt, with a Dismissal Order by saying Plaintiff is acting from delay;

40.   April 23, 1998, Circuit Judges Anderson[18], Tjoflat[19] and Barkett[20] Dismissed the Rehearing Appeal for M1 with not one (1) comment to the Uncontroverted Concealment related arguments;

41.   During M1, Plaintiff earned and tried to use every existing type of Court Discovery instrument that made disclosure of the Time Sheets in question an inalienable right **("Discovery LAWS");**

42.   The M1 Judges responded to the Discovery LAWS by making certain Plaintiff got nothing at all;

43.   Each of these Judges are required to be thrown in prison for falsifying official documents.

44.   June 9, 1998, Lawsuit 98-1305 **(Montford 2 ("M2"))** is filed to get the Discovery LAWS from M1 obeyed and Judge Joan Lenard is assigned to preside;

45.   June 29, 1999, the Mandate is issued requiring: (a) the Discovery LAWS to be obeyed; (b) the GUILTY Verdicts explained above to be issued; (c) Dade to respond to Concealment Charges; and (d) further discovery **("Superior Court Discovery Orders");**

46.   As soon as it was known that the M1 Judges gained illegal access to M2, Plaintiff demanded their Recusal for Racial Bias by LAW under 28 USC 144 and 455 **("144")** because the Mandate required

---

[17] CMI: Central Magnetic Imaging ("CMI" is the parent company of Magnetic Resonance Imaging **("MRI")**. MRI at the time of the allegations employed Dwayne Sevier, conducting medical imaging business in the state of Florida county of Dade and was under contract with Dade County (evidence exhibit 1 page 3).

[18] Circuit Judge R. Lanier Anderson III is a white male 11th Circuit Judge that took part in affirming Dismissal of MI and MII.

[19] Circuit Judge Gerald Bard Tjoflat is a white male 11th Circuit Judge that took part in affirming Dismissal of MI and MII.

[20] Circuit Judge Rosemary Barkett is a white female 11th Circuit Judge that took part in affirming Dismissal of MI.

the same Discovery LAWS they refused to obey to finally be obeyed;

47.     The M1 Judges responded to the Recusal Motions by applying their LYING Cover-Up tactics and Dismissed M2 by refusing to obey or simply mention the Superior Court Discovery Orders;

48.     Each of the following subsequent Lawsuits were filed to get the Superior Court Discovery Orders obeyed: 98-1305, 03-23144, 06-20638 and 08-21778;

49.     Respectively, the District Judges were Lenard[21]/Moreno, Lenard, Martinez[22] and Marcia Cooke[23];

50.     The Circuit Judges presiding over the appeals were: Tjoflat, Anderson, Birch[24], Hull[25], Wilson[26], Carnes[27], Barkett and Dubina[28];

51.     The Judges responded to the Superior Court Discovery Orders with their LYING Cover-Up tactic;

52.     From 2003 to 2021 Plaintiff repeatedly filed Judicial Misconduct Complaints to get the Superior Court Discovery Orders obeyed and have every judge involved jailed for taking part in this Rank Insubordination; Obstruction of Justice; Criminal Negligence; and Racial Animus;

53.     The most important thing concerning every Misconduct Complaint is they have always been against the Judges for refusing to obey: The Superior Court Discovery Orders and every LAW involved;

54.     Each of these Misconduct Complaints were subjected to the LYING Cover-Up tactic by the following Circuit Judges: Birch, Hull, Wilson, Carnes, Edmondson[29], Farina[30], Zloch[31] and Dubina;

---

[21] Judge Joan A. Lenard (**"Lenard"**) is a white female who is charged individually and as District Judge.
[22] Judge Jose E. Martinez (**"Martinez"**) is a white male who is charged individually and as District Judge.
[23] Judge Marcia G. Cooke (**"Cooke"**) is a black female who is charged individually and as District Judge.
[24] Stanley F. Birch Jr. (**"Birch"**) is a white male who is charged individually and as Circuit Judge.
[25] Frank M. Hull (**"Hull"**) is a white male who is charged individually and as Circuit Judge.
[26] Charles R. Wilson (**"Wilson"**) is a white male who is charged individually and as Circuit Judge.
[27] Edward Carnes (**"Carnes"**) is a white male who is charged individually and as Circuit Judge.
[28] Joel F. Dubina (**"Dubina"**) is a white male who is charged individually and as Circuit Judge.
[29] J. L. Edmondson (**"Edmondson"**) is a white male who is charged individually and as Circuit Judge.
[30] Joseph P. Farina (**"Farina"**) is a white male who is charged individually and as Circuit Judge.
[31] William J. Zloch (**"Zloch"**) is a white male who is charged individually and as Circuit Judge.

55.    The Judicial Misconduct Complaint numbers are: 03-0013; 03-0098; 11-10-90123; 11-14-90023; 11-15-90158; 11-16-90032; 11-17-90042; 11-18-90013 through 11-18-90024; and the last of the 11-18-90013 supplemental arguments that were filed 12/15/21;

56.    January 19, 2021 Pryor responded by applying the LYING Cover-Up tactics and barred any further lawsuits and/or complaints to be filed against these never answered criminal charges;

57.    From January 2020 through around May 2023 Plaintiff filed and requested Congresswoman Frederica Wilson and Senator Marco Rubio to forward the evidence and request to have the LAWS obeyed to the House Judiciary Committee **("HJC")** as instructed by HJC Clerks;

58.    From before 2008 until on or around May 24, 2023 Plaintiff has asked for the U. S. Department of Justice Civil Rights Division **("DOJ")** to stop this RACISM and have the Superior Court Discovery Orders obeyed;

59.    May 24, 2023 the DOJ finally responded with references that resulted in filing this complaint in this court;

60.    Florida Statute 768 has been fulfilled as required enabling the government entities involved to be sued and monetary damages against them enforced;

61.    Dade success at the concealment proves they LIE and fix cases against innocent employees similarly situated to Plaintiff **("Racist LYING Policy");**

62.    The Defendants Denied Plaintiff his Constitutional rights willfully, knowingly, intentionally, with Malice and reckless indifference to Plaintiffs' federally and state protected rights;

63.    At all times material hereto the Defendants have acted under color, custom or usage of Law and the laws of the State of Florida and/or the 11th Circuit and continue to so act;

64.    The Plaintiff has no plain adequate or complete remedy at law to redress the wrongs alleged and this suit to address the: criminal acts that occurred mostly in court; and Constitutional Rights that were violated is the only means of securing adequate relief;

65.    Plaintiff is now suffering and continuously suffering irreparable injury from the violations;

66.     As a result of Defendants actions, Plaintiff has suffered: an arrest based upon RACIAL Animus; Wrongful Denial of Court Rights and a lifelong ambition for a career as Police Officer or at least Court Service Officer; Deprivation of Character; Distress; Humiliation; Pain; Mental Anguish; Out of Pocket Expense; Embarrassment; and Physical and Emotional Trauma necessitating Medical care/treatment;

## COUNT I
## FORCED TO WORK IN A RACIALLY HOSTILE WORK ENFIRONMENT THROUGH BATTERY RELATED FRAUD IN VIOLATION OF 42 U.S.C. 1983

67.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-66 as if fully set forth herein;

68.     Motivated by Plaintiff's race being Black, Dade applied their Racist LYING policy to the Battery investigation;

69.     September 1995 or thereabouts, Dade's Disclosure of Cole's sworn testimony reveals/confirms he admitted to the intentional physical contact Plaintiff complained about;

70.     Dade responded to the battery charges by applying its RACIST LYING Policy in that they did not:

(a)     tell Plaintiff the above;

(b)     at least warn Cole in a manner to discourage further acts of battery; and/or

(c)     include interviewing Ralph Pratt and the daily delivery woman from the City of Miami's Police department that Plaintiff identified as witnesses;

71.     January 20, 1989, Abernathy[32] and Todaro[33] claimed they could not address the Battery Police Report because they had no witnesses to the physical contact; and

72.     March 22, 1989, till around April 1990, complaints against more aggressive acts of Battery went ignored up the chain of command from Patterson[34] to Taylor[35];

---

[32] Everett W. Abernathy ("Abernathy") is a white male who is charged individually and as investigative officer with MDPD.
[33] Vicki Todaro ("Todaro") is a white female who is charged individually and as investigative officer with MDPD.

73.     At the Very Least Due Process required Dade to stop the physical contact and obey the LAW;

74.     Thereby, according to this custom/practice, Dade left Plaintiff: subject to Repeated acts of Battery; Deprived of employment terms and conditions; and thereby forced to work in a Racially Hostile environment because of his race being Black in violation of the 14th amendment and thereby 42 U.S.C. 1983;

        WHEREFORE, as required by Law, Plaintiff Demands:

   A.    Preliminarily and permanently enjoining and restraining Defendants from engaging in Racial Discrimination, promoting a Racially Hostile work environment and LYING to cover-up these conditions for concern of minorities in general, blacks in particular and Plaintiff most particularly;

   B.    Awarding Plaintiff punitive and compensatory damages against Dade, Abernathy, Cole, Todaro, Patterson and Taylor;

   C.    Awarding Plaintiff Reasonable Attorney fees and cost incurred in this actions according to 42 U.S.C. 1988;

   D.    Ordering such additional equitable relief as is proper and just; and

   E.    Trial by Jury.

## COUNT II
## CONSPIRACY TO COMMIT BATTERY RELATED FRAUD in VIOLATION OF 42 U.S.C. 1985

75.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-66 as if fully set forth herein;

76.     Motivated by Plaintiff's race being Black, Dade CONSPIRED to apply their Racist LYING policy to the Battery investigation;

77.     September 1995 or thereabouts, Dade's Disclosure of Cole's sworn testimony reveals/confirms he admitted to the intentional physical contact Plaintiff complained about;

---

[34] Kathy Patterson **("Patterson")** is a white female who is charged individually as Investigative officer/Sergeant with MDPD.
[35] Fred Taylor **("Taylor")** is a white male who is charged individually and as Director with MDPD.

78.     Abernathy, Todaro, Patterson and Taylor conspired to leave Plaintiff with the impression that until if and when he had a witness that would tell the truth concerning future acts of battery he just had to take the abuse;

79.     March 22, 1989, till around April 1990, Plaintiff was subjected to more aggressive acts of battery;

80.     Considering the witnesses were all white and friends of Cole, Plaintiff reluctantly filed grievances against these acts of battery;

81.     By Dade ignoring these Grievances, it became more discouraging to Plaintiff;

82.     Therefore, as a result of this Conspiracy to subject the battery charges to this Racist LYING policy, Cole subjected Plaintiff to a Racially hostile work environment by repeatedly battering him; Motivated by Plaintiffs' race, Abernathy, Todaro, Patterson and Taylor, conspired in their failure to address the charges for the purpose of depriving him of equal protection of the laws, thus depriving Plaintiff of his rights to redress in violation of the 14th amendment and thereby 42 U.S.C. 1985(3);

        WHEREFORE, as required by Law, Plaintiff Demands:

    A.  Preliminarily and permanently enjoining and restraining Defendants from engaging in Racial Discrimination, promoting a Racially Hostile work environment and LYING to cover-up these conditions for concern of minorities in general, blacks in particular and Plaintiff most particularly;

    B.  Awarding Plaintiff punitive and compensatory damages against Dade, Abernathy, Cole, Todaro, Patterson and Taylor;

    C.  Awarding Plaintiff Reasonable Attorney fees and cost incurred in this actions according to 42 U.S.C. 1988;

    D.  Ordering such additional equitable relief as is proper and just; and

    E.  Trial by Jury.

### COUNT III
### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT
### (as amended by the Civil Rights act of 1991)

83.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-66 as if fully set forth herein;

84.    Plaintiff is an American with Disability, diagnosed with nine (9) percent permanent disability through his back, neck and head injuries sustained during a car accident while working on August 23, 1990;

85.    Plaintiff has a physical impairment that substantially limits one (1) or more of his major life activities and has a record of such impairment;

86.    Plaintiff is: a qualified individual with a disability as the term is defined in the American with Disabilities Acts as Amended by the Civil rights act of 1991, and with reasonable accommodations and occasional reasonable care (already agreed to be provided by Dade can perform his Court Service Officer ("CSO") duties;

87.    Concerning the Terms and conditions of employment, from around March 1991 to November 1992 Dade discriminated against Plaintiff by acts of the following:

    (i)    Grob[36]; Dunn[37]; Hoffman[38]; Pedersen[39]; and Internal Affairs;

    (ii)    Jimenez; Mc Neil[40]; Conover; Blue[41]; Montalbane[42]; Brady[43]; Taylor; Davis[44]; Poley[45]; Avino[46]; Deutsch; and Anderson;

88.    Because of Plaintiffs' Disability; Worker's Compensation lawsuit; and Opposition to Medical Care Deprivations, through the individuals indicated above, Dade:

---

[36] Evan Grob (**"Grob"**) Is a white male who is charged individually and as Workers Comp. Attorney for Dade
[37] James T. Dunn (**"Dunn"**) is a white male who is charged individually and as Lieutenant in charge of Hoffman and Jimenez.
[38] Barry Hoffman (**"Hoffman"**) is a white male who is charged individually and as Sergeant in charge of Jimenez;
[39] Karen Pedersen (**"Pedersen"**) is a white female who is charged individually and as Sergeant investigating the fraud check.
[40] John Mc Neil (**"Mc Neil"**) is a white male who is charged individually and as Sergeant in charge of processing correct pay.
[41] Linda Blue (**"Blue"**) is a white female who is charged individually and as Commander in charge of Dunn and subordinates.
[42] Fran Montalbane (**"Montalbane"**) is a white female who is charged individually and as secretary to Taylor.
[43] Leonard Brady (**"Brady"**) is a black male who is charged individually and as Assistant Director over Blue.
[44] Carmen Davis (**"Davis"**) is a female who is charged individually and as Director in charge of scheduling Grievance Appeals.
[45] Grace Poley (**"Poley"**) is a white female who is charge individually and as Director in charge of scheduling hearings.
[46] Joaquin Avino is a white male who is charged individually and as manager with Dade.

a.    Subjected Plaintiff to a progressive Discrimination Scheme that Continued through-out Court;

b.    Denied Plaintiff the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship;

c.    Denied Plaintiff Reasonable Accommodations; and

d.    Terminated Plaintiff for a Crime Dade knew he did not commit (concealment confirmed);

89.   Thereby, because of his Medical Disability and according to its custom/practice, Dade Denied Plaintiff Reasonable Accommodations, discriminated against and terminated him in violation of the ADA as amended by the Civil Rights Act of 1991;

WHEREFORE, as required by Law, Plaintiff demands;

A.    Preliminarily and permanently enjoining and restraining Defendants from engaging in acts of discrimination against employees with Disability as defined by the ADA in general; those that file a Lawsuit against Dade to have their medical care provided in particular; and Plaintiff most particularly;

B.    Awarding Plaintiff Back pay, Prejudgment interest and damages for all employment benefits up to the date of reinstatement to Court Service Officer (**"CSO"**) or in lieu of reinstatement, front pay until normal retirement age inclusive of applicable interest;

C.    Awarding Plaintiff punitive damages against Dade County, and all individual Defendants named in statement 87 above;

D.

Awarding Plaintiff $2,000,000 in compensatory damages against Dade;

E.    Awarding Plaintiff compensatory damages against all individual Defendants named in statement 87 above;

F.    Awarding Plaintiff Reasonable Attorney fees and cost incurred in this lawsuit according to 42 U. S. C. 1988; a

G.    Ordering such additional equitable relief as is proper and just; and

H.    Trial by Jury.

### COUNT IV
### EMPLOYMENT DISCRIMINATION
### In VIOLATION OF TITLE VII
### (as amended by the Civil Rights act of 1991)

90.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-66 as if fully set forth herein;

91.    Concerning the Terms and conditions of employment, from around March 1991 to November 1992 Dade Discriminated against Plaintiff through:

    (i)    Grob; Dunn; Hoffman; Pedersen; and Internal Affairs;

    (ii)    Jimenez; Mc Neil; Conover; Blue; Montalbane; Brady; Taylor; Davis; Poley;

    Avino; Deutsch; and Anderson;

92.    Through the aforementioned individuals, because of his being Black, Dade subjected Plaintiff to:

a.    a relentless scheme for RACIAL Animus;

b.    Denied benefits, privileges, terms and conditions of the contractual relationship; and

c.    Terminated Plaintiff for a Crime Dade knew he did not commit (concealment confirmed);

93.    August 2, 1991, Plaintiff was treated worse after filing a charge of discrimination against Dade County; MDPD and the Supervisors in this chain of command with the EEOC that grew to include charges of retaliation and harassment in February 1992;

94.    Accordingly, Dade has subjected Plaintiff to Employment Discrimination because of his race being Black in violation of Title VII, 42 U.S.C. 2000e et seg., as amended by the Civil Rights Act of 1991;

    WHEREFORE, as required by Law, Plaintiff demands;

    A.    Preliminarily and permanently enjoining and restraining Defendants from engaging in acts of Discrimination against minorities in general, Blacks in particular and Plaintiff most particularly;

B.   Awarding Plaintiff back pay, prejudgment interest and damages for all employment benefits up to the date of reinstatement to CSO or, in LIEU of reinstatement, front pay until normal retirement age inclusive of applicable interest;

C.   Awarding Plaintiff Punitive and compensatory damages against Dade and all individual Defendants named in statement 80 above;

D.   Awarding Plaintiff Reasonable Attorney fees and cost incurred in this lawsuit according to 42 U.S.C. 1988;

E.   Ordering such additional equitable relief as is proper and just; and

F.   Trial by Jury.

## COUNT V
### DENIAL OF DUE PROCESS THROUGH RACISM
### In VIOLATION OF TITLE 42 U.S.C. 1983

95.   Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-66 as if fully set forth herein;

96.   Because of Plaintiffs' race being Black, From November 1990 to November 1992, Dade:

a.   Denied Plaintiff the Contractual Requirements concerning Employment terms and conditions through Jimenez; Conover; Hoffman; Blue; Mc Neil and Pedersen;

b.   Then Denied Plaintiff the full and fair use of internal means to address the above through: Montalbane; Internal Affairs; Brady; Taylor; Davis; Poley; Avino; Grob; Deutsch; and Anderson; and

c.   Acted in furtherance of the above by terminating Plaintiff for a crime the final Decision makers knew he did not commit (confirmed by the successful concealment);

97.   Among other material facts, the transcript from the June 1992 hearing reveals that just prior to Plaintiffs' arrival Blue testifies to Langbein if the arrest had never happened they would not have been able to terminate Plaintiff;

98.   Therefore, Langbein LIED by saying nothing was said when the most important thing was said;

99. This clarifies that Dade responded to the inalienable rights Plaintiff established to the exculpatory evidence by applying its' Racist LYING policy;

100. By Conover and Jimenez claiming to have resolved the grievances by saying the time sheets for the day in question will be released to the plaintiff as soon as they can be found, Dade LIED;

101. Considering Colbert was an ex-MDPD Police Officer with a racist past during that employment, it makes it more obvious that his order for the arrest was an Intentional LIE;

102. Deutsch claiming that Plaintiffs' termination was based upon threatening the same employee that told Plaintiff that he was being ostracized when the grievance against this ostracism was never resolved, was an Intentional LIE;

103. Langbein and thereby American Arbitration Association withholding the most material statement/fact and blocking the defendants from answering the most material questions by saying "I am not going to allow you to help your discrimination case" was helping to LIE;

104. Thereby, Pursuant to Dade's Racist LYING policy, because of his race Plaintiff was subjected to Employment Discrimination and Denied full and fair use of internal means to address these acts through Denial of Due process in violation of the 14th Amendment and thereby 42 U.S.C. 1983.

