UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-20381-KMM

JOHN MONTFORD,

    Plaintiff,

v.

WILLIAM H. PRYOR, JR., *et al.*,

    Defendants.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the Omnibus Report and Recommendation issued by United States Magistrate Judge Marty Fulgueira Elfenbein on June 25, 2024. ("R&R") (ECF No. 80). On March 27, 2024, the Court referred this case to Magistrate Judge Elfenbein to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters. (ECF No. 43). In the R&R, Magistrate Judge Elfenbein recommends that: (1) the Federal Defendants,[1] Defendants City of Coral Gables and Coral Gables Police Department, Defendant American Arbitration Association, and Defendant Magnetic Resonance Institute's respective Motions to Dismiss *pro se* Plaintiff John Montford's ("Plaintiff") Complaint (ECF Nos. 9, 10, 11,

---

[1] "Federal Defendants" refers to Defendants Chief Circuit Judge William H. Pryor, Jr., Senior Circuit Judge Gerald Tjoflat, Senior Circuit Judge Lanier Anderson III, Senior Circuit Judge Edward Carnes, Senior Circuit Judge Joel Dubina, Senior Circuit Judge James Edmondson, Senior Circuit Judge Frank Hull, Senior Circuit Judge Charles Wilson, Retired Circuit Judge Rosemary Barkett, and Clerk of Court David Smith of the United States Court of Appeals for the Eleventh Circuit; Senior District Judge William Zloch, Senior District Judge Joan Lenard, Senior District Judge Federico Moreno and District Judge Jose Martinez of the United States District Court for the Southern District of Florida; Marco Rubio, United States Senator, and Frederica Wilson, United States Representative. *See* R&R at 1.

34) be GRANTED; (2) all of Plaintiff's pending *pro se* Motions, with the exception of Plaintiff's Motion for a 60-Day Extension of Time to Serve (ECF No. 63), be DENIED on the ground that Plaintiff is a restricted filer in this Court; and (3) Defendants Stanley Birch, Marcia G. Cooke, Joseph P. Farina, James Caruso, Robert Dube, Ted Bandstra, and Miami-Dade Police Department be DISMISSED WITHOUT PREJUDICE as parties to this action pursuant to Federal Rule of Civil Procedure 4(m). *See generally* R&R. No objections to the R&R were filed,[2] and the time to do so has passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

I.      LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.* Yet when a party

---

[2] On July 3, 2024, Plaintiff filed a *pro se* "Motion to Jail Lying Magistrate Marty F. Elfeinbein for Contempt and Obstructing Justice by Lying to Cover-Up: The Superior Court Sanction Orders; Concealment of Exculpatory Evidence; Broken Laws; and Motions to Jail Attorney's Maureen Donlan and Christine Weistad for Dismissal Motion Perjury." (ECF No. 83). The Motion is largely incomprehensible, laced with conspiracy theories, and contains unfounded statements about Parties involved in this case as well as the Court. *See generally id.* However, the Motion does not appear to relate in any way to the R&R. *See generally id.* Further, as discussed below, Plaintiff has been designated as a restricted filer in this District. *See Montford v. All Supreme Court Justices, et al.*, No. 08-CV-21778, ECF No. 28 (S.D. Fla. Aug. 8, 2008). Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion (ECF No. 83) is DENIED.

has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015) (citation omitted); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the [R&R] not objected to under a clearly erroneous standard of review" (quoting *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## II.     DISCUSSION

The Court assumes the Parties' familiarity with the facts and procedural history, which are described in detail in the R&R. *See* R&R at 2–6. As set forth in the R&R, Magistrate Judge Elfenbein recommends that Defendants' pending Motions to Dismiss (ECF Nos. 9, 10, 11, 34) be granted; (2) all but one of Plaintiff's pending *pro se* Motions be denied on the ground that Plaintiff is a restricted filer in this Court; and (3) the majority of the unserved Defendants be dismissed without prejudice as parties to this action pursuant to Federal Rule of Civil Procedure 4(m). *See generally id.*

First, Magistrate Judge Elfenbein recommends that the Federal Defendants' Motion to Dismiss (ECF No. 9) be granted, and Plaintiff's claims against the Federal Defendants be dismissed with prejudice, because: (1) the Court lacks subject-matter jurisdiction over Plaintiff's claims against the Federal Defendants as sovereign immunity applies to the extent Plaintiff sued them in their official capacity, *see id.* at 9–11; (2) even if sovereign immunity did not apply, the doctrine of legislative immunity bars Plaintiff's Florida and federal claims against the Legislator

Defendants,[3] *see id.* at 11–12; and (3) similarly, even if sovereign immunity did not apply, the doctrine of judicial immunity bars Plaintiff's Florida and federal claims against the Judicial Officer Defendants,[4] *see id.* at 12–13.

Second, Magistrate Judge Elfenbein recommends that Defendants City of Coral Gables and Coral Gables Police Department's (collectively, "the City") Motion to Dismiss (ECF No. 34) be granted, and Plaintiff's claims against the City be dismissed with prejudice, because: (1) the doctrine of res judicata bars Plaintiff's Florida and federal claims against the City, *see id.* at 14–16; and (2) Plaintiff's claims against the City are also untimely under the statute of limitations, *see id.* at 16–18.

Third, Magistrate Judge Elfenbein recommends that Defendant American Arbitration Association's ("AAA") Motion to Dismiss (ECF No. 10) be granted, and Plaintiff's claims against AAA be dismissed with prejudice, because: (1) the doctrine of arbitral immunity bars Plaintiff's claims against AAA, *see id.* at 18–19; and (2) Plaintiff's claims against AAA are untimely under the statute of limitations, *see id.* at 20.

