UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-20381-MOORE/Elfenbein

**JOHN MONTFORD**,

    Plaintiff,

v.

**WILLIAM H. PRYOR, JR.**, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Defendant Miami-Dade County's ("Miami-Dade County") Motion to Quash Service of Process, Vacate Orders, and Set Aside Clerk's Entry of Default and Incorporated Memorandum of Law (the "Motion"), ECF No. [82]. Subsequently, on July 15, 2024, Plaintiff John Montford ("Plaintiff") filed a Motion to Deny Dade County's Motion to Quash, which I construe as Plaintiff's Response Opposing the Motion (the "Response"), ECF No. [91]. The Honorable K. Michael Moore has referred this matter to me "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive matters[.]" ECF No. 43. Having considered the Motion and Response, as well as the record and relevant law, I recommend that the Motion be **GRANTED**.

**I.    BACKGROUND**

On September 13, 2023, Plaintiff filed a state-court Complaint (the "Complaint"), naming 28 Defendants who allegedly violated his rights under the Florida Constitution, 42 U.S.C. §§ 1983 and 1985, the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and the Civil Rights

Act of 1964, § 701 *et seq.*, as amended by 42 U.S.C.A. § 2000e *et seq*. *See generally* ECF No. [1-3]. On January 31, 2024, the Federal Defendants[1] removed the Complaint to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and (3). *See* ECF No. [1] at 2-3. Upon the Complaint's removal, four separate motions to dismiss were filed, which Judge Moore referred to me. *See* ECF Nos. [9, 10, 11, 34, 43]. On June 25, 2024, I entered an Omnibus Report and Recommendation, recommending that Judge Moore (1) grant each of the four pending motions to dismiss, (2) deny Plaintiff's 36 pending motions on the ground that Plaintiff is a restricted filer, and (3) dismiss 7 of the 28 named defendants under Rule 4(m) of the Federal Rules of Civil Procedure. *See generally* ECF No. [80]. Should Judge Moore adopt my Omnibus Report and Recommendation, Miami-Dade County will be this case's only remaining Defendant.

As it concerns Miami-Dade County, on April 30, 2024, I entered an Order to Serve after identifying eight Defendants who appeared unserved, including Miami-Dade County. *See generally* ECF No. [59]. After explaining the requirements of Rule 4(m), I ordered Plaintiff to "perfect service upon the [u]nserved Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure or show cause why he has not . . . ." *Id.* at 2. On May 10, 2024, Plaintiff filed a Motion for a 60-day Extension of Time to Serve the Unserved Defendants, to which he attached a return of service that ostensibly proved that he had served Miami-Dade County (the "Return of Service"). *See* ECF No. [63] at 2-3. I then ordered Plaintiff, on June 17, 2024, to move for a Clerk's Entry of Default against Miami-Dade County, warning that failure to do so by the deadline would result in the dismissal of Miami-Dade County as a party to this action. *See* ECF No. [70].

---

[1] I identify the individual Federal Defendants with specificity in my June 25, 2024 Omnibus Report and Recommendation. *See* ECF No. [80] at 1 n.1.

Plaintiff complied with my June 17, 2024 Order to Show Cause and moved for a Clerk's Entry of Default, which ultimately precipitated the instant Motion. *See* ECF No. [72].

Miami-Dade County argues in the Motion that Plaintiff failed to properly effectuate service on it for four reasons. *See* ECF No. [82] at 1. First, Miami-Dade County claims that "Plaintiff failed to file an affidavit of proof of service pursuant to Federal Rule of Civil Procedure 4(l)(1)." *Id.* at 1-2. Second, Miami-Dade County asserts that "Plaintiff's return of service shows service of the copy of the summons on the City of Miami with a person authorized to accept service for a City Manager — not the County." *Id.* at 2 (emphasis omitted). Third, Miami-Dade County contends that "Plaintiff's purported return of service does not mention that the County . . . was served with a copy of the complaint and further fails to show service of any document on the Mayor." *Id.* Finally, Miami-Dade County cites to the affidavit from Katherine Montya, the Director of Operations at the Office of the Mayor of Miami-Dade County, to demonstrate that service on the County was insufficient. *Id.*; *see* ECF No. [82-1] at ¶ 2.

