UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-20381-BLOOM/Lett

JOHN MONTFORD,

    Plaintiff,

v.

WILLIAM H. PRYOR, JR., *et al.*,

    Defendant.

_____/

## ORDER ON OMNIBUS REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court upon Defendants (1) the Federal Defendants',[2] City of Coral Gables and Coral Gables Police Department's, American Arbitration Association's, and Defendant Magnetic Resonance Institute's, respective Motions to Dismiss, ECF Nos. [9], [10], [11], [34]; (2) Plaintiff John Montford's *pro se* Motions; and (3) the Court's April 30, 2024, Order to Serve. The Motions were referred to United States Magistrate Judge Marty Fulgueira Elfenbein for a Report and Recommendation ("R&R"), ECF No. [43].

On June 25, 2024, Judge Fulgueira Elfenbein issued an R&R, ECF No. [80], recommending that the Motions to Dismiss be granted, Plaintiff's *pro se* Motions be denied, and

---

[1] On July 10, 2024, Judge Kevin M. Moore entered an order adopting the Report and Recommendation. ECF No. [84]. The Order was vacated on July 30, 2024, *see* ECF No. [102], to provide Plaintiff with seven days to file his objections to the Report & Recommendation. On November 4, 2024, Judge Moore, and Judge Fulgueira Elfenbein, recused, and the matter was reassigned.

[2] The "Federal Defendants" refers to Defendants Chief Circuit Judge William H. Pryor, Jr., Senior Circuit Judge Gerald Tjoflat, Senior Circuit Judge Lanier Anderson III, Senior Circuit Judge Edward Carnes, Senior Circuit Judge Joel Dubina, Senior Circuit Judge James Edmondson, Senior Circuit Judge Frank Hull, Senior Circuit Judge Charles Wilson, Retired Circuit Judge Rosemary Barkett, and Clerk of Court David Smith of the United States Court of Appeals for the Eleventh Circuit; Senior District Judge William Zloch, Senior District Judge Joan Lenard, Senior District Judge Federico Moreno and District Judge Jose Martinez of the United States District Court for the Southern District of Florida; United States Senator Marco Rubio, and United States Representative Frederica Wilson.

Case No. 24-cv-20381-BLOOM/Lett

Defendants Stanley Birch, Marcia G. Cooke, Joseph P. Farina, James Caruso, Robert Dube, Ted Bandstra, and Miami-Dade Police Department be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff filed his Objections to the R&R, ECF No. [108]. The Court has conducted a *de novo* review of the R&R and the Objections in accordance with 28 U.S.C. § 636(b)(1)(C). *See Williams v. McNeil*, 577 F.3d 1287, 1291 (11th Cir. 2009). The Court has considered the Motions, the R&R, the Objections, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Court overrules Plaintiff's Objections and adopts the R&R in full.

I. BACKGROUND

A. Procedural History

Plaintiff has initiated approximately eight actions in this Court, all somewhat premised on the same issue concerning Plaintiff's past employment with Miami-Dade County and allegations that Judges in this District conspired to deprive him of his constitutional rights through adverse rulings.[3] On August 8, 2008, Judge Marcia G. Cooke designated Plaintiff a restricted filer. *See Montford v. All Sup. Ct. Justs., et al.*, No. 08-CV-21778, ECF No. [28] at 2 (S.D. Fla. Aug. 8, 2008) ("Plaintiff is hereby barred from filing any civil petition or appeal therefrom unless he has first received leave of court to do so.").[4]

---

[3] Those cases are: (1) *Montford v. Metro Dade County, et al.*, No. 93-CV-02335 (Moreno, J.), (2) *Montford v. Child Support Div., et al.*, No. 96-CV-02793 (Moreno, J.), (3) *Montford v. Metro Dade County, et al.*, No. 97-CV-01585 (Highsmith, J.), (4) *Montford v. Metropolitan Dade County, et al.*, No. 98-CV-01305 (Moreno, J.), (5) *Montford v. Metropolitan Dade, et al.*, No. 99-CV-01262 (Ungaro, J.), (6) *Montford v. Moreno, et al.*, No. 03-CV-23144 (Lenard, J.), (7) *Montford v. Farina, et al.*, No. 06-CV-20638 (Martinez, J.), and (8) *Montford v. All Supreme Court Justices, et al.*, No. 08-CV-21778 (Cooke, J.).

