UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-20381-BLOOM/Lett

JOHN MONTFORD,

    Plaintiff,

v.

WILLIAM H. PRYOR, JR., *et al.*,

    Defendant.

_____/

## ORDER ON MOTION TO QUASH SERVICE OF PROCESS

**THIS CAUSE** is before the Court upon Defendant Miami-Dade County's ("Miami-Dade County" or "the County") Motion to Quash Service of Process, Vacate Orders, and Set Aside Clerk's Entry of Default and Incorporated Memorandum of Law ("Motion"), ECF No. [82]. Plaintiff filed a Motion to Deny the Motion to Quash, which the Court construes as Plaintiff's Response, ECF No. [91]. The Motions were referred to United States Magistrate Judge Marty Fulgueira Elfenbein for a Report and Recommendation ("R&R"), ECF No. [43].

On September 18, 2024, Judge Fulgueira Elfenbein issued an R&R, ECF No. [113], recommending that the County's Motion be granted. Plaintiff filed his Objections, ECF No. [117], to which Miami-Dade County filed a Response, ECF No. [118]. The Court has conducted a *de novo* review of the R&R and the Objections in accordance with 28 U.S.C. § 636(b)(1)(C). *See Williams v. McNeil*, 577 F.3d 1287, 1291 (11th Cir. 2009). The Court has considered the Motions, the R&R, the Objections, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Court overrules Plaintiff's Objections and adopts the R&R in full.

Case No. 24-cv-20381-BLOOM/Lett

## I. BACKGROUND

### A. Procedural History

The Court assumes the parties' familiarity with the facts of this case and adopts the procedural history contained in the R&R, as well as in this Court's prior Order. *See* ECF Nos. [113], [126].

On April 30, 2024, Judge Fulgueira Elfenbein entered an Order to Serve, requiring Plaintiff to serve eight named Defendants, including Miami-Dade County. ECF No. [59]. Thereafter, Plaintiff filed a return of service (the "Return of Service") that ostensibly represented that he served Miami-Dade County. ECF No. [63] at 2-3. Judge Fulgueira Elfenbein then ordered Plaintiff to move for a Clerk's entry of default against Miami-Dade County, ECF No. [70], to which Plaintiff complied, ECF No. [72]. After the Clerk's Entry of Default, ECF No. [74], Judge Fulgueira Elfenbein entered an order instructing Plaintiff on the requirements to file a motion for default judgment, ECF No. [81].

Miami-Dade County moves to (1) vacate the Court's orders instructing Plaintiff on default procedures and the Clerk's Entry of Default, ECF Nos. [70], [74], [81]; and (2) quash the attempted service of process because Plaintiff failed to properly effectuate service, ECF No. [63].

Plaintiff responds that "a [s]worn officer says that Dade County was served on 1/24/24 and return of service was made on 2/1/24." ECF No. [91] at 1. Plaintiff claims that therefore, Miami-Dade County is "barred from being granted any Motion to Quash." *Id.*

### B. Report and Recommendation

In her R&R, Magistrate Judge Fulgueira Elfenbein recommends that the Court grant the County's Motion to Quash Service of Process, vacate the Clerk's Entry of Default, and dismiss Miami-Dade County as a party to this action pursuant to Federal Rule of Civil Procedure 4(m).

**C. Objections to the R&R**

Plaintiff objects that any failure to effectuate service was the fault of the County, and Plaintiff should not be held responsible. ECF No. [117]. Further, Plaintiff again requests that the Court consider his prior Motions.[1] *Id.* The remainder of Plaintiff's Objections focus on Judge Fulgueira Elfenbein's previous Report & Recommendation, which this Court adopted on November 14, 2024. ECF No. [126]. Miami-Dade County responds that none of Plaintiff's Objections demonstrate good cause for his failure to serve the County. ECF No. [118].

## II. LEGAL STANDARD

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001).

