UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-20381-BLOOM/Lett

JOHN MONTFORD,

    Plaintiff,

v.

WILLIAM H. PRYOR, JR., *et al.*,

    Defendant.

_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court upon Defendant John Montford's (1) Motion for Leave to File a Rule 60(a) Motion, ECF No [129]; (2) Motion for Leave to File Motion Pursuant to Rule 60(d)(3) to Quash the Illegal Restricted Filer Status, ECF No. [131]; (3) "Motion for Lying Judge Beth 'Bloom' to Finally Start Talking About What the Case Is About so this Breaking of Laws can Stop," ECF No. [132]; (4) Motion for Leave to File Motion to Strike the Report and Recommendation for Lying Throughout, ECF No. [133]; (5) Motion for Leave to File Motion to Stop Proceedings Until 12/5/25 Motion to Quash Are Responded to, ECF No. [134]; and (6) "Motion for Leave to File Plaintiffs' Motion for Lying Judge Beth 'Bloom' to Stop Lying so this Breaking of the Laws can Stop," ECF No. [135]. The Court has reviewed the Motions, the record, and is otherwise fully advised. For the reasons set forth below, the Motions are denied.

At the outset, the Court finds no basis to warrant reconsideration of its prior ruling because Defendant has shown no "intervening change in controlling law, new evidence, or need to correct clear error or manifest injustice to warrant reconsideration." *United States v. Nunez*, 2020 WL 5569522, at *1 (M.D. Fla. Sept. 17, 2020); *see also Smith v. Ocwen Fin.*, 488 F. App'x 426, 428

(11th Cir. 2012) ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007))).

Further, the Court maintains Plaintiff's status as a restricted filer. On August 8, 2008, United States District Judge Marcia G. Cooke barred Plaintiff from filing any documents in this Court "unless signed by an attorney admitted to practice before this Court, or unless leave to file has been granted." *Montford v. All Supreme Court Justices, et al.*, No. 08-CV-21778, ECF No. 28 at 2 (S.D. Fla. Aug. 8, 2008). Thereafter, on July 17, 2024, United States District Judge K. Michael Moore maintained Plaintiff's status as a restricted filer and enjoined him from any future filings in this Court unless signed by an attorney admitted to practice before this Court, or if leave to file is granted.

> Any such future motions for leave to file: (1) shall not exceed two pages, (2) shall attach the proposed filing and explain why the proposed filing is not frivolous or an unsubstantiated attack on any previous order entered in this case, and, (3) shall certify, by affidavit and under penalty of perjury, that the proposed filing raises a new issue that has not already been rejected by the Court or the Eleventh Circuit.

ECF No. [93].

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. . . . The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). "Every paper filed with the Clerk . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources." *In re McDonald*, 489 U.S. 180, 184 (1989). "As such, courts have inherent authority to place reasonable restrictions on a *pro se* litigant's access to the courts in order to curb abusive litigation practices and conserve judicial resources. The only restriction is

that a litigant cannot be 'completely foreclosed from any access to the court.'" *Gupta v. Walt Disney Co.*, 2024 WL 3738825, at *5 (M.D. Fla. 2024) (quoting *Procup*, 792 F.2d at 1074) (internal citations omitted). Thus, district courts have considerable discretion when designing an anti-filing injunction. *Procup*, 792 F.2d at 1073; *see also Brewer v. U.S.*, 614 F. App'x 426, 428 (11th Cir. 2015) (outlining the restrictions courts have placed on restricted filers).

Plaintiff has failed to demonstrate any reason to overturn his status as a restricted filer. Instead, Plaintiff continues to file meritless motions and make baseless accusations against the Court. *See* ECF No. [132]; [133]; [135]. Those filings are in addition to Plaintiff's long history of vexatious litigation in this Court. *See Montford v. Metro Dade County, et al.*, No. 93-CV-02335 (Moreno, J.); *Montford v. Child Support Div., et al.*, No. 96-CV-02793 (Moreno, J.); *Montford v. Metro Dade County, et al.*, No. 97-CV-01585 (Highsmith, J.), *Montford v. Metropolitan Dade County, et al.*, No. 98-CV-01305 (Moreno, J.); *Montford v. Metropolitan Dade, et al.*, No. 99-CV-01262 (Ungaro, J.); *Montford v. Moreno, et al.*, No. 03-CV-23144 (Lenard, J.); *Montford v. Farina, et al.*, No. 06-CV-20638 (Martinez, J.); *Montford v. All Supreme Court Justices, et al.*, No. 08-CV-21778 (Cooke, J.). Therefore, the Clerk of the Court is instructed to maintain Plaintiff's status as a restricted filer.

I. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motions**, ECF No. [129], [131], [132], [133], [134], and [135],** are **DENIED**.

2. Plaintiff is **ENJOINED** from filing any future documents in this case, or any case within the Southern District of Florida, unless signed by an attorney admitted to practice before this Court, or unless leave to file has been granted. Any such future motions for leave to file: (1) shall not exceed two pages, (2) shall attach the proposed

filing and explain why the proposed filing is not frivolous or an unsubstantiated attack on any previous order entered in this case, and, (3) shall certify, by affidavit and under penalty of perjury, that the proposed filing raises a new issue that has not already been rejected by the Court or the Eleventh Circuit.

3. The Clerk of Court is further **DIRECTED** that any document received from Plaintiff John Montford (with the exception of motions for leave to file) shall be **REJECTED** unless signed by an attorney admitted to practice before this Court, or unless leave to file has been granted.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 24, 2024.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

cc: counsel of record