WHEREFORE, as required by Law, Plaintiff demands;

A. Preliminarily and permanently enjoining and restraining Defendants from Discriminating against minorities in general, Black's in particular and Plaintiff most particularly;

B. Awarding Plaintiff back pay, prejudgment interest and damages for all employment benefits up to the date of reinstatement to CSO or, in LIEU of reinstatement, front pay until normal retirement age inclusive of applicable interest;

C. Awarding Plaintiff $200,000,000 in compensatory damages against Dade;

D. Awarding Plaintiff $100,000,000 in compensatory damages against Coral Gables;

E. Awarding Plaintiff $100,000,000 in compensatory damages against AAA;

F. Awarding Plaintiff Punitive Dade and all individual Defendants named in statements 96-103 above;

G.    Awarding Plaintiff Reasonable Attorney fees and cost incurred in this lawsuit according to 42 U.S.C. 1988;

H.    Ordering such additional equitable relief as is proper and just; and

I.    Trial by Jury.

**COUNT VI**
**DENIAL OF DUE PROCESS THROUGH CONSPIRACY**
**In VIOLATION OF TITLE 42 U.S.C. 1985(3)**

105.   Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-66 as if fully set forth herein;

106.   Because of Plaintiffs' race being Black, From November 1990 to November 1992, Dade:

a.    Denied Plaintiff the Contractual Requirements concerning Employment terms and conditions through Jimenez; Conover; Hoffman; Blue; Mc Neil and Pedersen;

b.    Then Denied Plaintiff the full and fair use of internal means to address the above through: Montalbane; Internal Affairs; Brady; Taylor; Davis; Poley; Avino; Grob; Deutsch; and Anderson; and

c.    Acted in furtherance of the above by terminating Plaintiff for a crime the final Decision makers knew he did not commit (confirmed by the successful concealment);

107.   Among other material facts, the transcript from the June 1992 hearing reveals that just prior to Plaintiffs' arrival Blue testifies to Langbein if the arrest had never happened they would not have been able to terminate Plaintiff;

108.   Therefore, Langbein LIED by saying nothing was said when the most important thing was said;

109.   This clarifies that Dade responded to the inalienable rights Plaintiff established to the exculpatory evidence by applying its' Racist LYING policy;

110.   By Conover and Jimenez claiming to have resolved the grievances by saying the time sheets for the day in question will be released to the plaintiff as soon as they can be found, Dade LIED;

111.   Considering Colbert was an ex-MDPD Police Officer with a racist past during that employment, it makes it more obvious that his order for the arrest was an Intentional LIE;

112.   Deutsch claiming that Plaintiffs' termination was based upon threatening the same employee that told Plaintiff that he was being ostracized when the grievance against this ostracism was never resolved, was an Intentional LIE;

113.   Langbein and thereby American Arbitration Association withholding the most material statement/fact and blocking the defendants from answering the most material questions by saying "I am not going to allow you to help your discrimination case" was helping to LIE;

114.   Thereby, Pursuant to Dade's Racist LYING policy, because of his race Plaintiff was subjected to Employment Discrimination and Denied full and fair use of internal means to address these acts through Conspiracy to Deny Due process in violation of the 14th Amendment and thereby 42 U.S.C. 1985(3).

115.   Therefore, as a result of this Conspiracy to subject the Exculpatory Evidence to this Racist LYING policy, Motivated by Plaintiffs' race, Coral Gables conspired with Dade to make the arrest for no other reason than to help in having Plaintiff fired, AAA through Langbein took part In this conspiracy by LYING to cover up the most material facts and ordering Dade not to answer the most material questions; and Deutsch helped in this conspiracy with LYING before a Hearing officer that stood a good chance of not blocking the most material question. All of this for the purpose of depriving Plaintiff of equal protection of the laws, thus depriving plaintiff of the rights to redress in violation of the 14th amendment and thereby 42 U.S.C. 1985(3);

WHEREFORE, as required by Law, Plaintiff demands;

A.   Preliminarily and permanently enjoining and restraining Defendants from Discriminating against minorities in general, Black's in particular and Plaintiff most particularly;

B.   Awarding Plaintiff back pay, prejudgment interest and damages for all employment benefits up to the date of reinstatement to CSO or, in LIEU of reinstatement, front pay until normal retirement age inclusive of applicable interest;

C.   Awarding Plaintiff $200,000,000 in compensatory damages against Dade;

D.    Awarding Plaintiff $100,000,000 in compensatory damages against Coral Gables;

E.    Awarding Plaintiff $100,000,000 in compensatory damages against AAA;

F.    Awarding Plaintiff Punitive Dade and all individual Defendants named in statements 106-113 above;

G.    Awarding Plaintiff Reasonable Attorney fees and cost incurred in this lawsuit according to 42 U.S.C. 1988;

H.    Ordering such additional equitable relief as is proper and just; and

I.    Trial by Jury.

### COUNT VII
### DENIAL OF DUE PROCESS THROUGH LYING AND THEREBY RACISM
### In VIOLATION OF TITLE 42 U.S.C. 1983
### and the Florida Constitution under article one (1) section two (2) and nine (9)

116.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-66 as if fully set forth herein;

117.    Because of Plaintiffs' race being Black, through-out the very first lawsuit Dade subjected every Discovery Order and instrument that required the exculpatory evidence to be disclosed to its Racist LYING policy;

118.    At bare minimum, Pursuant to FRCP rule 37(b)(2)(A)(i) by applying its Racist LYING policy Dade has responded to the mandate and thereby the LAW by saying, yes it is true:

a)      we knew Plaintiff was innocent of the check cashing charges;

b)      CGPD conspired with us to make the arrest so that we could fire Plaintiff out of RACIAL Animus and in retaliation for him filing a Workers' Comp. claim and EEOC charge;

c)      we used the check charge as a pretext to harass and then fire Plaintiff; and

d)      we used AAA/Langbein; MRI/Dwayne Sevier and every other LYING means at our disposal to Deny Plaintiff his Constitutional Rights out of RACIAL Animus; and

e)      we could not have pulled this off in court without the most illegal help from the judges.

119.    Pursuant to LAW under Judicial Misconduct Complaint rule 6(d) these judges have responded to the Superior Court Discovery Orders in the Mandate by saying:

> We are encouraged/allowed to fix cases and be Racist and in return other cases are fixed to satisfy our own personal agenda's (ex. C footnote 1); and for transparency "[they] need to change [their] black robes to white and wear [their] white hoods on top (ex. A)".

120.    Pursuant to the Mandate, the applicable LAWS made it the judges inescapable duty to stop this Concealment in the first lawsuit the moment the first Motion to compel was filed requesting Dade to be held in contempt for not disclosing the exculpatory evidence as required by the scheduling order as required by LAW under FRCP rule 16(f);

121    Senator Marco Rubio and Congresswoman Frederica Wilson helped continue this Conspiracy by not forwarding the complaint to the HJC.

122.    Around February 2022 upon receipt of more complaint papers staff person Charles Scott said they are not forwarding anything to the HJC cause "America is Racist" and no one is going to stop these judges from being RACIST because the Supreme Court and HJC will only throw these complaints in the trash.

123.    The Judges and Clerks involved are:  Pryor, Anderson, Tjoflat, Barkett, Birch, Carnes, Dubina, Edmondson, Farina, Hull, Wilson, Zloch, Moreno, Cooke, Lenard, and Martinez, with Magistrates Dube and Bandstra; and Clerks: Caruso and Smith.

124.    Thereby, Pursuant to Dade's Racist LYING policy and the Racist Judges that LIED and broke LAWS to help, because of his race, they Denied Plaintiff the exculpatory evidence in violation of the Superior Court Discovery Orders, Motions to Compel and every related LAW that established Constitutional Rights to the evidence as due process and property rights.  These Defendants have thereby denied Plaintiff these Constitutional Rights in violation of the 14th Amendment and thereby 42 U.S.C. 1983 and the Florida Constitution under article one (1) section two (2) and nine (9).  Because of these Defendants using LYING and/or making the LAWS a LIE, 42 U.S.C. 1983 holds they are RACIST to infinity.

WHEREFORE, as required by Law, Plaintiff demands;

A.  Preliminarily and permanently enjoining and restraining Defendants from Discriminating against minorities in general, Black's in particular and Plaintiff most particularly;

B.  Awarding Plaintiff back pay, prejudgment interest and damages for all employment benefits up to the date of reinstatement to CSO or, in LIEU of reinstatement, front pay until normal retirement age inclusive of applicable interest;

C.  Awarding Plaintiff $30,000,000,000 in compensatory damages against the 11th Circuit;

D.  Awarding Plaintiff $10,000,000,000 in compensatory damages against Dade;

E.  Awarding Plaintiff $10,000,000 in compensatory damages against AAA;

F.  Awarding Plaintiff $10,000,000 in compensatory damages against MRI;

G.  Awarding Plaintiff Punitive Damages against the Judges, Dade and every other individual Defendant named above for this count;

H.  Awarding Plaintiff Reasonable Attorney fees and cost incurred in this lawsuit according to 42 U.S.C. 1988;

I.  Ordering such additional equitable relief as is proper and just; and

J.  Trial by Jury.

## COUNT VIII
## DENIAL OF DUE PROCESS THROUGH CONSPIRACY
## In VIOLATION OF TITLE 42 U.S.C. 1985(3)
## and the Florida Constitution under article one (1) section two (2) and nine (9)

125.  Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-66 as if fully set forth herein;

126.  Because of Plaintiffs' race being Black, through-out the first and second lawsuits Dade conspired to subject every Discovery Order and instrument that required the exculpatory evidence to be disclosed and/or responded to, to its Racist LYING policy;

127. Because of Plaintiff's race being Black the judges and clerks conspired to continue helping Dade escape prosecution for this obvious RACISM/GUILT by LYING and Breaking every related LAW until the Mandate, complaint and everything else related thereto was covered-up;

128. At bare minimum, Pursuant to FRCP rule 37(b)(2)(A)(i) by applying its Racist LYING policy Dade has responded to the mandate and thereby the LAW by saying, yes it is true:

a)      we knew Plaintiff was innocent of the check cashing charges;

b)      CGPD conspired with us to make the arrest so that we could fire Plaintiff out of RACIAL Animus and in retaliation for him filing a Workers' Comp. claim and EEOC charge;

c)      we used the check charge as a pretext to harass and then fire Plaintiff; and

d)      we used AAA/Langbein; MRI/Dwayne Sevier and every other LYING means at our disposal to Deny Plaintiff his Constitutional Rights out of RACIAL Animus; and

e)      we could not have pulled this off in court without working this Conspiracy with every Judge involved;

129. Pursuant to LAW under Judicial Misconduct Complaint rule 6(d) these judges have responded to the Superior Court Discovery Orders in the Mandate by saying:

> We are encouraged/allowed to fix cases and be Racist and in return other cases are fixed to satisfy our own personal agenda's (ex. C footnote 1); and for transparency "[we] need to change [our] black robes to white and wear [our] white hoods on top (ex. A)".
>
> [We are] "Truly the filth of the earth" (ex A).
>
> [But remain large and in charge to use our skills to destroy other innocent lives at will].

130. Pursuant to the Mandate, the applicable LAWS made it the judges inescapable duty to stop this Concealment in the first lawsuit the moment the first Motion to compel was filed requesting Dade to be held in contempt for not disclosing the exculpatory evidence as required by the scheduling order as required by LAW under FRCP rule 16(f);

131   Senator Marco Rubio and Congresswoman Frederica Wilson helped continue this Conspiracy by not forwarding the complaint to the HJC.

132.   Around February 2022 upon receipt of more complaint papers staff person Charles Scott said they are not forwarding anything to the HJC cause "America is Racist" and no one is going to stop these judges from being RACIST because the Supreme Court and HJC will only throw these complaints in the trash.

133.   The Judges and Clerks involved are:  Pryor, Anderson, Tjoflat, Barkett, Birch, Carnes, Dubina, Edmondson, Farina, Hull, Wilson, Zloch, Moreno, Cooke, Lenard, and Martinez, with Magistrates Dube and Bandstra; and Clerks: Caruso and Smith.

134.   Thereby, Pursuant to Dade's Racist LYING policy and the Racist Judges that LIED and broke LAWS to help, because of his race, through this Conspiracy they have Denied Plaintiff the exculpatory evidence in violation of the Superior Court Discovery Orders, Motions to Compel and every related LAW that established Constitutional Rights to the evidence as due process and property rights.  These Defendants have thereby denied Plaintiff these Constitutional Rights in through Conspiracy in violation of the 14th Amendment and thereby 42 U.S.C. 1985(3) and the Florida Constitution under article one (1) section two (2) and nine (9).  Because of these Defendants using LYING and/or making the LAWS a LIE, 42 U.S.C. 1983 holds they are RACIST to infinity.

WHEREFORE, as required by Law, Plaintiff demands;

A.   Preliminarily and permanently enjoining and restraining Defendants from Discriminating against minorities in general, Black's in particular and Plaintiff most particularly;

B.   Awarding Plaintiff back pay, prejudgment interest and damages for all employment benefits up to the date of reinstatement to CSO or, in LIEU of reinstatement, front pay until normal retirement age inclusive of applicable interest;

C.   Awarding Plaintiff $60,000,000,000 in compensatory damages against the 11th Circuit;

D.   Awarding Plaintiff $20,000,000,000 in compensatory damages against Dade;

E.   Awarding Plaintiff $20,000,000 in compensatory damages against AAA;

F.   Awarding Plaintiff $20,000,000 in compensatory damages against MRI;

G.   Awarding Plaintiff Punitive Damages against the Judges, Dade and every other individual Defendant named above for this count;

H.   Awarding Plaintiff Reasonable Attorney fees and cost incurred in this lawsuit according to 42 U.S.C. 1988;

I.   Ordering such additional equitable relief as is proper and just; and

J.   Trial by Jury.

<u>CLOSING</u>

Every related LAW holds Plaintiff should never have had to do all of this.  A 30-day Order, Mandate and every other instrument and LAW related thereto has been reduced to worthless trash. To vigorously argue for eternity can never be enough to say our Constitutional holds: "LYING Judges that break LAWS to fix cases shall have no places on our judicial branch.  Yet these judges continue being large and in charge only because there is not a real judge among them and they are so intoxicated by their gangland success and mentality.  Before anyone speaks from an uncivilized nerve to say this complaint is not good enough to satisfy what is desired, consider this: "Plaintiff was never supposed to have to say anything at all to have the LAWS; the Superior Court Orders and thereby our Constitution obeyed".  So let us go back to the juncture where all of these Criminal acts started and correct things from there because the LAWS and thereby our Constitution demand this.

<u>PRAYER FOR RELIEF</u>

WE hereby respectfully pray that our LAWS and thereby our Constitution is finally upheld or will the state of Florida make these precious items a LIE as well.  These Judges are truly the injustice that are a threat to Justice everywhere.

Respectfully submitted:

John Montford; 2241 N. W. 188 Terr.; Miami, Fl. 33056; (305) 588- 4250.