Fourth, Magistrate Judge Elfenbein recommends that Defendant Magnetic Resonance Institute's ("MRI") Motion to Dismiss (ECF No. 11), be granted, and Plaintiff's claims against MRI be dismissed with prejudice as untimely under the statute of limitations. *See id.* at 20–21.

Fifth, Magistrate Judge Elfenbein concludes that any amendment of the Complaint would be futile because Plaintiff's claims against the Federal Defendants, the City, AAA, and MRI are

---

[3] "Legislator Defendants" refers to Senator Marco Rubio and Representative Frederica Wilson. *See* R&R at 9.

[4] "Judicial Officer Defendants" refers to Judges Pryor, Tjoflat, Anderson, Carnes, Dubina, Edmonson, Hull, Wilson, Barkett, Zloch, Lenard, Moreno, and Martinez, as well as Clerk of Court David Smith. *See* R&R at 12.

barred by the doctrines of sovereign immunity, judicial immunity, legislative immunity, arbitral immunity, res judicata, and the statute of limitations. *See id.* at 21–22.

Sixth, Magistrate Judge Elfenbein recommends that Plaintiff's pending *pro se* Motions[5] be denied for violating the Honorable Marcia G. Cooke's Order designating Plaintiff a restricted filer, *Montford v. All Supreme Court Justices, et al.*, No. 08-CV-21778, ECF No. 28 (S.D. Fla. Aug. 8, 2008). *See* R&R at 22–23.

Finally, Magistrate Judge Elefenbein recommends that Plaintiff's Motion for a 60-day Extension of Time to Serve the Unserved Defendants (ECF No. 63) be denied, and Defendants Stanley Birch, Marcia G. Cooke, Ted Bandstra, Joseph P. Farina, James Caruso, Robert Dube, and Miami-Dade Police Department be dismissed without prejudice as Parties to this action pursuant to Federal Rule of Civil Procedure Rule 4(m). *See* R&R at 23–25.

After careful review, this Court agrees with the findings and recommendations set forth in Magistrate Judge Elfenbein's thorough and well-reasoned R&R.

**III.    CONCLUSION**

Accordingly, UPON CONSIDERATION of the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 80) is ADOPTED as follows:

1.    The Federal Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (ECF No. 9) is GRANTED, and Plaintiff's claims against Defendants Chief Circuit Judge William H. Pryor, Jr., Senior Circuit Judge Gerald Tjoflat, Senior Circuit Judge Lanier Anderson III, Senior Circuit Judge Edward Carnes, Senior Circuit Judge Joel Dubina,

---

[5] *See* ECF Nos. 14, 15, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 35, 36, 37, 38, 39, 40, 41, 42, 52, 53, 54, 55, 57, 58, 60, 64, 66, 67, 68, 69.

Senior Circuit Judge James Edmondson, Senior Circuit Judge Frank Hull, Senior Circuit Judge Charles Wilson, Retired Circuit Judge Rosemary Barkett, and Clerk of Court David Smith of the United States Court of Appeals for the Eleventh Circuit; Senior District Judge William Zloch, Senior District Judge Joan Lenard, Senior District Judge Federico Moreno and District Judge Jose Martinez of the United States District Court for the Southern District of Florida; Marco Rubio, United States Senator and Frederica Wilson, United States Representative are DISMISSED WITH PREJUDICE.

2. Defendants City of Coral Gables and City of Coral Gables Police Department's Motion to Dismiss with Prejudice (ECF No. 34) is GRANTED, and Plaintiff's claims against Defendants City of Coral Gables and Coral Gables Police Department are DISMISSED WITH PREJUDICE.

3. Defendant American Arbitration Association's Motion to Dismiss Plaintiff's Complaint (ECF No. 10) is GRANTED, and Plaintiff's claims against Defendant American Arbitration Association are DISMISSED WITH PREJUDICE.

4. Defendant Magnetic Resonance Institute's Motion to Dismiss (ECF No. 11) is GRANTED, and Plaintiff's claims against Defendant Magnetic Resonance Institute are DISMISSED WITH PREJUDICE.

5. Plaintiff's pending *pro se* Motions (ECF Nos. 14, 15, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 35, 36, 37, 38, 39, 40, 41, 42, 52, 53, 54, 55, 57, 58, 60, 64, 66, 67, 68, 69) are DENIED for violating the Honorable Marcia G. Cooke's Order designating Plaintiff a restricted filer, *Montford v. All Supreme Court Justices, et al.*, No. 08-CV-21778, ECF No. 28 (S.D. Fla. Aug. 8, 2008).

6.     Plaintiff's Motion for a 60-Day Extension of Time to Serve the Unserved Defendants (ECF No. 63) is DENIED, and Defendants Stanley Birch, Marcia G. Cooke, Ted Bandstra, Joseph P. Farina, James Caruso, Robert Dube, and Miami-Dade Police Department are DISMISSED WITHOUT PREJUDICE as Parties to this action pursuant to Federal Rule of Civil Procedure Rule 4(m).

7.     Defendant Ted Bandstra's Motion for Enlargement of Time to respond to the Complaint (ECF No. 71) is DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this  10th  day of July, 2024.

*[signature: K. M. Moore]*

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:   All counsel of record

John Montford, *PRO S*E
2241 Northwest 188 Terrace
Miami, Florida 33056