In the Response, Plaintiff makes the conclusory assertion that the Return of Service he provided shows that he perfected service on Miami-Dade County in accordance with the Fifth Amendment of the United States Constitution. *See* ECF No. [91] at 1. Additionally, Plaintiff claims that Miami-Dade County's efforts to quash the Return of Service are part of a larger scheme to avoid the imposition of sanctions under Rule 37(b)(2)(C). *See id.* The deadline for Miami-Dade County to file a Reply has long passed and, to date, no Reply has been filed. The Motion is now ripe for review.

**II.    LEGAL STANDARDS**

    **A.    Vacating a Clerk's Default**

"When a party against whom a judgment for affirmative relief is sought has failed to plead

3

or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55 (a).  A court "may set aside an entry of [clerk's] default for good cause." Fed. R. Civ. P. 55(c).  The good cause standard used in setting aside a clerk's entry of default is less stringent than the required showing to set aside a default judgment.  *See E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990); Fed. R. Civ. P. 60(b).  As the Eleventh Circuit has explained:

> Good cause is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance. We recognize that good cause is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. We note, however, that these factors are not talismanic, and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default. However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief.

*Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951–52 (11th Cir. 1996) (quotation marks and citations omitted).

Because "there is a strong policy of determining cases on their merits," courts in this Circuit "view defaults with disfavor."  *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Surtain*, 789 F.3d at 1244-45 ("Because of our strong policy of determining cases on their merits, however, default judgments are generally disfavored." (quotation marks omitted)); *Varnes v. Loc. 91, Glass Bottle Blowers Ass'n of U.S. & Can.*, 674 F.2d 1365, 1369-70 (11th Cir. 1982) (noting that "default judgments are disfavored" and that "the federal rules favor a decision on the merits" and "[c]ourts prefer adjudication on the merits").  "For that reason, any doubts regarding whether to set aside an entry of default should be resolved in favor of the party seeking

relief." *Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008); *see also Davis v. Parkhill–Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962)[2] ("[A]ny doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." (quotation marks omitted)); *Chunara v. SOL Glob. Invs. Corp.*, No. 22-22167-CIV, 2023 WL 3171995, at *3 (S.D. Fla. Apr. 3, 2023) (same). A defendant need only make "a bare minimum showing to support relief under Rule 55(c)." *See Jones v. Harrell*, 858 F.2d 667, 668-69 (11th Cir. 1988) (explaining that a district court did not abuse its discretion by setting aside a clerk's default when a defendant "had made a bare minimum showing to support relief under Rule 55(c)").

### B.   Service of Process

"[A]n individual or entity 'is not obliged to engage in litigation unless officially notified of the action under a court's authority, by formal process.'" *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 (11th Cir. 2003) (alterations adopted) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999)); *see also De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 749 (11th Cir. 2016). Official notification happens by service of process under Federal Rule of Civil Procedure 4. *See, e.g.*, *Prewitt Enters., Inc.*, 353 F.3d at 921 ("By definition, 'service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'" (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946))); *Henderson v. United States*, 517 U.S. 654, 672 (1996) (noting that Rule 4 governs

---

[2] In *Bonner v. City of Prichard, Alabama*, the Eleventh Circuit stated: "We hold that the decisions of the United States Court of Appeals for the Fifth Circuit . . . , as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit." 661 F. 2d 1206, 1207 (11th Cir. 1981).

service and that "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections"); *Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273, 1277 (S.D. Fla. 1999) ("The principle purpose of the service of process rule is to give the defendant notice that an action has been initiated.").