[4] Because the Federal Defendants removed this case from state court, the Court agrees with the R&R and finds that Judge Cooke's order designating Plaintiff a restricted filer in this Court does not preclude review of this Complaint.

Plaintiff was hired to work for Miami-Dade County as a "Clerk II" through Miami-Dade Water and Sewer in or around January 1984. ECF No. [1-3] at ¶ 18. Plaintiff was promoted to work as an Inventory Clerk in 1988. *Id.* at ¶ 19. Around December 1988, Plaintiff filed a police report against his supervisor for battery, and grieved the battery, as well as deprivation of Plaintiff's break time, full pay, and other racist treatment.[5] *Id.* at ¶ 20. On April 15, 1990, Plaintiff was promoted to Court Service Officer wherein he was injured in an "on the job car accident" due to one of "Dade's malfunctioning red lights." *Id.* at ¶ 23. In February 1991, Coral Gables Police Department arrested Plaintiff for allegedly cashing a forged check during his scheduled work hours. *Id.* at ¶ 25. Plaintiff argues that standard operating procedures required the Coral Gables Police Department to include findings from Plaintiff's time sheets prior to making any arrest. *Id.* at ¶ 26.

In August 1991, Plaintiff filed a complaint with the Equal Employment Opportunity Commission against Miami-Dade for racist treatment. *Id.* at ¶ 29. On February 11, 1992, Miami-Dade terminated Plaintiff, "based upon their investigation they feel he cashed the forged check." *Id.* at ¶ 30. At a hearing on the matter before the Unemployment Appeals Commission, counsel for Miami-Dade argued that Plaintiff was terminated for threatening an employee. *Id.* at ¶ 32. This claim resulted in Plaintiff's unemployment income being delayed until October 1992. *Id.* Thereafter, in or around July 1992, an employment termination hearing was held before a hearing officer associated with the American Arbitration Association. *Id.* at ¶ 34. Plaintiff alleges that the hearing officer "told Plaintiff they had just gotten started and basically said nothing at all." *Id.*

---

[5] Plaintiff does not specify who he filed the grievance with, but does allege that "[t]he [g]rievances and official Police Report filed with Dade . . . were handled by Fred 'Taylor'; Kathy 'Patterson'; Everett 'Abernathy'; and Vicki 'Todaro[.]'" *Id.* at ¶ 21.

In November 1993, Plaintiff initiated his first lawsuit in this Court, *see Montford v. Metro Dade County, et al.*, No. 93-cv-02335, ECF No. [1] (S.D. Fla. Nov. 29, 1993), with Judge Federico Moreno presiding. *Id.* at ¶ 35. Plaintiff asserts that Magnetic Resonance Imaging, in response to a subpoena, refused to disclose all records of communication with Miami-Dade County concerning the medical appointment Plaintiff missed the day when he allegedly cashed the forged check. *Id.* at ¶ 37. During this proceeding, Plaintiff alleges that Judge Moreno failed to, and thereby refused, to apply discovery rules and helped to conceal the most material evidence. *Id.* at ¶ 38. Judge Moreno ultimately dismissed Plaintiff's complaint due to his failure to comply with the Court's deadlines. *See id.* Plaintiff appealed the dismissal, but Judges Lanier Anderson III, Gerald Bard Tjoflat, and Rosemary Barkett affirmed. *Id.* at ¶ 40. Plaintiff alleges that the Judges involved in this case conspired to prevent him from gathering any evidence to support his claim. *See id.* at ¶ 42-43.