"It is improper for an objecting party to . . . [submit] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers

---

[1] The Court denied each of Plaintiff's *pro se* Motions in its November 15, 2024 Order. *See* ECF No. [126].

submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." *Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

**III.   DISCUSSION**

**A.  Miami-Dade County's Motion to Quash Service of Process**

Plaintiff contends that the process server who was to serve the County was in the right place. ECF No. [117] at 2. Plaintiff argues that any defect of service should not be attributed to him because the process server should have figured out who would accept the summons for the County. *Id.* Miami-Dade County responds that the Court should overrule the Objections because regardless of Plaintiff's arguments, he failed to effectuate service on the County. ECF No. [118] at 1. The County further highlights that the Return of Service shows that Plaintiff served the City of Miami, not the County. *Id.* at 1-2.

As the R&R correctly points out, Plaintiff's service on Miami-Dade County is deficient for three reasons. First, Plaintiff failed to comply with Federal Rule of Civil Procedure 4(l)(1), which states, "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." An employee of Miami-Dade Police Department's Court Services Section was responsible for serving the County. ECF No. [63] at 3. Thus, Plaintiff was required to provide the Court with the process server's affidavit supporting service on the County. Plaintiff failed to provide such an affidavit, rendering Plaintiff's service on Miami-Dade deficient under Rule 4(l)(1).

Second, the Return of Service shows that Plaintiff served the City of Miami, not the County. To serve a local government, Plaintiff must deliver "a copy of the summons and of the complaint to its chief executive officer" or serve "a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A)-(B). In Florida, "[p]rocess against . . . any county which has a governing board, council, or commission or which is a body corporate shall be served . . . on the registered agent[.]" Fla. Stat. § 48.111(1)(a). Here, the Return of Service states that "ARTHUR NORIEGA V." accepted service at "444 SW 2 AVE #10 MIAMI, FL 33130[.]" ECF No. [63] at 3. As the R&R highlights, Arthur Noriega works for the City of Miami and not the County. ECF No. [113] at 7.

Finally, even if Miami-Dade County employed Arthur Noriega, the process server provided Noriega with the Summons but *not* the Complaint. *See* Fed. R. Civ. P. 4(j)(2)(A). The Court agrees with the R&R that service was deficient and fails to comply with Rule 4. The Court further agrees that Miami-Dade County established good cause to vacate the Clerk's Entry of Default. *See* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause[.]"); *Jones v. Harrell*, 858 F.2d 667, 668-69 (11th Cir. 1988) (explaining that a district court did not abuse its discretion by setting aside a clerk's default when a defendant "had made a bare minimum showing to support relief under Rule 55(c)"). Accordingly, the Court affirms the R&R's findings in full and overrules Plaintiff's Objections.

### B. Failure to Serve

Plaintiff does not address the R&R's recommendation on whether dismissal of Miami-Dade County is proper. Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that

defendant." *See Mochrie v. R.J. Reynolds Tobacco Co.*, 2016 WL 6681062, at *3 (M.D. Fla. Nov. 14, 2016) ("In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court." (citation omitted)).

The Court agrees with the R&R's determination that Plaintiff failed to effectuate service on Miami-Dade County. As the R&R indicates, Plaintiff also failed to show good cause for his failure to properly serve. Accordingly, the Court adopts the R&R on this point.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The R&R, **ECF No. [113]**, is **ADOPTED;**
2. Plaintiff's Objections, **ECF No. [117],** are **OVERRULED**;
3. Defendant Miami-Dade County's Motion to Quash Service of Process, Vacate Orders, and Set Aside Clerk's Entry of Default, **ECF No. [82]**, is **GRANTED**.
4. Plaintiff's Motion to Deny the Motion to Quash, **ECF No. [91]**, is **DENIED**.
5. The Clerk's Entry of Default as to Defendant Miami-Dade County, **ECF No. [74]**, is **VACATED**.
6. Defendant Miami-Dade County is **DISMISSED WITHOUT PREJUDICE** as a party to this action pursuant to Federal Rule of Civil Procedure Rule 4(m).
7. The Clerk of Court is directed to **CLOSE** this case. If Plaintiff files a new Complaint, he must do so by opening a new case.
8. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

Case No. 24-cv-20381-BLOOM/Lett

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 18, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

      John Montford
      2241 NW 188 Terrace
      Miami, FL 33056
      305-588-4250