IN THE COUNTY COURT IN AND FOR THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JOHN MONTFORD,                    V.      U. S. 11th Circuit Court Judge H. Pryor Jr. et al

    Plaintiff,                                     Defendant(s)/Respondent./


## COMPLAINT EXHIBITS: For Rule 37(b)(2) (#1 and #2), A-E; and 1-13

Exhibit for Rule 37(b)(2) (#1): is the 8/20/2008 Motion to proceed on Appeal pursuant to Rule 37(b)(2) that Plaintiff will argue does not appear on the Court Docket and was never answered because either of these choices would expose the Crimes committed in this Court Conspiracy;

Exhibit for Rule 37(b)(2) (#2): is the 8/20/2008 Motion for Appointment of Attorney pursuant to rule 37(b)(2) that Plaintiff would argue does not appear on the Court Docket and was never answered because to do either would expose the Crimes and this Court Conspiracy;

**Exhibit A: is Montford's 2nd JMC Petition that is sworn and complains against the Judges for all of the LYING and Broken LAWS they used to Cover-Up the GUILTY Verdicts required by Mandate 98-5186. This is based upon the 12/15/21 exhibits at exhibit 1 – 13 below;**

**Exhibit B: is the Recusal Motion that is sworn and remains unanswered for the recusal of the entire 11th Circuit based upon the LYING and Broken LAWS Pryor and every Judge through-out the 11th Circuit have used to Cover-up their refusal to issue the GUILTY Verdicts required by Mandate Number 98-5186;**

**Exhibit C: is the Judicial Misconduct Complaint that is sworn and complains against these Judges for all the LYING and Broken LAWS they used to cover-up their refusal to issue the GUILTY Verdicts required by Mandate No. 98-5186;**

**Exhibit D: is Pryor's 1/19/22 Dismissal Order wherein he responds to exhibits A-C same as he responded to 6-8 with his Dismissal Order at 9, and 10-12 with 13 by never denying or mentioning the LYING and/or Broken LAWS he is charged with using to Cover-Up the GUILTY Verdicts required by Mandate no. 98-5186; and**

**Exhibit E: is one (1) of several letters to the Clerk requesting to know the name of the Judge acting on behalf of the Circuit Court to make decisions without answering the Motion to Disqualify based upon LIES by Judge Pryor.**

**Exhibits 1 – 13: are the attached exhibits that were filed in the 11th Circuit on 12/15/21 to prove Exhibits A-C above and subsequent to this is the Cover-Page for same that explains the contents of each exhibit.**

Respectfully submitted: _____ (John Montford) .2241 N. W. 188
Terr., Miami, Fl. 33056    (305) 588 4250.

U.S. COURT OF APPEALS
RECEIVED
CLERK

DEC 15 2021

V.

12/13/21
ATLANTA, GA

Judicial Misconduct Complainant
John Montford/

Subject of Complaint
Cir. Judge W. Pryor and the entire 11ᵗʰ Cir. et al/

## EXHIBITS 1 – 13 (Judge Pryor's Dismissal (ex. 5) is proven as LIES by JMC no. 11-18-90013 (ex. 1-4)

**Exhibit 1:** is 11ᵗʰ Circuit "Mandate" no. 98-5186 with the FACT Finding and CONCEALMENT Orders ("Superior Court Orders") stated on pages 3-5 therein. It explains background and legal formulas to be used to determine the Superior Court Orders. Every complaint thereafter was against the refusal to Obey these orders and Cover-Up that resulted from LYING.

**Exhibit 2:** is Charge one (1) from Judicial Misconduct Complaint no. 11-18-90013: that explains the Judicial Misconduct Complaints were based upon disobedience to the Superior Court Orders that were based upon: Scheduling; Subpoena; and Magistrate Orders; three Subpoenas; and seven (7) Motions to Compel;

**Exhibit 3:** is Charge two (2) from Judicial Misconduct Complaint no. 11-18-90013: that complains against the 1ˢᵗ and every subsequent/subordinate judge for breaking LAWS; LYING; and "Obstructing Justice" by taking part in: refusing to issue the Mandate required GUILTY Verdicts and thereby "RANK INSUBORDINATION";

**Exhibit 4:** is charge five (5) from Judicial Misconduct Complaint no. 11-18-90013: that explains how this Circuit covered-up its refusal to obey the LAW under rule 1 and 60 of F.R.C.P. by LYING and stealing timely rule 60 Motions from the public docket that required fulfillment of the Superior Court Orders above;

**Exhibit 5:** is Judge William H. Pryor's Order that dismissed Judicial Misconduct Complaint no. 11-18-90013 by INTENTIONAL LYING: as certain as he never mentions any of the "material facts" above and most particular the terms: Obstruction of Justice; Broken LAWS; or Rank Insubordination ("material charges");

**Exhibit 6:** is the 6/4/21 complaint that explains the complaints were always against the judges for: "the LAWS they broke; refusal to correct errors in judgment as required by the Superior Court Orders (above); and LYING, that covers-up all the above" material charges and terms;

**Exhibit 7:** is the 6/4/21 Rule 11(c)(2) Motion to file this complaint that explains: Because every complaint has always been against: "Rank Insubordination; Obstruction of Justice; and Broken LAWS", yet never responded to, this rule is the LAW that requires direct answers are finally given to these Criminal Charges;

**Exhibit 8:** is the 6/4/21 Motion to disqualify the 11ᵗʰ Circuit under rule 25(g) and transfer the complaint under rule 26 that explains: this is required because this circuit has continued to LIE and break LAWS for 30 straight years in obvious effort to cover-up its refusal to issue the GUILTY Verdicts and stay out of jail;

**Exhibit 9:** is the 11ᵗʰ Circuit's 6/8/21 dismissal that by LAW, under rule 6, does further establish the above as irrefutable facts because none of the above charges are denied nor can they be considering the evidence.

**Exhibit 10-12:** is the 7/8/21 rule 11(c)(2): Complaint; Motion to File; and Motion to Disqualify respectively, that clarifies it is under rule 11(C)(2) only. That the LAW under rule 11(C)(2) forces the 11ᵗʰ Circuit to finally acknowledge the material facts and charges stated above. That because this Circuit has covered-up these charges by LYING and Breaking LAWS or at the very least ignored them for 30 years, the combination of all LAWS indicated as broken requires acknowledgement; recusal; and a Special Prosecutor to be assigned to ensure every Judge involved is identified and Justice is finally and most expeditiously fulfilled;

**Exhibit 13:** is the 11ᵗʰ Circuit's 7/12/21 Dismissal Order that LIES and breaks more LAWS by claiming the LAW allows rule 5 to be applied. Rule 11(c)(2) can only be overruled if applied untrue. In as much as our courts are required to lead by example, consider this: "Should any Crook escape prosecution from Charges that prove he is GUILTY to infinity by simply ignoring them or LYING to suggest these charges do not exist"???

Respectfully submitted : _____ (John Montford) Federal Express tracking no.: 8163 9040 0465.

c: Senator Marco Rubio, Congresswoman Frederica Wilson;          bc: JM/kw          12/13/21

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA – MIAMI DIVISION
## CASE NO. 08-21778-CIV-COOKE/BANDSTRA

JOHN MONTFORD,
　　　　　　　Plaintiff,

vs.

SUPREME COURT JUSTICES INVOLVED,
MIAMI DADE GOVERNMENT, et al;
_____Defendant/

## MOTION TO PROCEED ON APPEAL AT DEFENDANTS EXPENSE
## ACCORDING TO F.R.CIV.P. RULES: 26(g); 37(b)(2); and 28 U.S.C. 1927
## (WITH INCORPORATED MEMORANDUM OF LAW

　　　　"No man in the country is so high that he is above the law. .. All the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it. *Butz,* 438 US 478, 506; 57 L.Ed2d 895, 915; 98 S.Ct. 2894 (1978). Accordingly, "it is not unfair to hold liable the official who knows or should know he is acting outside the law". *Butz,* 438 US @ 506; 57 L.Ed2d @ 916. Considering "the court has been instructed to apply the Federal rule" without exception it is thereby bounded by these rules *Hanna,* 380 US 460, 471; 14 L.Ed.2d 8, 17; 85 S.Ct. 1136 (1965).

　　　　Judges have absolute immunity in their official function. *Stump,* 438 US 349; 55 L.Ed.2d 331; 98 S.Ct.1099 (1978). Considering Judge Cook and all other judges involved refused to acknowledge the Federal Rules thereby violating the Decisions of law indicated above they, as defendants, should be liable to fulfill the requirements of the title stated above. To this concern Plaintiff Respectfully moves as stated above and throughout the jointly filed notice as well as all of the seven (7) part Motion to Acknowledge (DE 17-23) as if fully set forth herein. A Racist LYING conspiracy will be proven therein

　　　　In relevant part the Ignored Mandate in this case states: Montford Contends he was denied: "Ordered subpoena production which would have established his whereabouts at the time of the alleged crime … the ostensible [disputed] reason for his discharge ("Concealment")"; and orders fact finding that requires this alleged Concealment be investigated and addressed. Accordingly, violations of rule 37(b)(2) was identified. Accordingly an investigation is imperative and if it did happen as stated Dade County; MRI and the Judges involved should be liable as stated above[1].

Respectfully submitted,　　　　　　　John Montford
　　　　　　　　　　　　　　　　　　P. O. Box 69-5053
By:_____　　　　　　Miami, Fl. 33269-2053;
　　(John Montford)　　　　　　　(305) 650 – 9119;  August 15, 2008
　　cc:Solicitor General; U.S. Congress Judicial Committee; bc

_____

[1] Failure to obey a Disclosure Orders pursuant to rule 37(b)(2) makes it mandatory for sanctions ranging from Contempt of Court to a Default judgment; and/or the Defendant and/or its attorney to pay reasonable expenses, including attorney's fees caused by the failure. Considering Plaintiff has never received the evidence and the attorneys fees has increased from a contingency basis to a $1,000,000 retainer Plaintiff moves as stated above. In lieu of the aforementioned at least a full and impartial investigation is required.

Exhibit for Rule 37(b)(2) #1

DUPLICATE ORIGINAL

1

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA – MIAMI DIVISION
### CASE NO. 08-21778-CIV-COOKE/BANDSTRA

JOHN MONTFORD,

      Plaintiff,

vs.

SUPREME COURT JUSTICES INVOLVED,
MIAMI DADE GOVERNMENT, et al;

            Defendant/

## MOTION FOR APPOINTMENT OF ATTORNEY AT DEFENDANTS EXPENSE ACCORDING TO F.R.CIV.P. RULES: 26(g); 37(b)(2); and 28 U.S.C. 1927 (WITH INCORPORATED MEMORANDUM OF LAW

"No man in the country is so high that he is above the law. .. All the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it. *Butz,* 438 US 478, 506; 57 L.Ed2d 895, 915; 98 S.Ct. 2894 (1978). Accordingly, "it is not unfair to hold liable the official who knows or should know he is acting outside the law". *Butz,* 438 US @ 506; 57 L.Ed2d @ 916. Considering "the court has been instructed to apply the Federal rule" without exception it is thereby bounded by these rules *Hanna,* 380 US 460, 471; 14 L.Ed.2d 8, 17; 85 S.Ct. 1136 (1965).

Judges have absolute immunity in their official function. *Stump,* 438 US 349; 55 L.Ed.2d 331; 98 S.Ct.1099 (1978). Considering Judge Cook and all other judges involved refused to acknowledge the Federal Rules thereby violating the Decisions of law indicated above they, as defendants, should be liable to fulfill the requirements of the title stated above. To this concern Plaintiff Respectfully moves as stated above and throughout the jointly filed notice as well as all of the seven (7) part Motion to Acknowledge (DE 17-23) as if fully set forth herein. A Racist LYING conspiracy will be proven therein

In relevant part the Ignored Mandate in this case states: Montford Contends he was denied: "Ordered subpoena production which would have established his whereabouts at the time of the alleged crime … the ostensible [disputed] reason for his discharge ("Concealment")"; and orders fact finding that requires this alleged Concealment be investigated and addressed. Accordingly, violations of rule 37(b)(2) was identified. Accordingly an investigation is imperative and if it did happen as stated Dade County; MRI and the Judges involved should be liable as stated above[1].

Respectfully submitted,

By
    (John Montford)

cc:Solicitor General; U.S. Congress Judicial Committee; bc

John Montford
P. O. Box 69-5053
Miami, Fl. 33269-2053;
(305) 650 – 9119;  August 15, 2008

---

[1] Failure to obey a Disclosure Orders pursuant to rule 37(b)(2) makes it mandatory for sanctions ranging from Contempt of Court to a Default judgment; and/or the Defendant and/or its attorney to pay reasonable expenses, including attorney's fees caused by the failure. Considering Plaintiff has never received the evidence and the attorneys fees has increased from a contingency basis to a $1,000,000 retainer Plaintiff moves as stated above. In lieu of the aforementioned at least a full and impartial investigation is required.

Exhibit for Rule 37(b)(2) #2

DUPLICATE ORIGINAL

1

U.S. COURT OF APPEALS
RECEIVED ON
CLERK

**DEC 15 2021**

ATLANTA, GA

(Judicial Council of the <u>11</u><sup>th</sup> Circuit; JUDICIAL MISCONDUCT COMPLAINT (**"JMC"**)) based upon Complaint nos. 11-18-90013 through 11-18-90024; are more ignored complaints against refusal to issue the GUILTY Verdicts required by the Mandate.

| Complainant | | Subject | of | Complaint |
|---|---|---|---|---|
| John Montford/ | 12/13/21 | Cir. Judge W. Pryor and the entire 11th Cir; et al/ | | |

## <u>2nd PETITION TO SATISFY JMC RULE 10(a) BY SHOWING CAUSE UNDER THE LAW AT: JMC RULE 11(c)(2); 42 U.S.C. 1983; THE MODEL CODE OF JUDICIAL CONDUCT- CANONS 1-3; AND THEREBY OUR U. S. CONSTITUTION ("the LAWS") TO THE EXTENT IT FORCES THIS 11TH CIRCUIT TO FINALLY CONFESS THAT IT HAS CONTINUOUSLY FIXED CASES WITH BROKEN LAWS AND LYING THAT COVERS-UP IT'S REFUSAL TO ISSUE THE "GUILTY VERDICTS" REQUIRED BY 11TH CIRCUIT "MANDATE" NUMBER 98-5186 THEN FINALLY GRANT THE JOINTLY FILED RULE 25(g) MOTION (12/13/21);</u>

Chief Judge William H. Pryor Jr. has proven that he and every Justice/Judge/Clerk, et al. involved (**"Judge(s)"**) are LYING, LAWBREAKING, RACIST (**"Criminal GUILT"**) by the Montford Order he issued on 9/28/18 (**rule 5 order ("rule 5 jive")**. To this concern, the 11th Circuit Mandate number 98-5186 (**"Exhibit 1[1]"**) explains that the evidence Montford alleges Dade Fraudulently **"Concealed"** is exculpatory evidence. Based upon the Concealed, it states and explains the LAWS and legal formulas to be used to determine Retaliation; Racism; and Conspiracy (**"these charges"**). It explains it must remand the case to have these charges determined by further Fact Finding (**"Fact Finding Order"**). It also remands by saying, the Concealment and these charges are: **"enough to justify remand and possible further discovery and a required response from defendants ("Concealment Order")"**. Therefore, because the Concealment and Fact Finding Orders (**"Superior Court Orders"**) turn on deciding the validity of the Discharge they establish themselves as the most important and inescapable Court duties. In other words, to defy these Orders by LYING is irrefutable evidence of Criminal GUILT.

I hereby incorporate the contents of exhibits 2-4 as if fully set forth herein to show the complaints have always been against disobedience to these Superior Court Orders. These exhibits complain against these judges for taking part in rejecting these **Superior Court Orders** through <u>Rank Insubordination by <strong>Breaking LAWS and LYING</strong></u> to the extent it is <u>Criminal Negligence; RACISM</u> and <u>Obstruction of Justice</u>. Pryor's response at exhibit 5 is hereby included as if fully set forth herein to show the judges have always responded by LYING to say a whole lot of nothing related to the Criminal Charges. Pryor even goes so far as to take words from the actual complaint (never a full complaint statement) and mixes these words up to the point his review is a ball of confusion. However, he is most careful not to use the highlighted words above that for certain would expose his LYING. By LAW, under rule 11(c)(2) response to these Criminal Charges is once again an inescapable duty. As it stands now, each of you need to change your black robes to white and wear your white hoods on top. **LYING RACIST!!!**

WHEREFORE, our U. S. Constitution holds, "LYING Judges that fix cases shall have no places in our Judicial Branch". By this, each of you LYING, Thieving, LOW-Life LAW Breaking Judges (**"Crooks"**) are required to be ousted from office; prosecuted and jailed to the fullest extent of the LAW. The validity of these charges and the fate of every Crook involved should be determined by an answer to the following question. **"By disobeying the LAWS that govern you and continuing this Criminal GUILT in response to these Superior Court Orders, is this Judicial Misconduct and grounds for you to be discharged/jailed"?** This summarizes what Montford has complained about from the very start. So, if your answer is yes, Judges have always LIED and Broke LAWS in response to the Superior Court Orders and related complaints. If your answer is no, then you are saying you are above the LAW and thereby you are admitting your Criminal History. Another LIE or act for delay should double your jail time. By taking part in reducing these Superior Court Orders to be trash, each Judge is proven to be the injustice that is a threat to justice everywhere. **Truly, the filth of the earth.** The jointly filed complaint and rule 25(g) motion is hereby included as if fully set forth herein to further explain and request as titled above.

Under penalty of perjury, all statements are declared true and correct: _____ (John Montford) bc: Fedex track no.