Rule 4 "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990); *see also Banco Latino*, 53 F. Supp. 2d at 1281 ("[O]nce a defendant has actual notice of the pendency of an action, the requirements of Fed. R. Civ. P. 4 are to be liberally construed."). But service of process that is not in "substantial compliance" with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service."); *Prewitt Enters., Inc.*, 353 F.3d at 925 (holding that, "even though [the defendant] had actual notice of the filing of the suit, service of process was ineffective because it was clearly not in substantial compliance with the requirements" of Rule 4(f)(2)); *id.* at 925 n.14 (explaining that other courts considering whether service of process was adequate also concluded that "actual notice alone was not enough to allow the court personal jurisdiction over the defendant"). While actual notice of the lawsuit is not alone enough to confer personal jurisdiction over a party, "receipt of actual notice is an important factor in considering whether service of process is adequate." *Prewitt Enters., Inc.*, 353 F.3d at 925 n.14 (explaining that other courts considering whether service of process was adequate "were careful to determine that service of process was in substantial compliance with the formal requirements of the Federal Rules").

6

### III.   DISCUSSION

Upon review of the Motion, Response, the record, and the relevant law, I find that Plaintiff's service on Miami-Dade County is deficient for three reasons. First, Plaintiff failed to comply with Rule 4(l)(1) of the Federal Rules of Civil Procedure. Rule 4(l)(1) states: "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." *Id.* Here, an employee of Miami-Dade Police Department's Court Services Section (the "Process Server") — not a United States marshal or deputy marshal — was responsible for serving Miami-Dade County. *See* ECF No. [63] at 3. For that reason, Plaintiff needed to provide the Court with an affidavit the Process Server prepared, proving service on Miami-Dade County. *See* Fed. R. Civ. P. 4(l)(1). Because Plaintiff failed to provide such an affidavit, Plaintiff's service on Miami-Dade County is deficient under Rule 4(l)(1). *See Castle v. Fla.*, No. 18-CV-243, 2018 WL 7077919, at *3 (M.D. Fla. Aug. 29, 2018) (dismissing a plaintiff's complaint under Rule 4 for failing to file an affidavit showing proof of service that complied with the rule), *report and recommendation adopted*, No. 18-CV-243, 2019 WL 265111 (M.D. Fla. Jan. 18, 2019).

Second, the Return of Service shows that he served the City of Miami, not Miami-Dade County. To serve a local government, a plaintiff must deliver "a copy of the summons and of the complaint to its chief executive officer" or serve "a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed R. Civ. P. 4(j). Under Florida law, "[p]rocess against . . . any county which has a governing board, council, or commission or which is a body corporate shall be served . . . on the registered agent;" or, if a county "does not have a registered agent, or if the registered agent cannot otherwise be served after one good faith attempt[,]" a plaintiff can perfect process on a county by serving (1) "the president,

mayor, chair, or other head thereof[,]" (2) "the vice president, vice mayor, or vice chair[,]" (3) "any member of the governing board, council, or commission, the manager of the governmental entity, if any, or an in-house attorney for the governmental entity, if any[,]" or (4) "any employee of the governmental entity at the main office of the governmental entity." Fla. Stat. § 48.111(1).

Plaintiff's Return of Service states that "ARTHUR NORIEGA V." accepted service at "444 SW 2 AVE #10 MIAMI, FL 33130[.]" ECF No. [63] at 3. However, "the County's address is 111 N.W. 1st Street, Miami, Florida 33128, and the Miami-Dade County Mayor's Office is at Suite 2900 of that building[.]" ECF No. [82] at 6; *see* Mayor Daniella Levine Cava, Office of the Mayor, https://www.miamidade.gov/global/government/mayor/home.page (last visited Sept. 18, 2024). Furthermore, Arthur Noriega does not work for Miami-Dade County but for the City of Miami. *See* Arthur Noriega V, City Manager, https://www.miami.gov/My-Government/City-Officials/City-Manager-Arthur-Noriega-V (last visited Sept. 18, 2024). In sum, because the Plaintiff served an individual who does not work for Miami-Dade County, he failed to comply with the requirements of § 48.111(1), thus rendering service deficient under Rule 4(j).