Plaintiff filed subsequent suits and claims that Judges Joan Lenard, Federico Moreno, Jose Martinez, Marcia Cooke, Lanier Anderson III, Gerald Tjoflat, Rosemary Barkett, Frank Hull, Joel Dubina, Charles Wilson, Edward Carnes, Stanley Birch, Jr., William Zloch, and Joseph Farina — all Defendants in this action — engaged in a cover-up to conceal an unexplained conspiracy being perpetrated against him. *Id.* at ¶ 44-54. From 2003 to 2021, Plaintiff filed "Judicial Misconduct Complaints," alleging that the presiding judges refused to obey "The Superior Court Discovery Orders and every LAW involved." *Id.* at ¶ 52-53. In January 2021, Judge William Pryor barred any further lawsuits or complaints filed by Plaintiff. *Id.* at ¶ 56. From 2020 to 2023, Plaintiff requested Representative Frederica Wilson and Senator Marco Rubio to rectify the alleged judicial misconduct. *Id.* at ¶ 57.

Thereafter, on September 13, 2023, Plaintiff filed his Complaint in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, alleging violations of the Florida Constitution, 42 U.S.C. §§ 1983 and 1985, the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and the Civil Rights Act of 1964, § 701 *et seq.*, as amended by 42 U.S.C. § 2000e *et seq. See* ECF No. [1-3]. The Federal Defendants filed a Notice of Removal in this Court, arguing that Plaintiff's claims "relat[e] to actions taken by the identified Federal Defendants acting within their official capacity, and specifically in response to lawsuits filed by Plaintiff." ECF No. [1] at 3.

Plaintiff asserts eight Counts: (1) "Forced to Work in a Racially Hostile Work Environment Through Battery Related Fraud in Violation of 42 U.S.C. § 1983," (2) Conspiracy to Commit Battery Related Fraud in Violation of 42 U.S.C. § 1983, (3) Violations of the Americans with Disabilities Act, (4) Employment Discrimination in Violation of Title VII, (5) Denial of Due Process Through Racism in Violation of 42 U.S.C. § 1983, (6) Denial of Due Process Through Conspiracy in Violation of Title 42 U.S.C. § 1983, (7) "Denial of Due Process Through Lying and Thereby Racism in Violation of Title 42 U.S.C. § 1983 and Article I, sections two and nine of the Florida Constitution," and (8) Denial of Due Process Through Conspiracy in Violation of Title 42 U.S.C. § 1985(3) and the Florida Constitution.

### B.  Motions to Dismiss

The Federal Defendants move to dismiss on four bases: (1) the Court lacks subject matter jurisdiction because Plaintiff sues the Federal Defendants in their official capacities and there was no waiver of sovereign immunity; (2) the claims against Senator Rubio and Representative Wilson are precluded by legislative immunity; (3) the claims against the named federal judges are precluded by judicial immunity; and (4) the Complaint is an impermissible shotgun pleading. ECF

No. [9]. The Federal Defendants contend that although Plaintiff purports to bring his claims against them "individually," and in their official capacity, all the alleged actions are official capacity actions. *Id.*

The City of Coral Gables and Coral Gables Police Department move to dismiss on three grounds: (1) Plaintiff is barred from future filings by Judge Cooke's order; (2) Plaintiff's claims are barred by *res judicata*; and (3) Plaintiff's claims are barred under the statute of limitations. ECF No. [34].

The American Arbitration Association ("AAA") moves to dismiss on three bases: (1) Plaintiff's claims are barred by arbitral immunity; (2) the claims are barred by the statute of limitations; and (3) Plaintiff fails to state a plausible claim for relief. ECF No. [10].