**8163 9040 0465.** By: _____ (for Sen M. Rubio) By: _____ (for C.W. F. Wilson) 12/13/21

---

[1] Each referenced exhibits refers to the set of 13 exhibits that are jointly filed with these papers and explained on the cover.

Exhibit A

DEC 15 2021

U.S. COURT OF APPEALS
RECEIVED
CLERK
ATLANTA, GA.

(Judicial Council of the 11th Circuit; COMPLAINT OF JUDICIAL MISCONDUCT) based upon Complaint nos. 11-18-90013 through 11-18-90024; 11-18-90031-90032 & Pryor's Order that LIES by ignoring the Superior Court Orders & arguments.

| Complainant | | Subject of Complaint |
|---|---|---|
| John Montford/ | 12/13/21 | Cir. Judge W. Pryor and the entire 11th Cir. ; et al/ |

## MOTION TO SHOW CAUSE FOR JMC RULE 10(A) TO DISQUALIFY BY LAW UNDER JMC RULE 25(g) FOR: (1) REFUSING TO APPLY: RULE 11(c)(2); THE DISCOVERY RULES OF LAW; 42 U.S.C. 1983; CANONS 1-3; & (2) REFUSING TO OBEY: 11TH CIRCUIT MANDATE NO. 98-5186 THAT REQUIRED "GUILTY VERDICTS" TO BE ISSUED; WHEREFORE, THIS COMPLAINT SHOULD BE TRANSFERRED UNDER RULE 26 (12/13/21)

"LYING Judges that fix cases should have no places in our Judicial Branch". Every Justice/Judge/Clerk, et al., involved in this Criminal Conspiracy ("Judge(s)") is far worse than the one(s) Al Capone bought and paid for because Capone's Judges never refused to obey Superior Court Orders/LAWS. As is footnote explained below, by disobeying the Superior Court Orders in this case[1], these Judges have taken part in Concealing the evidence that proved Montford's Lawsuit ("Concealment"). Thereby, they most heinously destroyed the life of a most innocent Black man. These Superior Court Orders go to the very heart of the reasons our courts exist. That is to aide in uncovering the truth by requiring obedience to our Discovery LAWS. Then give everyone a fair chance at applying the LAWS to that truth. Because these judges have LIED and Broken LAWS to the extent they acted in Criminal Contradiction to these duties, this Motion should be granted as titled above.

I declare under penalty of perjury that all statements are true and correct: _____
Fed Ex Tracking no. 8163 9040 0465      (Date) 12/13/21                    (John Montford) bc:,

c: by: _____ (for Sen. M. Rubio)  by: _____ (for C.W.F. Wilson)

---

[1] As explained in the 11th Circuit "Mandate" number 98-5186, at exhibit one (1): "Montford alleges that he engaged in statutorily protected activity when he filed an EEOC complaint and worker's compensation lawsuit and that he was terminated because of these filings. Furthermore, Montford disputes the forgery charge, the ostensible reason for his discharge, contending that it was based on false allegations from his ex-wife. Montford also contends that "Dade" County, .... , denied him ordered subpoena production which would have established his whereabouts at the time of the alleged crime (Exculpatory/"Concealed Evidence")". Based upon the Concealed, it states and explains the LAWS and legal formulas to be used to determine Retaliation; Racism; and Conspiracy ("these charges"). It explains it must remand the case to have these charges determined by further Fact Finding ("Fact Finding Order"). It also remands by saying, the Concealment and these charges are: "enough to justify remand and possible further discovery and a required response from defendants ("Concealment Order")". Therefore, because the Concealment and Fact Finding Orders ("Superior Court Orders") turn on deciding the validity of the Discharge they establish themselves as the most important and inescapable Court duties. Yet, these Judges have refused to obey/fulfill and are taking the most illegal steps to make certain these Superior Court Orders are never obeyed. It should be noted that Montford was a role model, perfect attendance employee that never missed a second from work. Prior to the Mandate, an Employment Grievance Agreement; Three (3) Subpoenas; a Magistrate, Scheduling and Subpoena Order; as well as seven (7) Motions to Compel, required this same Concealed Evidence to be disclosed. Standard Operating Procedure required findings from the Concealed Evidence to be considered prior to any arrest or discharge. The State Attorney and Bank stated no charges were to be brought against Montford because the established procedure to identify the Casher of the check were not fully complied with. Therefore, it was not known who actually cashed the alleged check. Montford was arrested and discharged anyway and the Concealed Evidence remains Concealed. This makes the part that these Judges have played in refusing to obey these Superior Courts Orders the most Evil Court Crime of all Time. The jointly filed Petition; Complaint; and Exhibits are hereby incorporated as if fully set forth herein to further explain. Thereby, all stated GUILTY Verdicts in the joint filed complaint are due without exception.

Exhibit B

U.S. RECEIVED CLERK

DEC 15 2021

ATLANTA, GA

(Judicial Council of the 11th Circuit; COMPLAINT OF JUDICIAL MISCONDUCT) based upon Complaint nos. 11-18-90013 through 11-18-90024; 11-18-90031-90032 & Pryor's Order that LIES by ignoring the Superior Court Orders & arguments.

| Complainant | | Subject of Complaint |
|---|---|---|
| John Montford/ | 12/13/21 | Cir. Judge W. Pryor and the entire 11th Cir. ; et al/ |

## 2ND RULE 10(a) Judicial Council of the 11th Circuit-COMPLAINT of Judicial MISCONDUCT (12/13/21);

By LAW, under rule 11(c)(2), this complaint is filed against every Justice/Judge/Clerk, et al., involved ("Judge(s)") for taking part in "the most evil Court Crime of all time ("Demonic Court Crime"). The contents of every joint filing is hereby included as if fully set forth herein to prove all that is footnote explained below[1]. Through "Conspiracy", these Judges have fulfilled this Demonic Court Crime by LYING and Breaking LAWS to obviously make certain the "GUILTY Verdicts" required by the Mandate are never issued as footnote explained below[2]. In addition to what is footnote explained for rule 37(b)(2), rule 26(g) and 28 U.S.C. 1927 ("these LAWS") also required these GUILTY Verdicts to be issued without exception. Therefore, the validity of these charges and judges fate should be determined by the following question. By taking part in this disobedience did each judge rise to the level of Judicial Misconduct and Grounds for them to be discharged/jailed?

1. Name of Complainant: Mr. John Montford    · Day time telephone:    (305) 588 - 4250

   Contact Address: %Ms. Taiwana Wright, 15001 N. W. 79th Court, Miami, Fl. 33016

2. Name(s) of Judge(s): Circuit Judges: William H. Pryor Jr., Rosenbaum, Jill Pryor, Newsom, Walker, Anderson, Tjoflat, Barkett, District Judge Moreno, all other judges involved that are named in Judge Pryor's 9/2018 Dismissal Order, et al

Court: U. S. 11th Circuit and District Court of South Florida

If "yes", give the following information about each lawsuit:    (Page 1 of 2)

---

[1] The following is hereby included as if fully set forth herein to prove what is stated therefore: (1) "Mandate" 98-5186: at exhibit one (1) to prove the Fact Finding and Concealment Orders are stated as ground for the remand on pages 3-5 therein; (2) Rule 11 (c)(2) Petition: Explains disobedience to the Fact Finding and Concealment Orders is grounds for this complaint; (3) Rule 25(g) Motion: to show how this Demonic Conspiracy has destroyed the life of a most innocent, Perfect attendance employee; (4) Exhibits 2-4: to show the usual complaint against this: Rank Insubordination; Obstruction of Justice; and Breaking of LAWS ("Complaint Charges"); (5) Exhibit 5: is Pryor's dismissal of the complaint charges that LIES by never mentioning the complaint charges. Worse than that, it gives his review of the Mandate that LIES (pages 2-3), same as every other Judge, by never mentioning the Fact Finding and Concealment Orders that supersede all his dismissal claims; (6) Exhibits 6-8 and 10-12: to show the LAWS broken and how this establishes each of these Judges are LYING, Racist, Criminals that fix cases; (7) Exhibits 9 and 13: to show that this Circuit is in full support of reducing the Mandate and the LAWS it requires to be fulfilled to be nothing more that Trash. That these Judges feel so above the LAW till they can fix cases against the races to fulfill their RACISM and their own personal agendas as kickbacks and pay offs for same.
[2] Each of these Judges have taken part in the LYING that covers-up the Fact Finding and Concealment Orders ("Superior Court Orders") on pages 3-5 of 11th Circuit "Mandate" number 98-5186 (at exhibit one (1)). In brief, under F.R.C.P. rule 37(b)(2) because Dade responded to the Subpoena Order by Fraudulently Concealing the evidence that could prove this and the Judges helped by ignoring the seven (7) Motions to Compel that required them to stop this Concealment, the following is established as "Irrefutable Facts": "Montford was actually at work the time of the bank/domestic related crime Dade claims he was discharged for". Based upon these Irrefutable Facts and uncontroverted arguments related thereto, the following "GUILTY Verdicts" were required to be issued against: (i) Dade for subjecting Montford to a Discharge LIE and thereby RACISM and Retaliation in response to the EEOC and Worker's Comp. charges; and (ii) the first Lawsuit Judges for LYING and subjecting Montford to RACISM; Criminal Negligence; Rank Insubordination; Obstruction of Justice; Broken LAWS-Constitutional Rights. The following "GUILTY Verdicts" are also required to be issued against: 1) "Dade" Police for responding to the Scheduling Order by Fraudulently Concealing the evidence that the Mandate argued would prove the LAWSUIT; and (2) Every Judge for failing and refusing to stop Dade's Concealment as required by every LAW the seven (7) Motions to Compel required to be applied. Therefore, this Judicial Misconduct Committee can claim a Merit of decision issue whenever it wants but it only LIES concerning this disobedience to the LAW.

Exhibit C

Court:        This LYING Conspiracy that has been used to fix cases and has continued unabated from South Florida's 11th Circuit Case no. <u>93-cv-2335-FAM</u> through-out <u>08-cv-21778-MGC,</u> and Judicial Misconduct Complaint 11-18-90013 and all related thereto.

3.     A. Does this complaint concern the behavior of the Judge(s) in a particular lawsuit or lawsuits?

        [ X ]  Yes                    [   ]  No

4.     Have you filed any lawsuits against the judge?

        [ X ]  Yes            [   ]  No

If "yes" give the following information about each such lawsuit:  Court:  <u>11th Circuit District Court-Miami, Fl.</u>        Case Numbers:            <u>98-1305; 03-23144; 06-20638; and 08-21778MGC</u>

Present status of lawsuit:  <u>All dismissed without one (1) comment to the complaints against the first Lawsuit Judges for:</u> **(1)** <u>ignoring the seven motions to compel and Superior Court Orders that by LAW cannot be ignored and especially considering each required Dade to be punished with extreme prejudice for Concealing the exculpatory evidence (employee attendance records) in response to the:</u> <u>"Scheduling; Subpoena; and Magistrate Orders"</u> <u>and subpoenas; and</u> **(2)** <u>illegally presiding over the 2nd lawsuit with LYING that covered-up GUILTY Verdicts required by the Superior Court Orders (mandate) and thereby their</u> <u>"CRIMINAL HISTORY".</u>  <u>And all subsequent Judges for dismissing every subsequent complaint and LAWSUIT by LYING that covered up the material facts in each complaint as well.</u>

5.     **Brief statement of Facts.**  Attach a brief statement of the specific facts on which the claim of judicial misconduct or disability is based.  Include what happened, when and where it happened, and any information that would help an investigator check the facts.  If the complaint alleges judicial disability, also include any additional fact that forms the basis of that allegation.  **Because these LYING; Thieving; LOWLIFE; LAW Breaking; Racist; Criminal Judges cannot be trusted, all is stated above pg. 1.**

6.     **Declaration and signature:**

I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

(Signature) _____  (John Montford)            (Date) December 13, 2021

Federal Express tracking no.:   **8163 9040 0465**

c: Senator Marco Rubio                and        Congresswoman Frederica Wilson;

by: _____        by: _____  **(pg. 2 of 2)**

ELEVENTH CIRCUIT
JUDICIAL COUNCIL

JAN 19 2022

CIRCUIT EXECUTIVE

CONFIDENTIAL

## For the

# Eleventh Circuit Judicial Council

GENERAL ORDER 2022-C

IN THE MATTER OF JOHN MONTFORD

In Re: Order Prohibiting John Montford from Filing Further Complaints of Judicial Misconduct or Disability, pursuant to Rule 10(a) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings

## ORDER

The Eleventh Circuit Judicial Council has considered the Order to Show Cause filed on October 28, 2021, and John Montford's submissions received on December 1 and December 15, 2021. No non-disqualified judge on the Judicial Council has requested that this matter be placed on the agenda of a meeting of the Judicial Council.

The Judicial Council hereby **ORDERS** that (1) John Montford is prohibited from filing further Complaints of Judicial Misconduct or Disability pursuant to Rule 10(a) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings ("Judicial-Conduct

*Exhibit D*

Rules"), except as provided below; (2) the Clerk of the Eleventh Circuit Court of Appeals is directed to dispose of any future judicial complaints Mr. Montford tenders that pertain to his closed cases or closed judicial complaint matters without those complaints being considered under Judicial-Conduct Rule 5 and without any materials being returned to him; and (3) any future judicial complaints Mr. Montford tenders that pertain to new matters will be considered only under Judicial-Conduct Rule 5.

This order supersedes General Order 2018-S filed on September 6, 2018.

FOR THE JUDICIAL COUNCIL

Chief Judge

2

COURT OF APPEA
RECEIVED
CLERK

**DEC 15 2021**

ATLANTA, GA

John Montford-%Ms. Taiwana Wright
Alorica
15001 N.W. 79 Ct.
Miami, Fl. 33016  (305) 588 - 4250          12/13/21

United    States    Court   of   Appeals
11ᵀʰ  Circuit  Office   of   the   Clerk
56 Forsyth Street, N. W.
Atlanta, Ga.  30303

Re: the 12/1/21 rule 10(a) Petition you[1] LIE to say was filed under General Order 2018-S.

Dear Clerk David J. Smith:

You refuse to acknowledge the first two (2) Orders argued as grounds for the remand in 11ᵗʰ Circuit **"Mandate"** Number 98-5186 and every complaint related thereto. The misinterpretation of the 12/1/21 Petition would be argued as just another episode to your trying by LYING to make certain the GUILTY Verdicts required by the Mandate are never issued. The contents of the letter to the Clerk and the Petition that was filed 12/1/21 is hereby included as if fully set forth herein with copies of same attached hereto as exhibits one (1) and two (2). They were made in response to LYING Pryor's 10/28/21 rule 10 (a) Order. In both, the title reads: Petition … to file this Complaint to show cause under 10(a) …" Therefore, as requested/required under rule 11(c)(2), this Court should have accepted them as filed under rule 10(a) not 2018-S and finally responded to the Broken LAWS and material fact charges that this court has refused to acknowledge from the very first LAWSUIT. You just will not stop.

It would be argued that you continue these type CRIMES because your RACIST, Gangland Success has intoxicated you to the point you are feeling to infinity above the LAW. Your success at this injustice proves you are forever a threat to justice and thereby an abomination to even consider having in office. Remember, we still will consider you the man though if you continue this trying by LYING on the witness stand. In either case, would you please, finally obey the LAWS stated and argued in this second set of Petition; Motion; Complaint; and Evidence that is jointly filed under JMC rule 10(a)?

Sincerely,


_____  (John Montford)    Federal Express tracking no.:  **8163 9040 0465**

c: Senator Marco Rubio: by: _____,

Congresswoman Frederica Wilson: by: _____; bc: JM/kw
                                                                            12/13/21

---

[1] **Definition of YOU** where it is stated herein is to mean: **(1)** You, **Clerk David J. Smith:** the **"Puppet"/**Messenger that is saying he is delivering messages for someone that is refusing to apply JMC rule 11(c)(2) and telling him to make certain this person's name is never revealed **(the "Unnamed Chief Acting Judge"); (2)** the **Unnamed Chief Acting Judge:** the unnamed Puppeteer that is so called acting as Chief Judge is believed to be Chief Judge LYING Pryor making use of every LOW-Life Crime/trick he can come up with in effort to stay out of prison; **(3) Chief Judge LYING Pryor;** and **(4) Whoever else through-out this 11ᵗʰ Circuit that can be taking part in this, the most evil crime of all time.** Considering the grounds argued to disqualify this Circuit, that should be answered first because by LAW to not is admitting you have committed the crimes and are most illegally deciding your own fate. This uncivilized nerve coincides with what LYING Pryor used in the 1ˢᵗ case.

*Exhibit  E*

[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

FILED
US COURT OF APPEALS
ELEVENTH CIRCUIT

JUN 29 1999

THOMAS K. KAHN
CLERK

No. 98-5186
Non-Argument Calendar

D.C. Docket No. 98-1305-CIV-JAL

JOHN MONTFORD,

Plaintiff-Appellant

versus

MIAMI DADE COUNTY,
POLICE DEPARTMENT OF DADE COUNTY,
et al.,

Defendants-Appellees.

Appeal from the United States District Court for the
Southern District of Florida

(June 29, 1999)

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Exhibit 1

Appellant John Montford ("Montford") appeals the district court's judgment dismissing Montford's pro se civil-rights claims pursuant to 28 U.S.C. § 1915(e)(2). The judgment of dismissal was based on frivolity and failure of Montford to state a claim for relief. This action arose out of Montford's contention that Miami Dade County, the Dade County Police Department, and related defendants violated his rights under Title VII, 42 U.S.C. §§ 1981, 1983, 1985, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act, by creating a racially hostile work environment and retaliating against him for filing a worker's compensation lawsuit and an EEOC claim.