Third, even if Miami-Dade County employed Arthur Noriega V, service would still be deficient under Rule 4(j). Again, to effectuate service on a county, the Process Server needed to provide Miami-Dade County with *both* the Summons and a copy of the Complaint. *See* Fed. R. Civ. P. 4(j)(2); Fla. Stat. § 48.111(1). Here, the Return of Service shows that the Process Server only served a copy of the Summons. *See* ECF No. [63] at 3; s*ee also Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1131 (11th Cir. 2005).[3]

---

[3] As I agree with Miami-Dade County that the Return of Service is deficient under Rule 4, the undersigned need not review Katherine Montoya's affidavit or address Miami-Dade County's argument relating to that affidavit. *See* ECF No. [82] at 8-9.

Because Miami-Dade County has established that Plaintiff did not serve it in accordance with Rule 4, it has established good cause for the vacatur of the Clerk's Entry of Default. *See Jones*, 858 F.2d at 668-69; *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that a *pro se* party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure"). And because Plaintiff failed to effectuate service on Miami-Dade County (even after the undersigned ordered him to do so by May 10, 2024, *see* ECF No. [59]), Miami-Dade County is subject to dismissal pursuant to Rule 4(m).

Rule 4(m) provides in relevant part that if a defendant is not served within 90 days after a plaintiff files a complaint, the Court "— on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* When a complaint is removed, the Court calculates Rule 4(m)'s 90-day period to serve from the date of the notice of removal. *See Mochrie v. R.J. Reynolds Tobacco Co.*, No. 2:16-CV-306-FTM-38CM, 2016 WL 6681062, at *3 (M.D. Fla. Nov. 14, 2016) ("In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court." (citation omitted)); *see also Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011) ("The same 120-day period applies where suits are removed to federal court from state court, except that the period commences upon the date of removal." (citations omitted)).

On April 30, 2024, I entered an Order to Serve after identifying eight Defendants who appeared unserved. *See generally* ECF No. [59]. After explaining the requirements of Rule 4(m), I ordered Plaintiff to "perfect service upon the [u]nserved Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure or show cause why he has not . . . by May 10, 2024[.]" *Id.* at 2. Rather than perfect service on Miami-Dade County, Plaintiff filed a Motion for a 60-day

Extension of Time to Serve the Unserved Defendants by my deadline, to which Plaintiff attached the deficient Return of Service. This case has been pending in federal court for nearly nine months, and Plaintiff has failed to show good cause for his failure properly effectuate service on Miami-Dade County. Therefore, I recommend that Miami-Dade County be dismissed without prejudice as a Defendant pursuant to Rule 4(m).

IV. **CONCLUSION**

Accordingly, I respectfully **RECOMMEND** the following:

1. Defendant Miami-Dade County's Motion to Quash Service of Process, Vacate Orders, and Set Aside Clerk's Entry of Default and Incorporated Memorandum of Law, **ECF No. [82]**, be **GRANTED**.

2. Plaintiff John Montford's Motion to Deny Dade County's Motion to Quash, **ECF No. [91]**, be **DENIED**.

3. The Clerk's Entry of Default, **ECF No. [74]**, as to Defendant Miami-Dade County be **VACATED**.

4. Defendant Miami-Dade County be **DISMISSED WITHOUT PREJUDICE** as a party to this action pursuant to Federal Rule of Civil Procedure 4(m).

5. Should the Honorable K. Michael Moore adopt my Omnibus Report and Recommendation, **ECF No. [80]**, as well as the instant Report and Recommendation, I further recommend that this case be **CLOSED** and all pending motions be **DENIED AS MOOT** because — in that case — there would be no Defendants remaining in this action.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable

CASE NO. 24-CV-20381-MOORE/Elfenbein

K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on September 18, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record

John Montford, *PRO SE*
2241 Northwest 188 Terrace
Miami, Florida 33056