Judge Fulgueira Elfenbein ordered Plaintiff to respond to the Motions, ECF No. [45]. Plaintiff filed a "Motion to Correct the Main Lie Stated in Magistrate Elfenbein's Order to Respond." ECF No. [58]. Plaintiff contends that his response is incorporated in his February 26, 2024 Motion to Strike. *Id.* However, the Motion to Strike contains no argument or response to the Motions. ECF No. [31].[6]

### C. Report and Recommendation

In her R&R, Magistrate Judge Fulgueira Elfenbein recommends that the Court grant the respective Motions to Dismiss, deny Plaintiff's pending *pro se* Motions, and dismiss Defendants Stanley Birch, Marcia G. Cooke, Joseph P. Farina, James Caruso, Robert Dube, Ted Bandstra, and

---

[6] On July 11, 2024, Plaintiff filed a "Motion Pursuant to Rule 60(a) to Correct the Report and Recommendation by Responding to the Correct Motions to Strike," and clarified that his purported response to the Motions to Dismiss are contained in ECF Nos. [54], [57], [58], and [69]. *See* ECF No. [89]. However, the Motion and responses contain similar arguments, urge the Court to enforce the "mandate," and do not address the Motions to Dismiss.

Miami-Dade Police Department as parties to this action pursuant to Federal Rule of Civil Procedure 4(m).

### D. Plaintiff's Objections to the R&R

Plaintiff objects that the R&R responds to the wrong docket entries and should respond to Plaintiff's "Motion to Jail Attorney: Maureen Donlan; and Christine Weistead for Dismissal Motion Perjury," ECF No. [54]; Motion to Strike Dismissal Motions, ECF No. [57]; and "2nd Motion to Jail Attorney Maureen Donlan for More Dismissal Motion Perjury," ECF No. [58]. Further, Plaintiff does not address the R&R's findings, but rather contends that the Motions should be stricken, and the Court should enforce the "Mandate." ECF No. [108].

## II. LEGAL STANDARDS

### A. Report and Recommendation

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001).

"It is improper for an objecting party to . . . [submit] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." *Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

### A. Motions to Dismiss

#### a. Federal Defendants' Motion to Dismiss

Plaintiff does not address the R&R's findings on whether Plaintiff's claims are barred, nor does he clarify whether Plaintiff sues the Federal Defendants in their official or individual capacities. Rather, Plaintiff contends that all judges who have presided over Plaintiff's cases have failed to enforce the "Mandate." ECF No. [108]. The Court need not reach whether the "Mandate," was enforced, because, as Judge Fulgueira Elfenbein correctly found, the Court lacks subject matter jurisdiction over Plaintiff's claims against the Federal Defendants. The Court agrees with the R&R's conclusion that Plaintiff sues the Federal Defendants in their official capacity. However, even assuming Plaintiff sues the Federal Defendants in their individual capacity, Plaintiff's claims are precluded by the doctrines of legislative and judicial immunity.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Absent proof of an express waiver of sovereign immunity, the court lacks subject matter

jurisdiction over cases against the federal government, including actions against a federal officer acting in their official capacity. *See, e.g.*, *Smith v. Scalia*, 2015 WL 13710107, at *1 (D.C. Cir. 2015) ("Appellant's claims appear to be based entirely on his dissatisfaction with acts taken by appellees in their capacity as judges, and he has identified no cause of action that allows him to bring any such claim."); *Rockefeller v. Bingaman*, 234 F. App'x 852, 855 (10th Cir. 2007) (concluding that sovereign immunity precluded suit against members of the Senate and House of Representatives because the Senator and Representative were acting in their official capacities).

Further, it is well established that judges are immune from civil actions challenging their judicial acts. *Smith,* 2015 WL 13710107, at *1; *Bush v. Washington Mut. Bank*, 177 F. App'x 16, 17 (11th Cir. 2006). Moreover, the Speech or Debate Clause of the United States Constitution "protects Members [of Congress] against prosecutions that directly impinge upon or threaten the legislative process." *Doe v. McMillan*, 412 U.S. 306, 311 (1973) (citations omitted); *see Gravel v. United States*, 408 U.S. 606, 624 (1972) (stating that legislative immunity bars civil suits based on anything generally done by members in a session of either the House or the Senate in relation to the business before it).