This court reviews a dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) *de novo*, taking the allegations in the complaint as true. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

Section 1981 forbids discrimination in the making and enforcing of contracts, and provides the basis for a federal race-discrimination claim against a private company. *See Patterson v. McLean Credit Union*, 491 U.S. 164, 176-79 (1989). Section 1983 requires a party to show that the conduct complained of was committed by a person acting under the color of state law and the conduct deprived him of rights secured by the Constitution or laws of the United States. *See Fullman v. Graddick*, 739 F.2d 553, 561 (11th Cir. 1984). The analytical framework under Title VII, and §§ 1981 and 1983 are identical. *See Richardson v. Leeds Police Dept.*, 71 F.3d 801, 805 (11th Cir. 1995); *Turnes v. AmSouth Bank, N.A.*, 36 F.3d 1057, 1060 (11th Cir. 1994).

To establish a prima facie case of hostile work environment harassment based on race or national origin, a plaintiff must show that (1) he is a member of a protected group; (2) he was subject to unwelcome harassment; (3) the harassment complained of was based on race or national origin;

2

(4) the harassment affected a term, condition, or privilege of employment; and (5) *respondeat superior*. *See Henson v. City of Dundee*, 682 F.2d 897, 903-05 (11th Cir. 1982).

After reviewing the record, we conclude that Montford stated a prima facie case of a hostile work environment. He alleges that he is a minority, a member of a protected group, and that his supervisor, Coles, subjected him to unwelcome harassment by battering him. He claims that this action affected his job and eventually ended in his termination due to his filing of an EEOC complaint concerning the incidents. He also claims that certain supervisors - namely Sergeants Abernathy and Todaro among other defendants - were aware of those incidents. Because Montford has alleged a prima facie case of hostile environment regarding the battery charge, he has stated a claim.

To establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) a causal connection exists between the two. *See Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1524 (11th Cir. 1991). To prove the causal link, a plaintiff must establish that the protected activity and the adverse action were not wholly unrelated. *See Simmons v. Camden County Bd. of Educ.*, 757 F.2d 1187, 1189 (11th Cir. 1985).

Montford alleges that he engaged in statutorily protected activity when he filed an EEOC complaint and a worker's compensation lawsuit and that he was terminated because of these filings. Furthermore, Montford disputes the forgery charge, the ostensible reason for his discharge, contending that it was based on false allegations from his ex-wife. Montford also contends that Dade County, through Anderson, and MRI, through Sevier, denied him ordered subpoena production which would have established his whereabouts at the time of the alleged crime. Accordingly, we

3

conclude that Montford has alleged a prima facie case of retaliatory discharge, has alleged that the given reasons for his discharge are spurious, and that he was denied documentation that would prove these allegations. Accordingly, we must remand this issue to the district court for further findings of fact to determine whether or not Montford's discharge and his protected activity were related.

Section 1985 covers conspiracies to interfere with civil rights. Section 1985(3) covers conspiracies to deprive "any class or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). To state such a conspiracy, a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *See Johnson v. City of Fort Lauderdale, Fla.*, 126 F.3d 1372, 1379 (11th Cir. 1997).

In our view, Montford has stated a claim under § 1985(3) for conspiracy. He contends that Cole battered him repeatedly and subjected him to acts of racial discrimination and harassment. He also claims that Todaro and Abernathy, motivated by race, conspired in their failure to address the battery charge for the purpose of depriving him of equal protection of the laws, thus depriving him of his right to redress. In our view, these allegations are sufficient to state a claim. *See Johnson*, 126 F.3d at 1379.

As to Montford's claim that the defendants denied him a hearing, as well as his suspension, Montford alleges that the defendants, motivated by race, conspired to lie and fraudulently cover up material facts of the case in order to deny him due process, and that this deprived him of his job. At a second hearing, Montford alleges that the defendants, motivated by race, conspired not to

4

investigate the forgery charge against him, conceal evidence, and that Blue and Langbein gave false testimony at the hearing, in furtherance of the conspiracy. This appears to at least state a bare claim under § 1985, enough to justify remand and possible further discovery and a required response from the defendants.

Montford also argues that the defendants violated his rights under the ADA and the Rehabilitation Act because they retaliated against him for filing a worker's compensation lawsuit and because he was a qualified individual with a disability who with reasonable accommodations could perform his duties.

Title II of the ADA prohibits discrimination by covered public entities in the provision of public services, and mandates that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II encompasses public-employment discrimination. See *Bledsoe v. Palm Beach County Soil & Water Conservation Dist.*, 133 F.3d 816, 824 (11th Cir.), *cert. denied*, 119 S.Ct. 72 (1998). To show a violation of Title II, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs or activities; and (3) such exclusion, or denial of benefits, was by reason of his disability. See *Kornblau v. Dade County*, 86 F.3d 193, 194 (11th Cir. 1996). Disability means (1) a physical or mental impairment that substantially limits one or more of the major life activities of the individual; (2) a record of the impairment; or (3) being regarded as having an impairment. 42 U.S.C. § 12102(2). Because the ADA is based on the Rehabilitation Act, the analytical frameworks are identical. See *Pritchard v. Southern Co. Servs.*, 92 F.3d 1130, 1132 n.2 (11th Cir.),

*amended on reh'g*, 102 F.3d 1118 (11th Cir. 1996), *cert. denied*, 520 U.S. 1274 (1997).

In his complaint, Montford alleges that he was injured in the line of duty and filed a worker's compensation lawsuit as a result. Although he did not specify the injury, did not specifically allege whether or how it substantially affected his life activities, and provided no record of it in his complaint, he did not have an opportunity to allege his claim, more specifically, because he had no opportunity to amend it. As noted above, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). Accordingly, because of the district court's summary dismissal of Montford's claim, we must remand this case to the district court with directions to give Montford an opportunity to amend his complaint.

For the foregoing reasons, we vacate the district court's judgment of dismissal and remand this case for further proceedings consistent with this opinion.

VACATED and REMANDED.

COURT OF APPEALS
U.S. COURT
RECEIVED
CLERK

FEB 05 2018

FILED
U.S. COURT OF APPE/
ELEVENTH CIRCUI

FEB 05 2018

David J. Smith
Clerk

**11-18-90013 thru 11-18-90024**

Judicial Council of the 11th Circuit-COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY filed pursuant to 28 USC 372(C)(1).

[Charge 1 of 7]·By LAW this 11th Circuit *ABUSE OF DISCRETION* has to be addressed without exception

PURSUANT to 28 U.S.C. 372(C)(1) Because this Dereliction of Duties established by a Disobeyed 11th Circuit Fact Finding Order; the Court Discovery Orders; Motions to Compel that it was based upon; and Subsequent Filings; Motions and Complaints related thereto ("Fact Finding Order") has Delayed the Mandatory Disclosure of what this Circuit argued to be the Case Proving Evidence for more than 20 years this Conspiracy has to be addressed without exception. These Duties were required to already be fulfilled without exception pursuant to LAWS and Orders from U. S.: "Congress"; Advisory Committee; "Supreme Court"; "11th Circuit" *En banc* and thereby the Judicial Oath ("LAW(S)") of everyone involved. Every Justice/Judge/Clerk involved ("Judge(s)") LIED; Disobeyed Court Orders and LAWS; Stole material filings from the Court Record; and/or Acted with reckless Indifference to the Complaints against this Cover-Up "Conspiracy" thereby requiring their *IMPEACHMENT* for making the LAW a LIE. By LAW Circuit Courts are assigned the duty of searching for and addressing Judges that Abuse their Discretion. Dereliction by the 11th Circuit in fulfilling this duty is the main reason the Supreme Court was Petitioned in the first Lawsuit no. 93-2335 (Montford 1 ("M1")). Brief relevant facts from M1 are as follows: Prior to my filing an E.E.O.C. and Worker's Comp. Claim ("Protected Activity") against Miami-"Dade" Police my Supervisors were telling me about the LYING Complaints my Ex was phoning in against me. After I filed the Protected Activity I was fired for allegedly Cashing my Ex's Check during the time I was scheduled to be at work. If at work then Dade LIED as grounds for my termination. By Law if Dade LIED this would prove Denial of Due Process; RACISM to infinity and therefore all counts of my M1. I requested a copy of the work records (("Work Sheet") to prove my innocence. Standard Operating Procedure for both Dade and Coral Gables Police required findings from my work records to be included in their decision process before any termination or arrest respectively. Dade never released the Work Sheets in response to: my employment requests; the Court Scheduling Order; and/or Court Subpoena Order that gave them the additional time they requested for same. Obviously, Dade Suppressed this Exculpatory Evidence in order to illegally terminate after having me illegally arrested; then Fraudulently Concealed same through-out M1. For Court concerns the LAW says a Judge abuses his Discretion by ignoring a Motion to Compel and of course the 11th Circuit has to address all such abuse. Wherefore, Judge "Moreno" Abused his Discretion by Ignoring my 7 Motions to Compel and LYING to say it was an act for delay when he and Dade delayed by 7 times failing to obey the LAW. The M1 Appeal Judges were Derelict in fulfilling their Duties by failing to address Moreno's Abuse to the extent they Abused their Discretion as well.

1.  Name of Complainant: Mr. John Montford    Day time telephone:    (305) 588 – 4250
    Contact Address:    15001 N. W. 79th Court, Miami, Fl. 33016

2.  Name(s) of Judge(s):    Circuit Judges: Anderson; Tjoflat; Barkett ("M1 Appeal Judges") and District Judge Moreno are the ones involved in this M1.

3.      3.    A. Does this complaint concern the behavior of the Judge(s) in a particular lawsuit or lawsuits? [ X ] Yes   No [ ]   If "yes", give the following information about each lawsuit:   Court: 11th Circuit and District Courts meaning all Judges for taking part in starting and Continuing this Conspiracy through-out Lawsuit Case No.s: 93-2335; 98-1305; 03-23144; 06-20638; and 08-cv-21778-MGC as explained above.

(Page 1 of 2)

*Exhibit 2*

U.S. COURT OF APPEALS
RECEIVED
CLERK

**FEB 05 2018**

Judicial Council of the 11ᵗʰ Circuit-COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY filed pursuant to 28 USC 372(C)(1);
ATLANTA, GA

(Charge 2 of 7) This *INTENTIONAL LYING* by the M1 Judges Covers-Up the Disobeyed FACT FINDING
ORDER that would have proved they helped Dade Fraudulently Conceal what this Order determined
to be the Case Proving Evidence by Dereliction of Duties and Abuse of Discretion whereby the LAW
requires this *LYING* that continues this Conspiracy to be addressed with extreme Prejudice

PURSUANT to 28 U.S.C. 372(C)(1) Dereliction of Duties and Rank Insubordination committed by the M1
Judges[1] in response to the "Fact Finding Order" in the second Lawsuit requires this Conspiracy to be
addressed without exception by LAW. The Fact Finding Order was issued on Appeal in the Second
Lawsuit no. 98-1305 filed 6/9/98[2] (Montford 2 ("M2")). The "Fact Finding Order" is stated on pages 3-
4 of the "Mandate" for Appeal no. 98-5186 (enclosed as exhibit one (1)). Brief relevant facts from M2
are as follows: Irrefutable evidence and arguments that prove the facts above from Charge one (1) were
filed in the District and Circuit Courts. The 11ᵗʰ Circuit responded by arguing to make most clear Dade
Fraudulently Concealed the Case Proving evidence in response to the 7/95 Subpoena Order. Thereby
the Fact Finding Order was issued requiring same to be determined and confirmation to be addressed
pursuant to the Mandatory Sanctions required by F.R.C.P. "rule 37(b)(2)". At bare minimum rule
37(b)(2) required the Court to give me an Order establishing everything the Fraudulently Concealed
Evidence would have proven to be proven as fact because of the Concealment's success. In Plain terms I should
have been given an Order that proves the Lawsuit in my favor and allowed time to obtain an Attorney with said Order in
hand. I argued that the M1 Judges were ignoring the Fact Finding Order that required Disclosure of the same evidence the
M1 Judges illegally helped Dade to Fraudulently Conceal in M1 as grounds for the M1 Judges RECUSAL and Denial of Dade's
Dismissal Order. Through obvious motivation Dade never responded whereby pursuant to rule 8 this proved them GUILTY
of the Concealment. With similar motivation the M1 Judges used a Dismissal Order to LIE and Cover-Up all the above.

By LAW the Fact Finding Order was required to be fulfilled without exception. Because they Abused their Discretion and
were Derelict in fulfilling their Duties in the first lawsuit as explained above for Charge one (1) the M1 Judges more than
anyone were required to Obey the Fact Finding Order[3]. Instead, through Dereliction of these Duties they Obstructed Justice
and thereby proved it was all Intentional. The Fact Finding Order itself establishes the Concealment as the new charge that
justifies the filing of M2 and prevents any *res judicata* claim. M1 Judge Moreno *Intentionally Lied* again by saying Dismissed
pursuant to *Res Judicata* and because I did not respond to Dade's Dismissal Motion. The M1 Appeal Judges *Intentionally*
*LIED* again by agreeing with Judge Moreno. In M2 the M1 Judges are: Anderson; Tjoflat; Moreno; and Cir. Judge Birsch.

1.      Name of Complainant:    Mr. John Montford          Day time telephone:      (305) 588 - 4250
        Contact Address:    15001 N. W. 79ᵗʰ Court, Miami, Fl. 33016

2.      Name(s) of Judge(s):    Circuit Judges: Anderson; Tjoflat; ("M1 Appeal Judges") Birsch; and District Judge Moreno
        ("M1 District Judge) are the ones Dismissing this M2 by *INTENTIONALLY LYING* to Cover-Up the Fact Finding Order.

3.      3.      A. Does this complaint concern the behavior of the Judge(s) in a particular lawsuit or lawsuits?   [ X ] Yes   No [ ]
        If "yes", give the following information about each lawsuit:    Court: 11ᵗʰ Circuit and District Courts meaning all Judges for
        taking part in starting and Continuing this Conspiracy through-out Lawsuit Case No.s: 93-2335; 98-1305; 03-23144; 06-20638;
        and 08-cv-21778-MGC as explained above.          (Page 1 of 2)

*Exhibit 3*

---

[1] Although Barkett has been replaced by Birsch the other Judges remained the same with controlling decision making power
and therefore the M1 Judges were actually presiding over M2. And they took full advantage to satisfy their Motivations.
[2] M1 was filed 11/93 and Dismissed by the Supreme Court 3/8/99. M2 was filed 6/9/98 and Supreme Dismissed 12/1/03.
[3] Notwithstanding Recusal Motions, simply because the Fact Finding Order gave notice Dade Fraudulently Concealed Case
Proving Evidence under their watch an honest and righteous L...                                                ughly & satisfied the LAW

U.S. COURT OF APPEALS
RECEIVED
· CLERK

FEB 0 5 2018

Judicial Council of the 11ᵗʰ Circuit-COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY filed pursuant to 28 USC 372{C}(1);
ATLANTA, GA.

(Charge 5 of 7) By LAW LYING and *STEALING* MATERIAL MOTIONS from the Court Record *through Obvious Abuse of Discretion* in Obvious effort to Cover-Up the Dereliction of Duties established by the Disobeyed FACT FINDING ORDER; requires this Conspiracy to be addressed with extreme prejudice and without exception

PURSUANT to 28 U.S.C. 372{C}(1) Because her *INTENTIONAL LYING* and Stealing Material Filings through Abuse of Discretion has Covered-up Dereliction of Duties established by the Disobeyed **Fact Finding Order** and DELAYED this Court's business for almost 10 years **District Judge Marcia "Cooke"** and all the Co-Conspirators are required to be prosecuted with extreme prejudice and without exception. This Concerns the fifth lawsuit case no. 08-21778 filed 8/8/08 **{Montford 5 ("M5")}** that although timely filed for an Appeal same was blocked by *STEALING* and mainly M1 Judges. I never had the Appeal because these Judges *STOLE* my timely unanswered Motions that required my LAWSUIT to continue then blocked ~~issued an order that blocked the Clerks from accepting any of my complaints against them.~~ **Brief relevant facts from M5 are as follows:** To begin, reference is hereby made to the exhibits that are jointly filed with this Complaint and further explanation is on the cover-page for each set of exhibits numbered as follows: **(1) As in every subsequent Lawsuit The Fact Finding Order:** is included jointly filed as exhibit one (highlighted on pages 3-4 therein); **(2) 8/8/08 Complaint:** 1ˢᵗ page naming all known Defendants and Conspiring Judges at that time; **(3) 8/20/08 Motion to Proceed Pursuant to rule 37(b){2}{C}:** that was *STOLEN* and remains *STOLEN* from the Court Record; **(4) 2/1/11 Order that: Denies 8/8/08 Motion to Proceed above pursuant to 28 U.S.C. 915(a)(3)** but only after an 11ᵗʰ Circuit Clerk instructed the lower court to answer as is past due; **(5) 2/11/11 Motion to Reconsider the 2/11/11 Order pursuant to rule 60(a):** that is *STOLEN* and remains *STOLEN* from the Court Record. But, aside from the mandatory sanctions stated in charge two {2} above Cooke is reminded pursuant to rule 37(b){2} the Defendants have to pay my court cost without exception. A copy of the rule itself was filed to show there is nothing she can do to prevent that. Thereby, pursuant to rule 60(a) she must. Of course to answer this 2/11/11 Motion would reveal all the LYING she had done to cover-up complaints against the Disobeyed **Fact Finding Order. Obviously, with the most motivation Tjoflat issued a most illegal Order saying the Case is closed due to lack of payment.** When I reminded him we were still discussing payment and an answer is due from Cooke he ordered the Clerks not to accept any more filings on this case. **(6) The Public Docket Record for M5:** to show there are other filings on the days in question but not the 8/8/08 or 2/11/11 Motions stated above. I would argue Cooke *Intentionally STOLE* these filings so: no one would know she was *INTENTIONALLY LYING* and illegally refusing to apply rule 37(b){2}{C}; to suggest the LAW allows her to decide this rule under 28 USC 915(a)(3); but most particularly because the answer the LAW requires to be given would expose this Conspiracy and land all Judges in JAIL. WHEREFORE, because of the above that results in Dereliction of Duties; Abuse of Discretion; and breaking of the LAWS the **LAW** requires this Conspiracy to be addressed with extreme prejudice and without exception.