Here, Counts VII and VIII purport to state claims against the Federal Defendants for failing to enforce the "Mandate," and by not forwarding Plaintiff's Complaint to the "HJC." The Court agrees with the R&R that the claims against the Federal Defendants are for actions taken in their official capacity. ECF No. [80] at 10. Since the Complaint fails to address whether sovereign immunity was waived, *id.* at 10-11, the Court lacks subject matter jurisdiction over Plaintiff's claims against the Federal Defendants. Further, even if sovereign immunity was inapplicable, the Court agrees that Plaintiff's claims are precluded by legislative and judicial immunity, as the

Federal Defendants are comprised of federal judges and members of Congress. *See* ECF No. [1-3] at 20-25.

Accordingly, the Court finds that the R&R correctly applies the doctrine of sovereign immunity to this matter. Moreover, Plaintiff did not address, nor allege, a waiver of sovereign immunity. Therefore, there is no basis for overruling the R&R on this issue.[7]

### b. City of Coral Gables and Coral Gables Police Department's Motion to Dismiss

Plaintiff does not address the R&R's findings on the City of Coral Gables and Coral Gables Police Department's (collectively "the City") Motion to Dismiss. At the outset, the Court agrees with the R&R's determination that the City's first argument regarding Plaintiff's restricted filer status fails. As mentioned, Plaintiff's Complaint is beyond the scope of Judge Cooke's order as it bars Plaintiff from filings in this Court. However, here, the Complaint was removed from state court. *See* ECF No. [1].

Nevertheless, the R&R recommends that the City's Motion be granted because Plaintiff's claims against the City are precluded by *res judicata*. *Res judicata* applies if "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

The Court agrees with the R&R's determination that (1) Plaintiff's claims against the City have previously been dismissed for failure to state a claim; (2) the Court had federal question jurisdiction to adjudicate Plaintiff's prior claims against the City; (3) the City was a party in Plaintiff's prior suits; and (4) both this case, and Plaintiff's previously filed cases, relate back to

---

[7] As sovereign immunity, legislative immunity, and judicial immunity are dispositive of Plaintiff's claims against the Federal Defendants, the Court need not reach the issue of whether the Complaint is a shotgun pleading.

alleged discriminatory practices while employed with Miami-Dade County. ECF No. [80] at 14-16; *see Montford v. Metropolitan Dade County, et al.*, No. 98-CV-01305 (S.D. Fla. Sept. 21, 2001) (dismissing Plaintiff's claims against the City for failure to state a claim); *Montford v. Moreno, et al.*, No. 03-CV-23144 (S.D. Fla. Apr. 30, 2004); *Montford v. Farina, et al.*, No. 06-CV-20638 (S.D. Fla. Aug. 22, 2006); *Montford v. All Sup. Ct. Justs., et al.*, No. 08-CV-21778 (S.D. Fla. July 24, 2008). The Court agrees with the R&R that Counts V and VI against the City are barred by *res judicata* and affirms the R&R's finding in full.[8]

### c. American Arbitration Association's Motion to Dismiss

Plaintiff does not address the R&R's findings on the American Arbitration Association's ("AAA") Motion to Dismiss. The R&R recommends that the Motion be granted because arbitral immunity bars Plaintiff's claims against the AAA. Claims against arbitrators "are barred under the doctrine of arbitral immunity, which immunizes arbitrators, arbitration forums, their commercially sponsoring organizations, and their employees from civil liability for actions taken in connection with administering an arbitration." *Fernandez v. Wells Fargo Secs., LLC*, 2014 WL 11776952, at *2 (S.D. Fla. Dec. 29, 2014); *see Bradley v. Logue*, 2006 WL 2166722, at *3 (N.D. Ga. July 27, 2006) ("Courts have uniformly recognized the doctrine of arbitral immunity, finding that arbitrators and organizations that sponsor arbitrations are immune from civil liability for acts performed within the scope of the arbitral process."); Fla. Stat. Ann. § 682.051(1) ("An arbitrator or an arbitration organization acting in that capacity is immune from civil liability to the same extent as a judge of a court of this state acting in a judicial capacity.").