1.   Name of Complainant:   Mr. John Montford        Day time telephone: (305) 588 - 4250
     Contact Address:       15001 N. W. 79ᵗʰ Court, Miami, Fl. 33016
                                          Exhibit  4
2.   Name(s) of Judge(s):   Circuit Judge: Tjoflat and District Judge Marcia Cooke.

3.   3.    A. Does this complaint concern the behavior of the Judge(s) in a particular lawsuit or lawsuits? [ X ] Yes
     No [] If "yes", give the following information about each lawsuit:  Court: 11ᵗʰ Circuit and District Courts meaning all Judges for taking part in and Continuing this Conspiracy through-out Lawsuit Case No.s: 93-2335; 98-1305; 03-23144; 06-20638; and 08-cv-21778-MGC as explained above. **(Page 1 of 2)**

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

SEP 28 2018

David J. Smith
Clerk

CONFIDENTIAL

## BEFORE THE ACTING CHIEF JUDGE
## OF THE ELEVENTH JUDICIAL CIRCUIT

### Judicial Complaint Nos. 11-18-90013 through 11-18-90024,
### 11-18-90031, and 11-18-90032

## IN THE MATTER OF A COMPLAINT FILED BY JOHN MONTFORD

IN RE: The Complaint of John Montford against U.S. District Judges Federico A. Moreno, Jose E. Martinez, Marcia G. Cooke, Joan A. Lenard, and William J. Zloch of the U.S. District Court for the Southern District of Florida, and U.S. Circuit Judges R. Lanier Anderson III, Gerald Bard Tjoflat, Rosemary Barkett, Stanley F. Birch, Jr., Frank M. Hull, Charles R. Wilson, Joel F. Dubina, Ed Carnes, and Stanley Marcus of the U.S. Court of Appeals for the Eleventh Circuit, under the Judicial Conduct and Disability Act of 1980, Chapter 16 of Title 28 U.S.C. §§ 351-364.

## ORDER

Mr. John Montford ("Complainant") has filed this Complaint against United States District Judges Federico A. Moreno, Jose E. Martinez, Marcia G. Cooke, Joan A. Lenard, and William J. Zloch, and United States Circuit Judges R. Lanier Anderson III, Gerald Bard Tjoflat, Rosemary Barkett, Stanley F. Birch, Jr., Frank M. Hull, Charles R. Wilson, Joel F. Dubina, Ed Carnes, and Stanley Marcus (collectively "the Subject Judges"), pursuant to Chapter 16 of Title 28 U.S.C. § 351(a) and the Rules for Judicial-Conduct and Judicial-Disability Proceedings of the Judicial Conference of the United States ("JCDR"). Judges Barkett and Birch retired in September 2013 and August 2010, respectively.

As an initial matter, after Complainant filed his Complaint, he filed two supplemental statements. The filing of the supplemental statements is permitted. See 11th Cir. JCDR 6.7.

### Background

The record shows that in 1993 Complainant filed a complaint against the Metro-Dade Police Department ("the Police Department") and other defendants alleging employment discrimination. After various amended complaints, in February 1996 Judge Moreno dismissed Complainant's fourth amended complaint with prejudice because he failed to respond to the defendants' motions to dismiss with a memorandum of law.

Exhibit 5

Complainant appealed, and in 1998 a panel of the circuit court comprised of Judges Anderson, Tjoflat, and Barkett affirmed the dismissal of his complaint.

In May 1997 Complainant filed a lawsuit against the Police Department and other defendants, raising various claims. In July 1997 a district judge who is not one of the Subject Judges dismissed the complaint without prejudice as frivolous. Complainant then filed, among other things, a motion for reconsideration, which the district court denied.

In June 1998 Complainant filed a lawsuit against the Police Department and other defendants, raising claims of discrimination, retaliation, hostile work environment, and conspiracy. Judge Lenard dismissed the complaint as frivolous and for failure to state a claim. In Appeal No. 98-5186, a panel of the circuit court comprised of Judges Birch, Dubina, and Barkett vacated the dismissal order, holding that Complainant sufficiently stated a prima facie case as to the hostile work environment, retaliatory discharge, and conspiracy claims, and that he should be given the opportunity to amend his complaint with respect to the discrimination claim.

After various additional proceedings, in November 2000 Complainant filed in the district court a second amended complaint, arguing in part that certain defendants had fraudulently concealed documents and that the district judge failed to address the issue. The defendants filed motions to dismiss the second amended complaint. In August 2001 a magistrate judge issued a report recommending that all but one of the motions to dismiss be granted with prejudice, finding that Complainant failed to state a claim as to those defendants, and that the motion to dismiss filed by "the County Defendants" be denied.

Judge Moreno adopted in part the report and recommendation, granted certain defendants' motions to dismiss, and ordered that the County Defendants' motion to dismiss would be taken under consideration as a motion for summary judgment. Complainant then filed a motion for summary judgment. In March 2002 Judge Moreno entered an order granting the County Defendants' motion for summary judgment and denying Complainant's motion for summary judgment as moot. Judge Moreno found that Complainant's claims against the County Defendants were barred by the doctrine of res judicata. Complainant appealed.

In February 2003 a panel of the circuit court comprised of Judges Tjoflat, Anderson, and Birch affirmed, holding that the district judge did not commit error or abuse his discretion in: (1) dismissing defendants because Complainant failed to adequately plead claims against them; (2) granting summary judgment in favor of the County Defendants on res judicata grounds; (3) dismissing unserved defendants; and (4) denying Complainant's request for counsel and motion for recusal. Meanwhile, Complainant filed in the district court a motion to reverse the order granting summary judgment in favor of the County Defendants, which Judge Moreno denied for lack of

jurisdiction. Complainant appealed and moved to proceed in forma pauperis (IFP) on appeal. In August 2003 Judge Birch denied the IFP motion, determining the appeal was frivolous. Complainant filed a motion for reconsideration, and a two-judge panel comprised of Judges Tjoflat and Birch denied the motion because the appeal was frivolous.

The record shows that in April 2004 Complainant filed an amended complaint against numerous defendants, including the Police Department and Judge Moreno, arguing in part that the defendants lied and engaged in fraud to have his previous lawsuits dismissed. Judge Lenard dismissed the complaint as barred by res judicata, as frivolous, and for failure to state a claim. In June 2005 a panel of the circuit court comprised of Judges Birch, Hull, and Wilson affirmed on appeal, holding the district court committed no reversible error.

In March 2006 Complainant filed a lawsuit against the Police Department, multiple Subject Judges, and other defendants, alleging in part that the judges lied and refused to acknowledge a "Case Proving Remand/Mandate Order" and "Fraudulent Concealment of the Case Proving Evidence." In August 2006 Judge Martinez dismissed the complaint as frivolous. Complainant then filed multiple motions seeking various types of relief, which Judge Martinez denied. Complainant appealed and moved to proceed IFP on appeal.

In September 2007 Circuit Judge Carnes entered an order denying the IFP motion because the appeal was frivolous, and a two-judge panel comprised of Judges Carnes and Barkett later denied a construed motion for reconsideration. In December 2007 a panel of the circuit court comprised of Judges Dubina, Carnes, and Barkett denied other motions Complainant had filed and dismissed the appeal as frivolous on its own motion. The panel noted that: (1) Complainant moved for the recusal of circuit court judges based on his belief that they had not complied with the circuit court's mandate in Appeal No. 98-5186; (2) the circuit court had affirmed the district court's resolution of the underlying case in a later appeal; and (3) Complainant's "belief that he was entitled to a different resolution of his claims is mistaken."

In June 2008 Complainant filed a civil rights action against the Police Department, multiple Subject Judges, and other defendants, alleging in part that the judges conspired to conceal "case proving evidence" and disobeyed the circuit court's mandate in an earlier appeal. The next month, Judge Cooke dismissed the complaint with prejudice, finding it failed to comply with the pleading rules, was frivolous, and failed to state a claim, and that various claims were barred by res judicata. Complainant appealed; and in March 2011 the circuit court clerically dismissed the appeal for want of prosecution. In January 2011 Complainant filed an amended notice of appeal, and in May 2011 a panel of the circuit court that included Judge Barkett dismissed the appeal for lack of jurisdiction because the notice of appeal was untimely as to any district court order. In

March 2013 Judge Barkett issued an order directing the clerk to return unfiled a motion to strike that Complainant had submitted.

Previous Complaints of Judicial Misconduct or Disability

Complainant has filed previous Complaints of Judicial Misconduct or Disability against every Subject Judge that he names in the instant Complaint, except for Judge Birch.

1.      Complaint Nos. 03-0013 through 03-0015

On March 24, 2003, Complainant filed three Complaints of Judicial Misconduct or Disability against District Judge Moreno and Circuit Judges Anderson and Tjoflat. He alleged that the judges overlooked concealed facts in two of his cases, denied him due process, failed to recuse themselves, and overlooked or ignored the circuit court's "Remand Order" in Appeal No. 98-5186. By orders dated April 2, 2003, then-Chief Judge J.L. Edmondson dismissed the Complaints as merits-related. Complainant filed petitions for review, and on August 28, 2003, the Eleventh Circuit Judicial Council affirmed the disposition of the complaints.

2.      Complaint No. 03-0098

On November 7, 2003, Complainant filed a Complaint of Judicial Misconduct or Disability against District Judge Moreno, alleging that he intentionally lied about material facts, covered up "Fraudulent Concealment," and ignored filings. On January 8, 2004, then-Chief Judge Edmondson dismissed the Complaint as merits-related and "successive." Complainant filed a petition for review, and on April 8, 2004, the Judicial Council Review Panel affirmed the disposition of the Complaint.

3.      Complaint Nos. 11-10-90123 through 11-10-90136

On September 29, 2010, Complainant filed 5 separate Complaints of Judicial Misconduct or Disability against a total of 14 subject judges, including District Judges Moreno, Zloch, Lenard, Martinez, and Cooke, and Circuit Judges Anderson, Tjoflat, Barkett, Hull, Wilson, Dubina, and Carnes, as well as two magistrate judges. In the Complaints, Complainant alleged that the judges ignored his right to "Discovery Sanction Hearings," ignored the mandate in Appeal No. 98-5186, improperly failed to recuse themselves, and/or were part of a "Judicial Conspiracy." On January 31, 2011, then-Chief Judge Dubina issued 13 orders dismissing Complaints as merits-related or based on allegations lacking sufficient evidence, and on February 3, 2011, Acting Chief Judge Tjoflat dismissed the Complaint against Judge Dubina for the same reasons. Complainant did not file a timely petition for review, and the Complaint matters were closed in March 2011.

4

4.  Complaint No. 11-14-90023

On March 26, 2014, Complainant filed a Complaint of Judicial Misconduct or Disability against Judge Barkett, alleging, among other things, that she was part of a conspiracy to cover up complaints he had filed.  On May 5, 2014, Chief Judge Carnes issued an order concluding the Complaint proceeding in light of Judge Barkett's retirement.  Complainant filed a petition for review, and the Judicial Council Review Panel affirmed the disposition of the Complaint on November 10, 2014.

5.  Complaint No. 11-15-90158

On November 13, 2015, Complainant filed a Complaint of Judicial Misconduct or Disability against Judge Tjoflat, alleging that he and others illegally worked together to cover up the decision in Appeal No. 98-5186 and other filings, and taking issue with Judge Tjoflat's order signed on behalf of the Judicial Council in the previous Complaint of Judicial Misconduct or Disability matter.  On March 4, 2016, Chief Judge Carnes dismissed the Complaint as merits-related and based on allegations lacking sufficient evidence.  Complainant filed a petition for review, and on May 25, 2016, the Judicial Council Review Panel affirmed the disposition of the Complaint.

6.  Complaint No. 11-16-90032

On April 8, 2016, Complainant filed a Complaint of Judicial Misconduct or Disability against Chief Judge Carnes, taking issue with his order in Complaint No. 11-15-90158 and alleging that he engaged in "intentional lying" to "Cover-Up and Continue the Conspiracy."  He also alleged that judges had ignored the circuit court's "Mandate Order" in Appeal No. 98-5186, lied, destroyed filings, and refused to apply Fed. R. Civ. P. 37(b)(2)(C).  On March 31, 2017, Acting Chief Judge Marcus dismissed the Complaint as merits-related and based on allegations lacking sufficient evidence. Complainant filed a petition for review, and on August 15, 2017, the Judicial Council Review Panel affirmed the disposition of the Complaint.

7.  Complaint Nos. 11-17-90042 and 11-17-90043

On May 5, 2017, Complainant filed a Complaint of Judicial Misconduct or Disability against Judges Marcus and Carnes, alleging that: (1) they lied and were a part of a conspiracy to illegally cover up "Case Proving Evidence"; (2) Judge Marcus' dismissal of Complaint No. 11-16-90032 on the ground that it was merits-related was a lie; and (3) unnamed judges abused their discretion, illegally dismissed cases, covered up matters, stole filings, acted illegally or without authority in connection with his prior cases and appeals, and refused to apply mandatory sanctions required by Rule 37(b)(2). On January 4, 2018, Acting Chief Judge Wilson dismissed the Complaint as merits-

related and based on allegations lacking sufficient evidence. Complainant filed a petition for review, and on April 6, 2018, the Judicial Council Review Panel affirmed the disposition of the Complaint.

Present Complaint

Complainant's present Complaint of Judicial Misconduct or Disability consists of seven "Charges" in which he generally alleges that the Subject Judges were part of a conspiracy and intentionally lied to fraudulently conceal and cover up various matters, including the circuit court's "Fact Finding Order" in Appeal No. 98-5186.

- In the first Charge, Complainant: (1) names Circuit Judges Anderson, Tjoflat, and Barkett, and District Judge Moreno; (2) alleges that Judge Moreno abused his discretion by ignoring seven motions to compel and lied in Complainant's first lawsuit; and (3) alleges that Judges Anderson, Tjoflat, and Barkett abused their discretion and were "Derelict in fulfilling their Duties by failing to address" Judge Moreno's abuse of discretion.

- In the second Charge, Complainant: (1) names Circuit Judges Anderson, Tjoflat, and Birch and District Judge Moreno; and (2) alleges that those judges intentionally lied to cover up the circuit court's order in Appeal No. 98-5186.

- In the third Charge, Complainant: (1) names Circuit Judges Birch, Hull, and Wilson and District Judges Zloch[1] and Lenard; (2) alleges that Judge Lenard intentionally lied to illegally dismiss Complainant's lawsuit; and (3) alleges that the circuit judges abused their discretion by not addressing the district judge's dereliction of duty.

- In the fourth Charge, Complainant: (1) names Circuit Judges Dubina, Carnes,[2] and Barkett and District Judge Martinez; (2) alleges that Judge Martinez intentionally lied to illegally dismiss Complainant's lawsuit; and (3) alleges that the circuit judges intentionally lied and were derelict in their duties by agreeing with Judge Martinez.

- In the fifth Charge, Complainant: (1) names Circuit Judge Tjoflat and District Judge Cooke; (2) alleges that Judge Cooke lied to cover up matters, stole filings, and illegally refused to apply Rule 37(b)(2)(C); and (3) alleges that Judge Tjoflat issued an "illegal Order saying the Case is closed due to lack of payment."

- In the sixth Charge, Complainant: (1) names Circuit Judges Carnes and Marcus; (2) alleges that those judges intentionally lied to continue the "Cover-Up Conspiracy"; and (3) alleges that they "are guilty of Dereliction of Duties; Abuse of Discretion; Rank Insubordination for taking part in violating the LAWS" in

---

[1] Judge Zloch's name appears as "Zull." Complainant later clarified that he intended Judge "Zull" to be Judge Zloch.

[2] Judge Carnes' name appears as "Barnes."

6

connection with Complainant's prior Complaints of Judicial Misconduct or
Disability.

- In the seventh Charge, Complainant names Circuit Judge Wilson and generally
takes issue with his order dismissing Complainant's prior Complaint of Judicial
Misconduct or Disability.