Counts V, VI, VII, and VIII assert claims against the AAA because the hearing officer allegedly blocked Miami-Dade County from answering material questions during arbitration. ECF

---

[8] As *res judicata* is dispositive of Plaintiff's claims against the City, the Court need not reach the issue of whether Plaintiff's claims are also barred by the statute of limitations.

No. [1-3] at 6, 17. The Court agrees with the R&R's finding that those decisions on admissibility fall within the scope of the arbitral process and are therefore covered by arbitral immunity. Accordingly, the Court adopts the R&R with respect to this issue.[9]

### d. Magnetic Resonance Institute's Motion to Dismiss

Plaintiff presents no specific objections to the R&R's findings on Magnetic Resonance Institute's ("MRI") Motion to Dismiss. The R&R recommends that Plaintiff's claims against MRI be dismissed with prejudice as they are barred by the statute of limitations. Plaintiff names MRI in Counts VII and VIII of the Complaint, alleging violations of the Florida Constitution and violations of 42 U.S.C. §§ 1983 and 1985(3). ECF No. [1-3] at 20-24. To file suit for violations of the Florida Constitution or 42 U.S.C. §§ 1983 and 1985(3), the plaintiff must file the action within four years of the claim's accrual. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. §§ 1983 and 1985."); Fla. Stat § 95.11(3)(o) (providing a four-year statute of limitations for "[a]ny action not specifically provided for in these statutes"). However, Plaintiff's claims relate back to 1993 when MRI allegedly failed to comply with a subpoena issued in *Montford v. Metro Dade County, et al.*, No. 93-cv-02335. *See* ECF No. [1-3] at 6-7. Therefore, as the R&R correctly determined, the four-year statute of limitations bars Plaintiff's Florida and federal claims. Accordingly, the Court adopts the R&R's conclusion on this issue.

### B. Plaintiff's *pro se* Motions

Plaintiff does not address the R&R's determination that Plaintiff is barred from filing in this Court. As the R&R indicated, Judge Cooke's order was clear: "The CLERK is directed that

---

[9] As arbitral immunity is dispositive of Plaintiff's claims against AAA, the Court need not reach the issue of whether Plaintiff's claims are also barred by the statute of limitations, or whether the Complaint states a claim for relief.

any paper received from Plaintiff John Montford, unless signed by an attorney admitted to practice before this Court, or unless leave to file has been granted, be rejected for filing." *Montford v. All Sup. Ct. Justs., et al.*, No. 08-CV-21778, ECF No. [28] at 2 (S.D. Fla. Aug. 8, 2008).

The Court maintained Plaintiff's designation as a restricted filer, and on July 17, 2024, entered the following Order:

> Plaintiff John Montford is ENJOINED from filing any future documents in this case (1:24-cv-20381-KMM), or any case within the Southern District of Florida, unless signed by an attorney admitted to practice before this Court, or unless leave to file has been granted. Any such future motions for leave to file: (1) shall not exceed two pages, (2) shall attach the proposed filing and explain why the proposed filing is not frivolous or an unsubstantiated attack on any previous order entered in this case, and, (3) shall certify, by affidavit and under penalty of perjury, that the proposed filing raises a new issue that has not already been rejected by the Court or the Eleventh Circuit. The Clerk of Court is further DIRECTED that any document received from Plaintiff John Montford (with the exception of motions for leave to file) shall be REJECTED unless signed by an attorney admitted to practice before this Court, or unless leave to file has been granted.

ECF No. [93]. The Court adopts the R&R's conclusion and denies each of Plaintiff's pending *pro se* Motions.

### C. Failure to Serve

Plaintiff does not address the R&R's recommendation on whether dismissal of certain Defendants is proper. Rule 4(m) of the Federal Rules of Civil Procedure provide that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant." *See Mochrie v. R.J. Reynolds Tobacco Co.*, 2016 WL 6681062, at *3 (M.D. Fla. Nov. 14, 2016) ("In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court." (citation omitted)).