## Supplements

After he filed his Complaint, Complainant filed two supplemental statements, the
first of which is comprised of various documents. He submitted a "2018 Motion for
Recusal of this Entire 11th Circuit Based Upon Clear/Obvious Bias Proven to Infinity by
the Success of this Cover-Up of the 11th Circuit Fact Finding Order Conspiracy," in
which he raises various allegations of misconduct and contends that all circuit judges
should be recused. Complainant also submitted revised versions of the third and seventh
Charges and 13 separate exhibits to his Complaint of Judicial Misconduct or Disability,
which he generally contends support his allegations of misconduct. Complainant's
second supplement consists of a motion to file a new motion to recuse all circuit judges,
as well as the motion to recuse all circuit judges, in which he raises various allegations of
misconduct.[3]

## Discussion

### Judges Barkett and Birch

Rule 11(e) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings
of the Judicial Conference of the United States provides, "The chief judge may conclude
a complaint proceeding in whole or in part upon determining that intervening events
render some or all of the allegations moot or make remedial action impossible." With
respect to this rule, the "Commentary on Rule 11" provides in part, "Rule 11(e)
implements Section 352(b)(2) of the Act, which permits the chief judge to 'conclude the
proceeding' if 'action on the complaint is no longer necessary because of intervening
events,' such as a resignation from judicial office."

To the extent the Complaint concerns Judges Barkett and Birch, in light of their
retirements, "intervening events render some or all of the allegations moot or make
remedial action impossible," JCDR 11(e). For this reason, pursuant to Chapter 16 of
Title 28 U.S.C. § 352(b)(2) and Rule 11(e) of the Rules for Judicial-Conduct and
Judicial-Disability Proceedings of the Judicial Conference of the United States, this
Complaint proceeding is CONCLUDED to the extent it concerns Judges Barkett and
Birch. The conclusion of this proceeding in no way implies that there is any merit to
Complainant's allegations against Judges Barkett and Birch.

---

[3] Complainant's requests to recuse all circuit judges are DENIED.

The Remaining Subject Judges

Rule 3(h)(3)(A) provides that cognizable misconduct does not include "an allegation that is directly related to the merits of a decision or procedural ruling." The Rule provides that "[a]n allegation that calls into question the correctness of a judge's ruling, including a failure to recuse, without more, is merits-related." Id. The "Commentary on Rule 3" states in part:

Rule 3(h)(3)(A) tracks the Act, 28 U.S.C. § 352(b)(1)(A)(ii), in excluding from the definition of misconduct allegations "[d]irectly related to the merits of a decision or procedural ruling." This exclusion preserves the independence of judges in the exercise of judicial power by ensuring that the complaint procedure is not used to collaterally attack the substance of a judge's ruling. Any allegation that calls into question the correctness of an official action of a judge—without more—is merits-related.

In addition, the "Commentary on Rule 3" provides:

The phrase "decision or procedural ruling" is not limited to rulings issued in deciding Article III cases or controversies. Thus, a complaint challenging the correctness of a chief judge's determination to dismiss a prior misconduct complaint would be properly dismissed as merits-related—in other words, as challenging the substance of the judge's administrative determination to dismiss the complaint—even though it does not concern the judge's rulings in Article III litigation.

Furthermore, when a complaint repeats allegations of a previously dismissed complaint, it is appropriate to dismiss those allegations and address only any allegations that have not previously been considered. See JCDR 11(c)(2).

Complainant's allegations that the remaining Subject Judges engaged in misconduct in connection with his lawsuits and appeals, and that Judges Carnes and Marcus engaged in misconduct in connection with previous Complaints of Judicial Misconduct or Disability, have already been considered in connection with earlier Complaints of Judicial Misconduct or Disability.

To the extent Complainant raises allegations that have not previously been considered, his allegations that pertain to the substance of Judge Wilson's order in Complaint Nos. 11-17-90042 and 11-17-90043 are directly related to the merits of Judge Wilson's decisions or procedural rulings. Apart from the decisions or procedural rulings that Complainant challenges, he provides no credible facts or evidence in support of his claims that the Subject Judges engaged in misconduct.

With respect to all of the Subject Judges except for Judges Barkett and Birch, the allegations of this Complaint are "directly related to the merits of a decision or procedural ruling," and the Complaint "is based on allegations lacking sufficient evidence to raise an inference that misconduct has occurred or that a disability exists." For those reasons, pursuant to Chapter 16 of Title 28 U.S.C. § 352(b)(1)(A)(ii) and (iii), and Rule 11(c)(1)(B) and (D) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings of the Judicial Conference of the United States, this Complaint is DISMISSED to the extent it concerns the Subject Judges other than Judges Barkett and Birch.

Acting Chief Judge

9

U.S. COURT OF APPEALS
RECEIVED
CLERK

**JUN 0 4 2021**

ATLANTA, GA

(Judicial Council of the 11th Circuit; COMPLAINT OF JUDICIAL MISCONDUCT) based upon Complaint nos. 11-18-90013 through 11-18-90024; 11-18-90031 & 11-18-90032; exhibits filed 11/19/20

| Complainant | V. | Subject of Complaint |
|---|---|---|
| John Montford/ | 5/31/21 | Circuit Judge William H. Pryor; et al/ |

Judicial Council of the 11th Circuit-COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

<u>By LAW, under rule 11(c)(2), this rule five (5) Complaint is filed to force the RACIST 11th Circuit Judges to finally acknowledge then recuse themselves from answering the same complaints their INTENTIONAL LYING has covered-up from the very start.</u> These complaints have always been against every Justice/Judge/Clerk involved (**"Judge(s)"**) for: all the LAWS they broke (**"Broken LAWS"**); refusal to correct errors in judgement as required by the Fact Finding and Concealment Orders in 11th Circuit **"Mandate"** no. 98-5186 (**"Superior Court Orders"**); and *LYING* that covers-up all the above. To further explain, the contents from the jointly filed rule 11(c)(2) Motions: to File and for Recusal of the entire 11th Circuit is included as if fully set forth herein. The mandate at exhibit one (1) explains: **(a)** how the **Exculpatory "Evidence"** was Fraudulently Concealed in response to a Subpoena Order (**"Concealment"**); and **(b)** and requires legal formulas to be used to determine Retaliation; Racism; and Conspiracy charges (pages 3-5). <u>By stating the Concealment claims are "enough to justify remand and possible further discovery and a required response from the defendants", the mandate required the LAW under "Federal Rules of Civil Procedure", rules: 26(g); *37(b)(2)*; and 28 U.S.C. 1927 to be applied.</u> Required fulfillment of these LAWS made it too late to give **"Dade"** Police another chance to disclose this evidence the very moment the first lawsuit ended. Therefore, at bare minimum, the LAW under rule 37(b)(2) required all the exculpatory evidence could prove to be established as irrefutable facts. **Thereby, these Superior Court Orders required the following GUILTY Verdicts to be issued…, by** *LYING*: **(i)** Dade subjected Montford to a RACIST Termination in retaliation for filling a Workers Comp. and E.E.O.C. claim; and **(ii)** the judges illegally worked with attorneys to cover-up: their disobedience; Denial of the Superior Court Orders and Montfords' Constitutional Rights; and all the LAWS they broke in this process. WHEREFORE, these LAWS command: the Superior Court Orders; Broken LAWS; and Judge Jailing's are finally fulfilled. And Montford hereby demands the same. IT … IS … THE … LAW!!!

1. Name of Complainant: <u>Mr. John Montford</u>     Day time telephone: <u>(305) 588 - 4250</u>

   Contact Address: <u>%Ms. Taiwana Wright, 15001 N. W. 79th Court, Miami, Fl. 33016</u>

2. Name(s) of Judge(s): <u>Circuit Judges: William H. Pryor Jr., Rosenbaum, Jill Pryor, Newsom, Walker, Anderson, Tjoflat, Barkett, District Judge Moreno, all other judges involved that are named in Judge Pryor's 9/18 Dismissal Order, et al</u>

   Court: <u>U. S. 11th Circuit and District Court of South Florida</u>

3. A. Does this complaint concern the behavior of the Judge(s) in a particular lawsuit or lawsuits?

   [ X ] Yes          [ ] No

   If "yes", give the following information about each lawsuit:

   Court: This LYING Conspiracy that has been used to fix cases and has continued unabated from South Florida's 11th Circuit Case no. <u>93-cv-2335-FAM</u> through-out <u>08-cv-21778-MGC</u> and every Judicial Misconduct Complaint related thereto. **(Page 1 of 2)**

<u>Every Judge involved has taken part in refusing to issue the GUILTY Verdicts required by the Superior Court Orders and prior discovery orders whereby, at the very least, they made their Judicial Oath a LIE.</u>

*Exhibit 6*

Are (were) you a party or lawyer in the lawsuit?

[ X ] Party          [   ] Lawyer          [   ] Neither

B.      If you are (were) a party and have (had) a lawyer, give the lawyer's name, address, and telephone number: _____

4.      Have you filed any lawsuits against the judge?

[ X ] Yes          [   ] No

If "yes" give the following information about each such lawsuit: Court: <u>11th Circuit District Court-</u>
<u>Miami, Fl.</u>     Case Numbers:          <u>98-1305; 03-23144; 06-20638; and 08-21778MGC</u>

Present status of lawsuit: <u>All dismissed without one (1) comment to the complaints against the first</u>
<u>Lawsuit Judges for: **(1)** ignoring the seven motions to compel and Superior Court Orders that by LAW</u>
<u>cannot be ignored and especially considering each required Dade to be punished with extreme</u>
<u>prejudice for Concealing the exculpatory evidence (employee attendance records) in response to the:</u>
<u>"Scheduling; Subpoena; and Magistrate Orders"; and **(2)** illegally presiding over the 2nd lawsuit with</u>
<u>LYING that covered-up the Superior Court Orders that would expose their **"CRIMINAL HISTORY"**. And</u>
<u>all subsequent Judges for dismissing every subsequent complaint and LAWSUIT by LYING as well.</u>

5.      **Brief statement of Facts.** Attach a brief statement of the specific facts on which the claim of judicial misconduct or disability is based. Include what happened, when and where it happened, and any information that would help an investigator check the facts. If the complaint alleges judicial disability, also include any additional fact that forms the basis of that allegation. <u>Because these LYING;</u>
<u>Thieving; LOWLIFE; LAW Breaking; Racist; Criminal Judges cannot be trusted, all is stated above pg. 1.</u>

6.      **Declaration and signature:**

I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

(Signature) _____     (John Montford)          (Date) May 31, 2021

Federal Express tracking no.:      8128 0385 2760

c: Senator Marco Rubio          and          Congresswoman Frederica Wilson;

by: _____          by: _____

U. S. Supreme Court Justices     bc:     JM/kw                              page 2 of 2

To begin the complaint process, complete this form and prepare the brief statement of facts described in item 5 (below). The rules for judicial–conduct and judicial–disability proceedings, adopted by the Judicial Conference of the United States, contain information on what to include in a complaint (Rule 6), where to file a complaint (Rule 7), and other important matters. The rules are available in federal court clerks' offices, on individual federal courts' Web sites, and on www.uscourts.gov. Your complaint (this form and the statement of facts) should be typewritten and must be legible, for the number of copies to file, consult the local rules of clerk's office of the court in which your complaint is required to be filed. Enclose each copy of the complaint in an envelope marked "COMPLAINT OF MISCONDUCT" or "Complaint of Disability" and submit it to the appropriate clerk of court. **Do not put the name of any judge on the envelope.**

U.S. COURT OF APPEALS
RECEIVED
CLERK

JUN 0 4 2021

ATLANTA, GA

(Judicial Council of the 11th Cir; COMPLAINT OF JUDICIAL MISCONDUCT) based upon Complaint nos. 11-18-90013 through 11-18-90024; 11-18-90031 & 11-18-90032; exhibits filed 11/19/20

Complainant
John Montford

V.
5/31/21

Subject     of     Complaint
Circuit Judge William H. Pryor; et al/

## MOTION BY LAW UNDER RULE 11(c)(2) TO DISQUALIFY THE ENTIRE 11TH CIRCUIT UNDER RULE 25(g); and TRANSFER THE COMPLAINT UNDER RULE 26 (with incorporated memorandum of LAW).

By refusing to issue the *GUILTY Verdicts* required by Superior Court Orders in this mandate, these *RACIST Judges* have pulled off the most evil Court Crime of all time. To this concern, the laws they have broken and thereby our U. S. Constitution through the latter part of our Bill of Rights holds: "LYING Judges that fix cases against the minority races shall have no places in our Judicial Branch". It would be argued, that failure to fulfill this right/duty will leave these judges in office to fulfill their personal agendas by fixing more cases as payoffs and kickbacks. This is truly a threat to justice everywhere. **To further explain, the contents of the jointly filed complaint; exhibits[1]; and rule 11(c)(2) motion to file is hereby included as if fully set forth herein.**

In every way seen to interpret, the refusal to obey the Fact Finding and Concealment Orders ("mandate") has continuously been complained against. **For this concern the LAW holds: (1) "when an appellate court issues a specific mandate it is not subject to interpretation; the district court has an obligation to carry out the order".** [These orders have to be obeyed] "to create efficiency, finality and obedience within the judicial system"; and (2) "A trial court, upon receiving the mandate ... "must enter an order in strict compliance with the mandate[2]". Further, Mandates are a means to remand cases to "correct errors in judgement". Therefore, any judge responding to a complaint that a mandate has not been obeyed, has to make certain all orders have been issued to fulfill what the mandate states and implies. Not disobey the order by saying other people did not interpret it for them

Judge, Pryor never gave direct response to complaints against this: Rank Insubination; Obstruction of Justice; and/or Broken LAWS. However, same as every other judge, he did issue a Dismissal Order saying, "It is a merit of Decision issue". For the above reasons it is a Broken LAW issue. Subordinates will never have a legal option to say they do whatever they want in response to orders from their Superiors. Therefore, the LAW and thereby our Constition requires every judge involved to be ousted from office, along with their RACIST policies. Please allow any judge wanting to dispute this fact to do so by answering the following question with the understanding their jail time will be doubled by another LIE or act for at delay. When Judges through Rank Insubordination obstruct justice by refusing to issue the Guilty Verdicts required by a Mandate is it Judicial Misconduct? Does the LAW require this recusal after 30 years of 11th Circuit LYING? WHEREFORE this recusal should be granted.

All sworn under penalty of perjury: _____ (John Montford) Fed Ex. 8128 0385 2760

C: Senator Rubio-by: _____ Congresswoman Wilson-by: _____ bc/kw

---

[1] The exhibits are included for review to show what the usual complaints have always been by what is highlighted. Compare this to Judge Pryor's review that he bases his dismissal order upon and you will find he states the material facts out of context. This is how he and all other judges have covered-up their crime with LYING. They omit the Obstruction of Justice; Rank Insubordination; and the Broken LAW charges however. These LIES and omissions help them appear true.
[2] These decisions of LAW are found in the law books as follows: (1) *Litman v. Mass.* Case in the law book 825 F.2d 1506, on page 1511 (11th Cir. 1987); and (2) *Piambino v. Bailey* case. In the law book, 757 F.2d 1112 on page 1119.

Exhibit 7

U.S. COURT OF APPEALS
RECEIVED
CLERK

**JUN 0 4 2021**

ATLANTA, GA

(Judicial Council of the 11ᵗʰ Circuit; COMPLAINT OF JUDICIAL MISCONDUCT) based upon Complaint nos. 11-18-90013 through 11-18-90024; & 11-18-90032; exhibits filed 11/19/20

| Complainant | V. | Subject of Complaint |
|---|---|---|
| John Montford/ | 5/31/21 | Circuit Judge William H. Pryor; et al/ |

## MOTION/PETITION BY LAW UNDER RULE 11(c)(2)[1] TO FILE THIS COMPLAINT UNDER RULE 5 TO SATISFY THEN FORCE THE ENTIRE 11ᵀᴴ CIRCUIT TO FINALLY ACKNOWLEDGE THEN RECUSE ITSELF FROM ANSWERING THE SAME COMPLAINTS THIS CIRCUIT HAS COVERED-UP FROM THE VERY START WITH INTENTIONAL LYING (with incorporated memorandum of LAW)

**RANK INSUBORDINATION; OBSTRUCTION of Justice; and Broken LAWS**, are the "material charges" to this Criminal Conspiracy that were never responded to and thereby makes the filing of this motion undeniable[2]. To further explain, the contents from the jointly filed complaint; exhibits; and Motion for the Recusal of the entire 11ᵗʰ Circuit is hereby included as if fully set further herein.

To this concern, the highlighted section on pages 3-4 of the mandate at exhibit one (1) explains, Montford sought his *"attendance records"* to prove he was at work as scheduled and not across town doing anything he could be fired for. This mandate goes further to explain the attendance records were "Fraudulently Concealed" in response to a Subpoena Order, then orders Fact Finding based upon this allegation ("Fact Finding Order"). As explained in exhibit two (2): a Scheduling Order; Subpoena Order; [Magistrate Order; three (3) Subpoenas] and thereby the LAW under FRCP rule one (1) required Dade to disclose the attendance records or be punished. And Seven (7) Motions to Compel required the Judges to punish Dade under rule one (1) or be punished themselves. The contents of the motions to Compel remain most illegally ignored and thereby never denied. Based upon all that is never denied, the LAW under FRCP 8(d) establishes that Dade did commit the Fraudulent "Concealment".

Therefore, based upon the LAW that is footnote explained below, this is another reason the GUILTY Orders explained in the Complaint were required to be issued[3]. As complained against in charge 5 at exhibit 4, the timely filed yet never answered Motions for: court fees; attorney fees; and Petition to obey the Mandate were stolen and remain stolen from the publicized docket. Pryor joined in with his LYING order at ex. 5 that covers-up all this. WHEREFORE, request is made as titled above.