The Court agrees with the R&R's determination that Plaintiff has failed to effectuate service on Defendants Stanley Birch, James Caruso, Marcia Cooke,[10] Robert Dube, Miami-Dade Police Department, and Ted Bandstra. As the R&R indicates, Plaintiff has failed to show good cause for his failure to serve, or for his request for an extension of time to serve them. Accordingly, the Court adopts the R&R on this point.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The R&R, **ECF No. [8]**, is **ADOPTED;**

2. Plaintiff's Objections, **ECF No. [108],** are **OVERRULED**;

3. The Federal Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim, **ECF No. [9],** is **GRANTED**. All claims against Defendants Chief Circuit Judge William H. Pryor, Jr., Senior Circuit Judge Gerald Tjoflat, Senior Circuit Judge Lanier Anderson III, Senior Circuit Judge Edward Carnes, Senior Circuit Judge Joel Dubina, Senior Circuit Judge James Edmondson, Senior Circuit Judge Frank Hull, Senior Circuit Judge Charles Wilson, Retired Circuit Judge Rosemary Barkett, and Clerk of Court David Smith of the United States Court of Appeals for the Eleventh Circuit; Senior District Judge William Zloch, Senior District Judge Joan Lenard, Senior District Judge Federico Moreno and District Judge Jose Martinez of the United States District Court for the Southern District of Florida; United States Senator Marco Rubio, and United States Representative Frederica Wilson, are **DISMISSED WITH PREJUDICE**;

4. Defendants City of Coral Gables and City of Coral Gables Police Department's Motion

---

[10] The Court dismisses Plaintiff's claims against Judges Marcia Cooke and Robert Dube with prejudice because "[a] deceased person cannot . . . be sued or be joined to a lawsuit." *Hencle v. Ditech Fin.*, 2021 WL 1397882, at *2 (S.D. Fla. Apr. 13, 2021) (quoting *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 950 (9th Cir. 2020)); ECF No. [79].

to Dismiss with Prejudice, **ECF No. [34],** is **GRANTED**. Plaintiff's claims against Defendants City of Coral Gables and Coral Gables Police Department are **DISMISSED WITH PREJUDICE**.

5. Defendant American Arbitration Association's Motion to Dismiss Plaintiff's Complaint, **ECF No. [10],** is **GRANTED**. Plaintiff's claims against Defendant American Arbitration Association are **DISMISSED WITH PREJUDICE**.

6. Defendant Magnetic Resonance Institute's Motion to Dismiss, **ECF No. [11],** is **GRANTED**. Plaintiff's claims against Defendant Magnetic Resonance Institute are **DISMISSED WITH PREJUDICE**.

7. Plaintiff's pending pro se Motions, **ECF Nos. [14], [15], [18], [19], [21], [22], [23], [24], [25], [26], [27], [28], [29], [30], [31], [32], [35], [36], [37], [38], [39], [40], [41], [42], [52], [53], [54], [55], [57], [58], [60], [64], [66], [67], [68], [69],** are **DENIED** for violating the Honorable Marcia G. Cooke's order designating Plaintiff a restricted filer, *Montford v. All Supreme Court Justices, et al.*, No. 08-CV-21778, ECF No. [28] (S.D. Fla. Aug. 8, 2008). *See also* ECF No. [93].

8. Plaintiff's Motion for a 60-Day Extension of Time to Serve the Unserved Defendants, **ECF No. [63],** is **DENIED**. Defendants Stanley Birch, Ted Bandstra, Joseph P. Farina, James Caruso, Robert Dube, and Miami-Dade Police Department are **DISMISSED WITHOUT PREJUDICE** as Parties to this action pursuant to Federal Rule of Civil Procedure Rule 4(m). All claims against Defendants Judge Marcia G. Cooke and Robert Dube are **DISMISSED WITH PREJUDICE**. *See* ECF No. [79].

9. Defendant Ted Bandstra's Motion for Enlargement of Time to respond to the Complaint, **ECF No. [71],** is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 14, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

John Montford
2241 NW 188 Terrace
Miami, FL 33056
305-588-4250