All sworn under penalty of perjury: _____ (John Montford) Fed Ex. **8128 0385 2760**

C: Senator Rubio-by: _____ Congresswoman Wilson-by: _____ bc

---

[1] By LAW, under Judicial Misconduct and Disability Complaint ("JMDC") rule number 11(c)(2) it holds as impermissible grounds that: "A complaint must not be dismissed .. if it contains material information not previously considered".
[2] To further explain and prove this, the contents from Judicial Misconduct Complaint ("JMC") 11-18-90013, charge one (1); two (2); and five (5), is hereby included as if fully set forth herein. Broken LAW charges are highlighted through-out each exhibit. Please confirm the RANK INSUBORDINATION; and Obstruction of Justice charges are highlighted in exhibit 3.
[3] Because this Fraudulent Concealment falls under the LAW established at FRCP, rule 37(b)(2) punishments were required to be enforced without exception. The bare minimum of punishments is explained for rule 37(b)2) in the complaint. The Defendants are thereby also required to pay reasonable court cost and attorneys fee, at bare minimum. What triggers all of this under FRCP, rule one (1) is the LAW established in the **Piambino v. Bailey** case, in law book 757 F2d 1112 (1985) on **page 1119** that states: the trial court "is bound to follow the appellate court's holdings, both expressed and implied. Therefore, anyone investigation a Mandate to fulfill it or investigate for disobedience claims, has to read it entirely and ensure all that is merely implied is fulfilled. Therefore, by the mandate simply mentioning the Concealment, this is another way the Mandate required the Guilty Verdicts to be issued. This acknowledgement is most important because it is the new charge that justified filing the second and every subsequent lawsuit and prevents any claim for res judicata.

Exhibit 8

# United States Court of Appeals

## Eleventh Circuit

56 Forsyth Street, N.W.
Atlanta, Georgia 30303
404-335-6100

David J. Smith
Clerk of Court

www.ca11.uscourts.gov

Amy C. Nerenberg
Chief Deputy Clerk

June 8, 2021

CONFIDENTIAL

John Montford
Alorica
15001 N.W. 79 Court
Miami, FL 33016

Re:   Consideration under Rule 5 of Complaint Submitted by John Montford

Dear Mr. Montford:

Pursuant to General Order 2018-S, the Acting Chief United States Circuit Judge has considered your complaint against multiple judges and other documents received on June 4, 2021, under Rule 5 of the Rules for Judicial-Conduct and Judicial-Disability Proceedings of the Judicial Conference of the United States. The Acting Chief Judge has directed me to advise you that he has determined not to identify a complaint pursuant to Rule 5.

Sincerely,

/s/ David J. Smith

Clerk of Court

Exhibit 9

U.S. COURT OF APPEALS
RECEIVED
CLERK

JUL 0 8 2021

ATLANTA, GA

(Judicial Council of the 11th Circuit; COMPLAINT OF JUDICIAL MISCONDUCT) based upon Complaint nos. 11-18-90013 through 11-18-90024; 11-18-90031 & 11-18-90032; exhibits filed 6/4/21

Complainant                                V.                    Subject of Complaint
John Montford/                          6/29/21                 Circuit Judge William H. Pryor; et al/

Judicial Council of the 11th Circuit-COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

**By LAW, under rule 11(c)(2), this Complaint is filed to force the RACIST 11th Circuit Judges to finally acknowledge then recuse themselves from answering the same complaints their *INTENTIONAL LYING* has covered-up from the very start.** The complaints have always been against every Justice/Judge/Attorney/Clerk/Politician, et al, involved **("Judge(s)")** for taking part in making certain the GUILTY Verdicts required by the Mandate/Superior Court Orders and thereby the LAW were never issued. To further explain, the contents from the 6/4/21 rule 11(c)(2): Complaint; Motion to file; and recusal motion (that are jointly filed as exhibits 6-8) is hereby included as if fully set forth herein. The LAWS in place required the GUILTY Verdicts to be issued or any and all defiant judges to be jailed **("inalienable rights")**. These inalienable rights were covered-up by the judge's Dismissal Orders that stated the complaint charges out of context or ignored the material charges completely **(proven by LYING Dismissal orders that never denied these main charges at exhibits 5 & 9 ("Cover-up tactic"))**. The use of this Cover-Up tactic left the following complaint and key words ignored or never denied/responded to: Through **"breaking LAWS"** these judges took part in **"Obstructing Justice"** by refusing to issue the **"GUILTY Verdicts"** required by mandate no. 98-5186. This is established as an irrefutable fact by LAW under JMC rule 6 and FRCP rule 8(d) that holds, charges that are not denied are established as facts. Thereby, the following – **"never denied"** - is also established as irrefutable facts: Dade Police refused to disclose the attendance records and thereby the exculpatory evidence in response to every existing type of discovery instrument (Scheduling Order; three (3) Subpoenas; Magistrate Order; and Subpoena Order) and the first lawsuit judges illegally helped by ignoring seven (7) Motions to Compel, the Superior Court Orders and related complaints/appeals. **Thereby, the Superior Court Orders required the following GUILTY Verdicts to be issued..., by LYING:** (i) Dade subjected Montford to a RACIST Termination in retaliation for filing a Workers Comp. and E.E.O.C. claim; (ii) the judges illegally worked with attorneys to cover-up: their disobedience; Denial of the Superior Court Orders and Montfords' Constitutional Rights; and Jail time due for all the LAWS they broke in this process; and (iii) every subsequent Judge covered-up every related complaint by LYING/breaking LAWS as well. **WHEREFORE,** these LAWS command: the Superior Court Orders; Broken LAWS; and Judge Jailing's are finally fulfilled with extreme prejudice and Montford hereby demands the same because, ...... IT ... IS ... THE ... LAW!!!!

1.  Name of Complainant:  Mr. John Montford        Day time telephone:  (305) 588 - 4250

    Contact Address:  %Ms. Taiwana Wright, 15001 N. W. 79th Court, Miami, Fl. 33016

2.  Name(s) of Judge(s):  Circuit Judges: William H. Pryor Jr., Rosenbaum, Jill Pryor, Newsom, Walker, Anderson, Tjoflat, Barkett, District Judge Moreno, all other judges involved that are named in Judge Pryor's 9/18 Dismissal Order, et al

    Court:  U. S. 11th Circuit and District Court of South Florida

3.  A. Does this complaint concern the behavior of the Judge(s) in a particular lawsuit or lawsuits?

    [ X ]  Yes              [ ]  No

    If "yes", give the following information about each lawsuit:

(Page 1 of 2)

Exhibit 10

Court:        This LYING Conspiracy that has been used to fix cases and has continued unabated from South Florida's 11th Circuit Case no. 93-cv-2335-FAM through-out 08-cv-21778-MGC and every Judicial Misconduct Complaint related thereto.

**Every Judge involved has taken part in refusing to issue the GUILTY Verdicts required by the Superior Court Orders and prior discovery orders whereby, at the very least, they made their Judicial Oath a LIE.**

Are (were) you a party or lawyer in the lawsuit?

[ X ] Party        [  ] Lawyer        [  ] Neither

B.        If you are (were) a party and have (had) a lawyer, give the lawyer's name, address, and telephone number:        _____

4.        Have you filed any lawsuits against the judge?

[ X ] Yes        [  ] No

If "yes" give the following information about each such lawsuit:   Court: 11th Circuit District Court- Miami, Fl.        Case Numbers:        98-1305; 03-23144; 06-20638; and 08-21778MGC

Present status of lawsuit: All dismissed without one (1) comment to the complaints against the first Lawsuit Judges for: **(1)** ignoring the seven motions to compel and Superior Court Orders that by LAW cannot be ignored and especially considering each required Dade to be punished with extreme prejudice for Concealing the exculpatory evidence (employee attendance records) in response to the: "Scheduling; Subpoena; and Magistrate Orders"; and **(2)** illegally presiding over the 2nd lawsuit with LYING that covered-up the Superior Court Orders that would expose their "CRIMINAL HISTORY". And all subsequent Judges for dismissing every subsequent complaint and LAWSUIT by LYING as well.

5.        **Brief statement of Facts.** Attach a brief statement of the specific facts on which the claim of judicial misconduct or disability is based. Include what happened, when and where it happened, and any information that would help an investigator check the facts. If the complaint alleges judicial disability, also include any additional fact that forms the basis of that allegation. **Because these LYING; Thieving; LOWLIFE; LAW Breaking; Racist; Criminal Judges cannot be trusted, all is stated above pg. 1.**

6.        **Declaration and signature:**

I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

(Signature) _____ (John Montford)        (Date) June 29, 2021

Federal Express tracking no.:   8163 9039 5532

c: Senator Marco Rubio        and        Congresswoman Frederica Wilson;

by: _____        by: _____

U. S. Supreme Court Justices    bc:    JM/kw        **page 2 of 2**

Council of the 11th Circuit; COMPLAINT OF JUDICIAL MISCONDUCT) based upon Complaint nos. 11-18-90013 through 11-18-90024; 11-18-90031 & 11-18-90032; and most recent and last paper filed **11/19/20** and **6/4/21.**

| Complainant | ATLANTA, GA | V. | Subject of Complaint |
|---|---|---|---|
| John Montford/ | | 6/29/21 | Circuit Judge William H. Pryor; et al/ |

## MOTION BY LAW UNDER RULE 11(c)(2) TO FILE THIS COMPLAINT TO FORCE THIS 11TH CIRCUIT TO FINALLY ACKNOWLEDGE THEN RECUSE ITSELF FROM ANSWERING THE SAME CRIMINAL NEGLIGENCE COMPLAINT CHARGES THIS CIRCUIT HAS IGNORED FROM THE VERY START THEN GRANT THE JOINTLY FILED RULE 25(g) MOTION (with incorporated memorandum of LAW);

"Criminal Negligence"; Breaking LAWS; Rank Insubordination; Obstruction of Justice; are the direct charges this Circuit has ignored from the very first LAWSUIT till now and this by LAW under rule 11(c)(2) makes the filing of this Judicial Misconduct Complaint **("JMC")** undeniable. This Circuit has continuously ignored all of the charges considering these judges chose to respond to all by the "**Cover-Up**" **Tactic** explained in the jointly filed complaint instead. To further explain, the contents to the jointly filed complaint is hereby included as if fully set forth herein. Thereby, the following is established as irrefutable facts that require GUILTY Verdicts to be issued showing the same..., **by LYING**: **(i)** Dade subjected Montford to a RACIST Termination in retaliation for filling a Workers Comp. and E.E.O.C. claim; **(ii)** the judges illegally worked with attorneys to cover-up: their disobedience; Denial of the Superior Court Orders and Montfords' Constitutional Rights; and Jail time due for all the LAWS they broke in this process; and **(iii)** every subsequent Judge covered-up every related complaint by LYING/breaking LAWS as well. This is not to mention the irrefutable evidence that proves the same. All of this was required by Mandate number 98-5186 and the fact it was never obeyed[3]. This is also required by LAW under rule 6 because through the Cover-Up Tactic nothing has ever been denied.

To say anything in response to the actual charges would reveal the 11th Circuit's history of fixing cases against the races as explained in the jointly filed motion for this court's recusal. That is correct. Races is stated to mean all races because it would be argued, these judges are encouraged and allowed to fix cases to fulfill more RACISM and personal agendas as pay offs and kickbacks.

Either way, every judge that took part in this Criminal Conspiracy did so by refusing to obey the LAW and thereby their oath to our U. S. Constitution that governs them. In recognition of that, through the latter part of our bill of rights, our U. S. Constitution holds: "**whenever any form of government becomes destructive to these ends, it is the right of the people to alter or abolish it**".

Wherefore, the title above should be granted and these judges jailed. Anyone wanting to deny this should be allowed to say "yes" to the following questions with the understanding that another LIE or act for delay doubles their jail time. **(1)** Does the Mandate or LAW allow Montford to be denied the exculpatory evidence considering the Discovery Orders; Subpoenas; and Motions to Compel he had in hand? **(2)** Does the LAW allow the Mandate in this case to be treated like TRASH? **(3)** Is there any legal argument this court can make to justify the 30 years of LYING that has covered-up this Mandate?

All sworn under penalty of perjury: _____ (John Montford) Fed Ex. **8163 9039 5532**

C: Senator Rubio-by: _____ Congresswoman Wilson-by: _____ bc/kw

_____

[3] In order for anyone to claim the Superior Court Fact Finding and Concealment Orders in the Mandate were obeyed, there would have to be responsive orders issued at least because: **A trial court**, upon receiving the mandate ... "**must enter an order in strict compliance with the mandate**", stated in the Pambino v. Bailey case, in law book 757 F.2d 1112, page 1119.

*Exhibit 11*

Council of the 11th Circuit; COMPLAINT OF JUDICIAL MISCONDUCT) based upon Complaint nos. 11-18-90013 through 11-18-90024; 11-18-90031 & 11-18-90032; and most recent and last paper filed **11/19/20** and **6/4/21.**

| | | |
|---|---|---|
| Complainant | V. | Subject of Complaint |
| John Montford/ | ATLANTA, GA 6/29/21 | Circuit Judge William H. Pryor; et al/ |

*COURT OF APPEALS CLERK JUL 0 8 2021 ATLANTA, GA*

## MOTION BY LAW UNDER RULE 11(c)(2) TO DISQUALIFY THIS 11TH CIRCUIT UNDER RULE 25(g) FOR LYING THAT COVERED-UP CRIMINAL NEGLIGENCE CHARGES FROM THE VERY START; and TRANSFER THE COMPLAINT UNDER RULE 26 (with incorporated memorandum of LAW).

To this concern, the LAW states: **"No man in the country is so high that he is above the law[1]".** It would thereby be argued that this most particularly refers to the LAWS that were specifically issued to govern the Courts. This is to briefly explain and prove some of the LAWS this Circuit broke as grounds for this Motion. To initiate this Motion, the contents of the jointly filed complaint is incorporated as if fully set forth herein. To start with, out of concern to ensure equal rights and justice for all litigants, in the 1930's our U. S. Congress established as LAW that: **(1) When a situation is covered by one of the Federal Rules, "the court has been instructed to apply the Federal Rule"** and cannot refuse to do so **("the Rule LAW")**. Therefore, the moment the Fact Finding and Concealment Orders on pages 3-5 of 11th Circuit **"Mandate"** number 98-5186 were issued, the first lawsuit judges were in trouble too deep to get out. That is because, it specifically required the rule 37(b)(2) to be applied to the **"Concealment" "Dade"** Police committed in response to the Subpoena Order.

To investigate the Concealment would expose the First Judges for helping Dade Conceal by ignoring each of the seven (7) Motions to Compel when each required Dade to be stopped and the LAW holds: **(2) it is an abuse of discretion for the district court to ignore a motion to compel.** Further, Dismissal by the first Judges was granted in response to a Summary Motion when the LAW holds: **(3) "Summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery".** More particular, the LAW under rule 26(g); 37(b)(2) and 28 U.S.C. 1927 holds: **(4) the district court must order the disobedient party to pay: "reasonable attorney's fees, court cost and/or issue an order establishing Guilt** for all the Concealed evidence could prove, at bare minimum, without exception. Because the Mandate exposes how the First Judges helped Dade conceal by breaking LAWS, the LAW holds: **(5) any judge must disqualify himself when his impartiality might reasonably be questioned[2].** By illegally remaining on the second Lawsuit the First Judges obligated themselves more than anyone to obey the Mandate and not rob Montford of his inalienable rights twice. Concerning Mandates, it states in **Litman,** 825 F.2d 1506 (11th Cir. 1987): **"the district court has an obligation to carry out the order",** for sake of obedience. Therefore, refusal to obey the Mandate by the first Judges with every judge thereafter helping by LYING is most blatant evidence of intent and by that these LYING; Lowlife; LAW Breaking; RACIST Judges are more determined to stay out of jail and continue Systemic RACISM than obey the LAW. This is truly a threat to justice everywhere. **Wherefore, this Motion should be granted and a Special Prosecutor assigned as obviously needed.**

All sworn under penalty of perjury: _____ (John Montford) Fed Ex. **8163 9039 5532**

C: Senator Rubio-by:_____ Congresswoman Wilson-by:_____ bc

---

[1] This governing LAW is quoted from the **Butz,** case in law book 438 US 478, 506; 57 L.ED2d 895, 915; 98 S.Ct. 2894 (1978).
[2] These decisions of LAW are found in the following cases and LAW books: **(1) Hanna,** 380 U.S. 471; 85 S.CT. 1144; **(2) and (3): Dean,** 951 F.2d 1210, 1213; **(4)** Federal Rules of Civil Procedure, rule 37(b)(2); **(5) Liteky,** 114 S.Ct. 1147, 1153 (1994).

*Exhibit 12*

# United States Court of Appeals

## Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303
404-335-6100

David J. Smith
Clerk of Court

www.ca11.uscourts.gov

Amy C. Nerenberg
Chief Deputy Clerk

July 12, 2021

CONFIDENTIAL

John Montford
Alorica
15001 N.W. 79 Court
Miami, FL 33016

    Re:    Consideration under Rule 5 of Complaint Submitted by John Montford

Dear Mr. Montford:

Pursuant to General Order 2018-S, the Acting Chief United States Circuit Judge has considered your complaint against multiple judges and other documents received on July 8, 2021, under Rule 5 of the Rules for Judicial-Conduct and Judicial-Disability Proceedings of the Judicial Conference of the United States. The Acting Chief Judge has directed me to advise you that he has determined not to identify a complaint pursuant to Rule 5.

        Sincerely,

        /s/ David J. Smith

        Clerk of Court

Exhibit 13